IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS (also known as the KICKAPOO TRIBE IN KANSAS), | |
| *Plaintiff,* | |
| *v.* | Civil Action No. 06-2248-CM-DJW |
| BRUCE I. KNIGHT, in his official capacity as Chief, NATURAL RESOURCES CONSERVATION SERVICE, UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | |
| *Defendants.* | |

**ANSWER OF DEFENDANTS DEXTER DAVIS, WAYNE HEINIGER, GLENN HENNIGAN, LEO WESSEL, RODNEY LIERZ, JIM RENYER, ROGER PLOEGER, DAVID ZEIT, RODNEY HEINEN, NEMAHA BROWN JOINT WATERSHED DISTRICT NO. 7, GREG A. FOLEY, AND KANSAS STATE CONSERVATION COMMISSION, STATE OF KANSAS**

Defendants Dexter Davis, Wayne Heiniger, Glenn Hennigan, Leo Wessel, Rodney Lierz, Jim Renyer, Roger Ploeger, David Zeit, Rodney Heinen, Nemaha Brown Watershed Joint District No. 7, Greg A. Foley, and Kansas State Conservation Commission, State of Kansas, hereinafter collectively referred to as "these defendants," answer plaintiff's Complaint herein as follows:

1.     These defendants do not have enough information to determine the truth of the allegations of the first six sentences of Paragraph 1 of the Complaint

and therefore deny them; these defendants deny the allegations of the seventh sentence of that paragraph.

2.   These defendants admit that the allegations of the first sentence of Paragraph 2 of the Complaint describe some of plaintiff's contentions herein and some of plaintiff's requested relief but deny that those contentions are true and deny that plaintiff is entitled to the requested relief; these defendants deny the allegations of the second sentence of that paragraph.

3.   These defendants admit that the allegations of the first, second, and fourth sentences of Paragraph 3 of the Complaint describe some of plaintiff's contentions herein and some of plaintiff's requested relief but deny that those contentions are true and deny that plaintiff is entitled to the requested relief; these defendants deny the allegations of the third sentence of that paragraph.

4.   These defendants admit the allegations of the first sentence of Paragraph 4 of the Complaint and deny the allegations of the second sentence of that paragraph.

5.   These defendants deny the allegations of Paragraph 5 of the Complaint.

6.   These defendants admit that the allegations of Paragraph 6 of the Complaint (including its eight subparagraphs a–h) describe some of plaintiff's contentions herein, some of plaintiff's requested relief, and some of the ostensible legal bases for plaintiff's claims, but deny that those contentions are true, deny that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1362, deny that plaintiff has stated legal bases for its claims or that such legal bases exist, and deny that plaintiff states a claim upon which relief can be granted.

7.    These defendants admit that the allegations of Paragraph 7 of the Complaint describe some of plaintiff's contentions herein, but deny that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2).

8.    These defendants admit that the allegations of Paragraph 8 of the Complaint describe some of plaintiff's contentions herein, but deny that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367 and in the alternative assert that this Court may and should decline to exercise jurisdiction over any supplemental claims.

9.    These defendants admit that plaintiff sent a letter to defendant Knight as described in the first sentence of Paragraph 9 of the Complaint but deny that the described allegations in the letter are true; these defendants do not have enough information to determine the truth of the other allegations of that paragraph, and therefore deny them.

10.    These defendants do not have enough information to determine the truth of the allegations of Paragraph 10 of the Complaint and therefore deny them.

11.    These defendants do not have enough information to determine the truth of the allegations of Paragraph 11 of the Complaint and therefore deny them.

12.    These defendants admit the allegations of Paragraph 12 of the Complaint.

13.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 13 of the Complaint and therefore deny them.

14.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 14 of the Complaint and therefore deny them.

15.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 15 of the Complaint and therefore deny them.

16.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 16 of the Complaint and therefore deny them.

17.   These defendants deny the allegations of Paragraph 17 of the Complaint.

18.   These defendants admit that Knight is Chief of the NRCS and that the predecessor to the NRCS, the Soil Conservation Service ("SCS"), was a party to the document described by plaintiff as "the 1994 UDT Watershed Agreement," but these defendants do not have enough information to determine the truth of the other allegations of Paragraph 18 of the Complaint and therefore deny them.

19.   These defendants admit that NCRS and SCS have for years implemented watershed development and flood prevention programs in the area described and elsewhere but these defendants do not have enough information to determine the truth of the other allegations of Paragraph 19 of the Complaint and therefore deny them.

20.   These defendants deny the allegations of Paragraph 20 of the Complaint, and in particular deny that defendant Nemaha Brown has any obligation to condemn Plum Creek project lands.

21.   These defendants deny the allegations Paragraph 21 of the Complaint.

22.   These defendants admit that the allegations of that Paragraph 22 of the Complaint describe some of plaintiff's contentions herein but deny that those contentions are true.

23.   These defendants admit that the allegations of Paragraph 23 of the Complaint describe some of plaintiff's contentions herein but deny that those contentions are true.

24.   These defendants state that the treaties and statutes referenced in Paragraph 24 of the Complaint speak for themselves and deny that plaintiff has fairly or accurately summarized the federal government's obligations to plaintiff under those treaties and statutes or under other law.

25.   These defendants admit that the BIA provided about $150,000 in funding for feasibility studies but these defendants do not have enough information to determine the truth of the other allegations of Paragraph 25 of the Complaint and therefore deny them.

26.   These defendants admit that Nemaha Brown was established under the laws of the State of Kansas for various specified purposes, but deny that plaintiff has in Paragraph 26 of the Complaint fairly or accurately summarized the cited statutes, state that the cited statutes speak for themselves, deny the other allegations of that paragraph, and, in particular, deny that Nemaha Brown entered into a partnership, formal or otherwise, with plaintiff.

27.   These defendants admit that plaintiff and some of the defendants signed a document described by plaintiff as the "1994 UDT Watershed Agreement" but deny the other allegations of Paragraph 27 of the Complaint.

28.   These defendants admit the allegations of the first sentence of Paragraph 28 of the Complaint and admit that the allegations of the second sentence of that paragraph describe some of plaintiff's contentions herein but deny that those contentions are true.

29.   These defendants deny the allegations of the first and third sentences of Paragraph 29 of the Complaint; these defendants do not have enough information to determine the truth of the allegations of the second sentence of that paragraph and therefore deny them.

30.   These defendants deny the allegations of Paragraph 30 of the Complaint.

31.   These defendants do not have enough information to determine the truth of the allegations of the first sentence of Paragraph 31 of the Complaint and therefore deny them, but admit the allegations of the second sentence of that paragraph.

32.   These defendants state that the statutes cited in the first sentence of Paragraph 32 of the Complaint speak for themselves, deny that plaintiff has fairly or accurately summarized the obligations those cited statutes and others place upon the KSCC, admit the allegations of the second sentence of that paragraph but deny that those allegations are significant, and deny the allegations of the third sentence of that paragraph.

33.   These defendants deny the allegations of the first sentence of Paragraph 33 of the Complaint but admit the allegations of the second sentence of that

paragraph; these defendants do not have enough information to determine the truth of the allegations of the third sentence of that paragraph, and therefore deny them.

34.   These defendants admit that defendants Swearingen and Burdick and their districts at various times have had working agreements or understandings with KSCC and have communicated with KSCC; these defendants do not have enough information to determine the truth of the other allegations of Paragraph 34 of the Complaint and therefore deny them.

35.   These defendants admit that defendants Swearingen and Burdick and their districts are obliged not to violate applicable state or federal law but deny that plaintiff has fairly or accurately summarized those defendants' legal obligations and deny the other allegations of Paragraph 35 of the Complaint.

36.   These defendants admit that plaintiff and some of the named defendants signed the document described by plaintiff as "the UDT Agreement" at about the time stated in Paragraph 36 of the Complaint but deny that all the named defendants were parties thereto; defendants do not have enough information to determine the truth of that paragraph's allegations with respect to approval and ratification by the United States Congress and therefore deny them.

37.   These defendants state that document described by plaintiff as "the UDT Agreement" speaks for itself and deny that plaintiff has fairly or accurately summarized its provisions in Paragraph 37 of the Complaint.

38.   These defendants admit the allegations of Paragraph 38 of the Complaint that plaintiff has certain rights often referred to as *Winters* rights but deny that plaintiff has fairly or accurately summarized the nature or extent of

those rights and deny the allegations of the fourth and fifth sentences of that paragraph; these defendants do not have enough information to determine the truth of the other allegations of that paragraph and therefore deny them.

39.   These defendants deny the allegations of Paragraph 39 of the Complaint.

40.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 40 of the Complaint and therefore deny them.

41.   These defendants deny the allegations of Paragraph 41 of the Complaint.

42.   These defendants admit the allegations of the second sentence of Paragraph 42 of the Complaint but deny the allegations of the first and third sentences of that paragraph.

43.   These defendants deny the allegations of Paragraph 43 of the Complaint.

44.   These defendants deny the allegations of Paragraph 44 of the Complaint.

45.   These defendants deny the allegations of Paragraph 45 of the Complaint.

46.   These defendants admit the allegations of Paragraph 46 of the Complaint but state in addition that the described measures have also benefited plaintiff and other Indian landowners of the Watershed.

47.   These defendants admit that plaintiff has at various times since 1983 stated that it desired to construct the Plum Creek project but deny the other allegations of Paragraph 47 of the Complaint.

48.   These defendants deny the allegations of the first sentence of Paragraph 48 of the Complaint but admit the allegations of the second sentence of that paragraph.

49.   These defendants deny the allegations of Paragraph 49 of the Complaint.

50.   These defendants deny the allegations of Paragraph 50 of the Complaint.

51.   These defendants deny the allegations of Paragraph 51 of the Complaint.

52.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 52 of the Complaint and therefore deny them.

53.   These defendants do not have enough information to determine the truth of the allegations of the first four sentences of Paragraph 53 of the Complaint and therefore deny them; these defendants deny the allegations of the fifth sentence of that paragraph.

54.   These defendants admit that in 2003 there was a drought and that plaintiff trucked water to the Reservation, but these defendants do not have enough information to determine the truth of the other allegations of Paragraph 54 of the Complaint and therefore deny them.

55.   These defendants admit that water resources are generally greater in the Great Lakes region than in Northeast Kansas but deny the other allegations of Paragraph 55 of the Complaint.

56.   These defendants deny the allegations of Paragraph 56 of the Complaint.

57.   These defendants admit the allegations of the first sentence of Paragraph 57 of the Complaint and admit that plaintiff operates a school; these defendants do not have enough information to determine the truth of the other allegations of that paragraph and therefore deny them.

58.   These defendants admit the allegations of the first sentence of Paragraph 58 of the Complaint but do not have enough information to determine the truth of other allegations of that paragraph and therefore deny them.

59.   These defendants admit the allegations of Paragraph 59 of the Complaint.

60.   These defendants admit that the United States under some circumstances has an affirmative obligation to protect plaintiff's *Winters* rights but deny that the United States has such an obligation under the facts of this case, deny that plaintiff has fairly or adequately summarized its *Winters* rights, and deny the other allegations of Paragraph 60 of the Complaint.

61.   These defendants admit the allegations of the fourth sentence of Paragraph 61 of the Complaint, admit that plaintiff obtained about $150,000 in funding from the BIA for watershed planning, deny the allegations of the first, second, and third sentences of that paragraph, and do not have enough information to determine the truth of the other allegations of that paragraph and therefore deny them.

62.   These defendants admit the allegations of Paragraph 62 of the Complaint.

63.   These defendants admit the allegations of Paragraph 63 of the Complaint.

64.   These defendants state that the minutes cited in the first sentence of Paragraph 64 of the Complaint speak for themselves and deny that plaintiff has fairly or accurately summarized those minutes; defendants deny the allegations of the second sentence of that paragraph.

65.   These defendants admit the allegations of Paragraph 65 of the Complaint.

66.   These defendants admit that plaintiff and some of the defendants executed the document described by plaintiff as "the UDT Agreement," but deny that the State of Kansas was a party, state that the document speaks for itself, and deny that plaintiff has fairly or accurately summarized the document in Paragraph 66 of the Complaint.

67.   These defendants admit that an EIS was signed, but deny that all stated parties were parties thereto, state that the EIS speaks for itself, and deny that plaintiff has fairly or accurately summarized the EIS in Paragraph 67 of the Complaint.

68.   These defendants deny the allegations of Paragraph 68 of the Complaint.

69.   These defendants admit the allegations of the first and third sentence of Paragraph 69 of the Complaint to the extent that they describe the planned characteristics and funding of the Plum Creek reservoir, but deny those allegations to the extent that they state or imply that the Plum Creek reservoir now exists or has been funded; these defendants deny the allegations of the second sentence of that paragraph.

70.   These defendants admit the allegations of Paragraph 70 of the Complaint.

71.   These defendants admit the allegations of the first sentence of Paragraph 71 of the Complaint; these defendants do not have enough information to determine the truth of the allegations of the second sentence of that paragraph and therefore deny them.

72.   These defendants state that the document described by plaintiff as "the UDT Agreement"  speaks for itself, and deny that plaintiff has fairly or accurately

summarized that document in Paragraph 72 of the Complaint; in particular, these defendants deny that that document obligates defendant Nemaha Brown to condemn lands for the Plum Creek project, and state that the document calls for those lands to be acquired by and paid for by plaintiff (with some federal assistance), not defendant Nemaha Brown.

73.   These defendants deny the allegations of Paragraph 73 of the Complaint.

74.   These defendants deny the allegations of Paragraph 74 of the Complaint to the extent that they state or imply that defendant Nemaha Brown opposed the development of the Plum Creek project or intended not to carry out activities covered by the described permit, but otherwise admit the allegations of that paragraph.

75.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 75 of the Complaint and therefore deny them.

76.   These defendants deny the allegations of Paragraph 76 of the Complaint.

77.   These defendants do not have enough information to determine the truth of the allegations of the first sentence of Paragraph 77 of the Complaint and therefore deny them; these defendants deny the allegations of the second sentence of that paragraph.

78.   These defendants deny the allegations of Paragraph 78 of the Complaint.

79.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 79 of the Complaint and therefore deny them.

80.   These defendants admit that on about the date stated in Paragraph 80 of the Complaint plaintiff met with members of the Nemaha Brown board and that various means of obtaining land rights for the Plum Creek project were discussed in that meeting; these defendants deny that defendant Nemaha Brown has any contractual commitment or obligation to condemn land for the Plum Creek project and deny that Nemaha Brown board members expressed no reluctance to condemn land for the project.

81.   These defendants admit that plaintiff obtained appraisals and made offers to purchase land for the Plum Creek project; these defendants do not have enough information to determine the truth of the other allegations of Paragraph 81 of the Complaint and therefore deny them.

82.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 82 of the Complaint and therefore deny them.

83.   These defendants deny the allegations of Paragraph 83 of the Complaint.

84.   These defendants admit the allegations of the first two sentences of Paragraph 84 of the Complaint but deny the allegations of the third sentence of that paragraph.

85.   These defendants admit the allegations of Paragraph 85 of the Complaint.

86.   These defendants deny the allegations of Paragraph 86 of the Complaint.

87.   These defendants admit that Cadue sent a letter to Davis on about the date stated in Paragraph 87 of the Complaint, state that that letter speaks for itself, deny that plaintiff has fairly or accurately summarized the letter, and deny that

defendant Nemaha Brown's Board has commitments or obligations to condemn land for the Plum Creek Project; these defendants do not have enough information to determine the truth of plaintiff's allegations that copies of all letters of offer made to fee land owners were attached to the letter Cadue sent to Davis and therefore deny those allegations.

88.   These defendants deny the allegations of the first, second, and fifth sentences of Paragraph 88 of the Complaint, but admit the allegations of the third and fourth sentences of that paragraph.

89.   These defendants deny the allegations of Paragraph 89 of the Complaint.

90.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 90 of the Complaint, and therefore deny them.

91.   These defendants admit that NRCS, SCS, KSCC and the four County Conservation Districts have at various times since 1994 been involved in the planning and development of many flood retention dam projects under state and federal cost-share programs, but deny the other allegations of Paragraph 91 of the Complaint.

92.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 92 of the Complaint and therefore deny them.

93.   These defendants admit the allegations of the first sentence of Paragraph 93 of the Complaint, deny the allegations of the third sentence of that paragraph, and do not have enough information to determine the truth of the allegations of the second sentence of that paragraph and therefore deny them.

94.   These defendants deny the allegations of Paragraph 94 of the Complaint.

95.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 95 of the Complaint and therefore deny them.

96.   These defendants admit that EQIP funds have been used to pay for improvements upriver from the Kickapoo reservation but deny the other allegations of Paragraph 96 of the Complaint.

97.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 97 of the Complaint and therefore deny them, except that these defendants admit that NRCS uses the term "ponds" to refer to some water impoundments that it funds.

98.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 98 of the Complaint and therefore deny them.

99.   These defendants do not have enough information to determine the truth of the allegations of Paragraph 99 of the Complaint and therefore deny them.

100. These defendants admit the allegations of Paragraph 100 of the Complaint.

101. These defendants deny the allegations of Paragraph 101 of the Complaint.

102. These defendants deny the allegations of Paragraph 102 of the Complaint to the extent that they state or imply that KSCC has not actually administered federal and state programs to improve water quality, reduce soil

erosion, conserve water and reduce flood potential and to the extent that they state or imply that KSCC is the only entity with administrative responsibility over Kansas watershed and conservation laws, but these defendants otherwise admit the allegations of that paragraph.

103. These defendants admit the allegations of the second and fourth sentences of Paragraph 103 of the Complaint, deny the allegations of the first and fifth sentences of that paragraph, and do not have enough information to determine the truth of the allegations of the third sentence of that paragraph and therefore deny them.

104. These defendants do not have enough information to determine the truth of the allegations of Paragraph 104 of the Complaint and therefore deny them.

105. These defendants do not have enough information to determine the truth of the allegations of Paragraph 105 of the Complaint that plaintiff has not inspected all relevant KSCC records, and therefore deny those allegations; defendants admit that water-restricting dams and impoundments, land terraces, and the like have been built with the assistance of KSCC funding since 1991, but deny the other allegations of that paragraph.

106. These defendants admit the allegations of Paragraph 106 of the Complaint.

107. These defendants deny the allegations of Paragraph 107 of the Complaint.

108. These defendants do not have enough information to determine the truth of the allegations of Paragraph 108 of the Complaint and therefore deny them.

109. These defendants deny the allegations of Paragraph 109 of the Complaint.

110. These defendants deny the allegations of Paragraph 110 of the Complaint.

111. These defendants do not have enough information to determine the truth of the allegations of Paragraph 111 of the Complaint and therefore deny them.

112. These defendants admit that the five-year plan mentions site 28-10B and that the site involves land in which David Eisenbise had an interest; state that the minutes and five-year plan described in Paragraph 112 speak for themselves, and deny that plaintiff has fairly or accurately described that plan or minutes; these defendants to not have enough information to determine the truth of the other allegations of that paragraph and therefore deny them.

113. These defendants admit that Rick Meggison built some EQIP ponds on his property, state that the minutes described in Paragraph 113 of the Complaint speak for themselves, and deny that plaintiff has accurately quoted those minutes or has accurately summarized them or the events they describe; these defendants deny the other allegations of that paragraph.

114. These defendants state that the records described in Paragraph 114 of the Complaint speak for themselves; these defendants deny that plaintiff has fairly or accurately summarized those records and deny the allegations of that paragraph

to the extent that they state that Nemaha Brown was an "active partner" in 53 dam projects and to the extent that those allegations state or imply that defendant Nemaha Brown has acted contrary to or in derogation of the provisions of the document described by plaintiff as "the UDT Agreement."

115. These defendants deny the allegations of Paragraph 115 of the Complaint, particularly to the extent that they state or imply that defendant Nemaha Brown has acted contrary to or in derogation of the documents described by plaintiff as "the UDT Agreement" and the "Supplemental Watershed Agreement" and to the extent they state or imply that defendant Nemaha Brown and its board members have acted "behind the scenes" rather than openly and publicly.

116. These defendants answer Paragraph 116 of the Complaint as stated in their above responses to Paragraphs 1–115 of the Complaint and incorporate those responses by reference.

117. These defendants admit that plaintiff has rights often described as *Winters* rights but deny that plaintiff has fairly or accurately described the nature or extent of its *Winters* rights in Paragraph 117 of the Complaint.

118. These defendants admit that plaintiff has rights often described as *Winters* rights but deny that plaintiff has fairly or accurately described the nature or extent of its *Winters* rights in Paragraph 118 of the Complaint.

119. These defendants admit that plaintiff has rights often described as *Winters* rights but deny that plaintiff has fairly or accurately described the nature or extent of its *Winters* rights in Paragraph 119 of the Complaint.

120. These defendants admit that plaintiff has rights often described as *Winters* rights but deny that plaintiff has fairly or accurately described the nature or extent of its *Winters* rights in Paragraph 120 of the Complaint.

121. These defendants admit that plaintiff has rights often described as *Winters* rights but deny that plaintiff has fairly or accurately described the nature or extent of its *Winters* rights or the obligations of the various defendants with respect to those rights in Paragraph 121 of the Complaint.

122. These defendants deny the allegations of Paragraph 122 of the Complaint.

123. These defendants admit that Paragraph 123 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks, but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

124. These defendants answer Paragraph 124 of the Complaint as stated in their above responses to Paragraphs 1–123 of the Complaint and incorporate those responses by reference.

125. These defendants deny the allegations of Paragraph 125 of the Complaint.

126. These defendants deny the allegations of Paragraph 126 of the Complaint.

127. These defendants deny the allegations of Paragraph 127 of the Complaint.

128. These defendants deny the allegations of Paragraph 128 of the Complaint.

129. These defendants deny the allegations of Paragraph 129 of the Complaint.

130. These defendants deny the allegations of Paragraph 130 of the Complaint.

131. These defendants deny the allegations of Paragraph 131 of the Complaint.

132. These defendants deny the allegations of Paragraph 132 of the Complaint.

133. These defendants admit that Paragraph 133 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

134. These defendants answer Paragraph 134 of the Complaint as stated in their above responses to Paragraphs 1–133 of the Complaint and incorporate those responses by reference.

135. These defendants deny the allegations of Paragraph 135 of the Complaint.

136. These defendants deny the allegations of Paragraph 136 of the Complaint.

137. These defendants deny the allegations of Paragraph 137 of the Complaint.

138. These defendants deny the allegations of Paragraph 138 of the Complaint.

139. These defendants deny the allegations of Paragraph 139 of the Complaint.

140. These defendants deny the allegations of Paragraph 140 of the Complaint.

141. These defendants admit that Paragraph 141 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

142. These defendants answer Paragraph 142 of the Complaint as stated in their above responses to Paragraphs 1–141 of the Complaint and incorporate those responses by reference.

143. These defendants deny the allegations of Paragraph 143 of the Complaint.

144. These defendants do not have enough information to determine the truth of the allegations of Paragraph 144 of the Complaint and therefore deny them.

145. These defendants admit the allegations of the first sentence of Paragraph 145 of the Complaint but deny the allegations of the second sentence of that paragraph.

146. These defendants deny the allegations of the first sentence of Paragraph 146 of the Complaint; these defendants do not have enough information to determine the truth of the allegations of the second sentence of that paragraph, and therefore deny them.

147. These defendants deny the allegations of Paragraph 147 of the Complaint.

148. These defendants deny the allegations of Paragraph 148 of the Complaint.

149. These defendants admit that Paragraph 149 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

150. These defendants answer Paragraph 150 of the Complaint as stated in their above responses to Paragraphs 1–149 of the Complaint and incorporate those responses by reference.

151. These defendants state that the documents described by plaintiff in Paragraph 151 of the Complaint as "the UDT Agreement" and the "EIS" speak for themselves; these defendants deny that plaintiff has fairly or accurately summarized those documents in that paragraph.

152. These defendants deny the allegations of Paragraph 152 of the Complaint.

153. These defendants deny the allegations of Paragraph 153 of the Complaint.

154. These defendants answer Paragraph 154 of the Complaint as stated in their above responses to Paragraphs 1 – 153 of the Complaint and incorporate those responses by reference.

155. These defendants deny the allegations of Paragraph 155 of the Complaint.

156. These defendants deny the allegations of Paragraph 156 of the Complaint.

157. These defendants deny the allegations of Paragraph 157 of the Complaint.

158. These defendants admit that Paragraph 158 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

159. These defendants admit that Paragraph 159 of the Complaint describes some of plaintiff's contentions herein and describes some of the relief plaintiff seeks but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

160. These defendants deny all allegations of the Complaint that they have not explicitly and specifically admitted in this Answer.

**Defenses**

1.    The terms of the alleged 1994 contract violate the Kansas Cash Basis Law and the Kansas Budget Law, unlawfully bind the successors in office of the individual defendants, and would require defendants and plaintiff to do other things they are not authorized by law to do; the alleged contract is accordingly void.

2.    The alleged 1994 contract is also void because it was predicated on mistakes as to: (a) the scope of authority of the officers, board members, or other representatives of the various defendants; (b) the scope of the powers and authority of plaintiff and of the various defendants, as to the ability to condemn

land and otherwise; (c) the availability of funding or the amount of available funding; (d) the value of land needed for the Plum Creek project and the likely cost of acquiring that land; (e) the existence of opposition to the Plum Creek project among the owners of land needed for that project; and (f) the cost or viability of alternative projects or methods of providing water for plaintiff's use.

3.     Plaintiff has failed to exhaust available and adequate administrative remedies.

4.     Plaintiff's claims are barred by applicable statutes of limitations, under the doctrine of laches, and under similar equitable doctrines.

5.     The alleged contract obligations of these defendants have been discharged by prior breaches of the alleged contract by plaintiff and/or by the non-fulfillment of conditions precedent to these defendants' alleged contractual obligations.

6.     Plaintiff has failed to fulfill conditions precedent to suing the defendants.

7.     Plaintiff's claims are barred under the doctrines of estoppel, quasi-estoppel, waiver, and judicial estoppel, and under similar equitable doctrines.

8.     Plaintiff's claims are barred by the Eleventh Amendment to the Constitution of the United States.

9.     Plaintiff has failed to join necessary parties to this action, including the United States and various individual private landowners.

10.   The defendant officers and board members of Nemaha Brown Watershed Joint District No. 7 are entitled to absolute legislative immunity and to qualified immunity.

11.   Plaintiff has failed to state a claim upon which relief can be granted.

12.   The various state and federal statutes under which plaintiff purportedly claims do not provide for private causes of action for substantive relief or for monetary relief.

13.   This Court lacks subject matter jurisdiction over this civil action or should decline to exercise jurisdiction over plaintiff's supplemental or pendent claims.

14.   Plaintiff has failed to mitigate its damages.

WHEREFORE these defendants pray that plaintiff take nothing in this civil action, that plaintiff be denied any relief whatsoever against these defendants, that these defendants recover their costs herein, and that the Court grant these defendants such additional relief as the Court may deem just and equitable.

### Demand for Jury Trial

These defendants demand a trial by jury of all issues in this civil action.

> Respectfully submitted,
>
> David M. Traster, KS #11062
> Jay F. Fowler, KS #10727
> Timothy B. Mustaine, KS #10758
> Foulston Siefkin LLP
> 1551 N. Waterfront Parkway, Suite 100
> Wichita, KS 67202
> (316) 267-6371
> dtraster@foulston.com
> jfowler@foulston.com
> tmustaine@foulston.com
>
> - and-

David W. Davies, KS #13011
Assistant Attorney General
Office of the Attorney General
120 S.W. 10th Avenue, 2d Floor
Topeka, KS 66612-1597
(785) 296-2215
daviesd@ksag.org

*Attorneys for Defendants Dexter Davis, Wayne Heiniger, Glenn Hennigan, Leo Wessel, Rodney Lierz, Jim Renyer, Roger Ploeger, David Zeit, Rodney Heinen, Nemaha Brown Watershed Joint District No. 7, Greg A. Foley, and Kansas State Conservation Commission, State of Kansas*

By **/s/ Timothy B. Mustaine**
Timothy B. Mustaine, KS #10758

## Certificate of Service

I hereby certify that on October 31, 2006, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system that will send notice of electronic filing to the following:

Amelia C. Holmes  (holmesameliac@yahoo.com)
Damon K. Williams  (dkeone@yahoo.com)
Kim Jerome Gottschalk  (jeronimo@narf.org)
Steven Carl Moore  (smoore@narf.org)
Walter R. Echo-Hawk  (wechohwk@narf.org)
Daniel G. Steele   (danielsteel@usdoj.gov)
Robin Barkett Moore  (robin.moore@usdoj.gov)
J. Steven Massoni  (jsm@massonilaw.com)

**/s/ Timothy B. Mustaine**
Timothy B. Mustaine, KS #10758