IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS (also known as the KICKAPOO TRIBE IN KANSAS),<br><br>*Plaintiff,*<br><br>v.<br><br>ARLEN LANCASTER, in his official capacity as Chief, NATURAL RESOURCES CONSERVATION SERVICE, UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants.* | Civil Action No. 06-2248-CM-DJW |

**RULE 56(f) MOTION OF THE NON-FEDERAL DEFENDANTS**

**Introduction**

Plaintiff Kickapoo Tribe has filed two partial summary judgment motions in this case. Plaintiff filed these motions one week after the Non-Federal Defendants filed their Answers and the Federal Defendants filed their Motion to Dismiss; the motions are in key respects based on factual premises that plaintiff pleaded in its Complaint and that the Non-Federal Defendants denied in their Answers, either directly or for lack of information. None of the parties has yet requested or received any discovery, and none has made initial disclosures under Rule 26; neither has the Court yet held its initial scheduling conference under Rule 16. Similarly, the Non-Federal Defendants have had no realistic

1

opportunity to conduct factual and historical research relevant to plaintiff's allegations; neither have they been able to retain experts to assist them in evaluating and rebutting those allegations.

The Non-Federal Defendants therefore cannot *now* factually rebut, by affidavits, depositions, or other documents allowable under Rule 56, many of the key factual premises of plaintiff's motions.  But, as detailed in defense counsel's supporting affidavit, attached as Exhibit A to this Motion, it is likely that the Non-Federal Defendants could appropriately rebut plaintiff's motions if they were allowed a reasonable time to complete discovery, conduct factual investigations, and obtain expert assistance.[1]

Accordingly, the Non-Federal Defendants move the Court under Rule 56(f) for an order denying plaintiff's two partial summary judgment motions (without prejudice to later renewal), or continuing proceedings on those motions until after the expiration of the discovery and expert deadlines to be set by the Court in its forthcoming initial scheduling conference, now set for January 23, 2007.

---

[1]Plaintiff's second summary judgment motion appears intended to further claims that plaintiff asserts against all the Non-Federal Defendants, and is accordingly opposed by all the Non-Federal Defendants.  But plaintiff's first summary judgment motion appears intended to further claims that plaintiffs asserts only against the Nemaha Brown Defendants.  The Nemaha Brown Defendants therefore oppose plaintiff's first motion, but Conservation Commission Defendants and the Conservation District Defendants do not now take a position on that motion.  However, the Conservation Commission Defendants and the Conservation District Defendants reserve their rights to oppose or support plaintiff's first motion in the future should they become aware of reasons that would justify them in doing so.

## The Standards Applicable to Rule 56(f) Motions

When, as in the present case, a party moves for summary judgment near the beginning of the case, before discovery has even started, Rule 56(f) affords the parties opposing summary judgment a means of obtaining enough time for discovery and investigation to allow them to compile an adequate factual record in opposition to the motion. *See, e.g.*, 11 *Moore's Federal Practice* § 56.10[8][a] (3d. Ed. 2006), p. 56-83.  Indeed, "[t]he district courts have a duty under Rule 56(f) to ensure that the parties have been given a reasonable opportunity to make their record complete before ruling on a motion for summary judgment," *id.*, and "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250 n.5 (1986).

That is not to say that discovery is absolutely necessary before summary judgment; a party can lose its Rule 56(f) opportunity if it does not file a timely motion under that rule or if it does not supports its motion with an affidavit that explains how additional time will allow it to rebut its opponent's factual averments. *See Moore's, supra,* p. 56-83 & n. 16; *Anderson* at 250 n.5.  But in cases such as this one, in which the parties opposing summary judgment have timely filed a Rule 56(f) motion and have explained and supported that motion with a detailed sworn affidavit, the Rule 56(f) motion should ordinarily be granted, absent evident bad faith, dilatory conduct, or futility. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (Rule 56 contemplates the entry of summary judgment only after adequate time for discovery); *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992) (Rule 56(f) motions should be "liberally treated" unless they are "dilatory or lacking in merit");

*Burlington Northern Santa Fe N. R. Co. v. Assiniboine & Sioux Tribes of the Ft. Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (When a summary judgment motion is filed early in litigation, before the opposing party has had a realistic opportunity to pursue discovery, "district courts should grant any Rule 56(f) motion fairly freely"); *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915 (5th Cir. 1992) (When a party files a Rule 56(f) motion to obtain discovery germane to a pending summary judgment motion, "it is inequitable to pull out the rug from under them" by denying their Rule 56(f) motion), *cert. denied*, 508 U.S. 910 (1993); *International Shortstop, Inc. v. Rally's Inc.* 939 F.2d 1257, 1267 (5th Cir. 1991) (Rule 56(f) motion seeking additional discovery "should be granted almost as a matter of course" unless the party seeking additional discovery has not been diligent in seeking to discover the relevant evidence), *cert. denied,* 502 U.S. 1059 (1992).

### Plaintiff's First Motion for Partial Summary Judgment

In its first motion plaintiff seeks an order requiring defendant Nemaha Brown to specifically perform its alleged 1994 promise to condemn land required for the Plum Creek reservoir plaintiff wishes to construct on its reservation. *See* Doc. No. 42, Plaintiff's First Motion for Partial Summary Judgment, and Doc. No. 43, Memorandum in Support of Plaintiff's First Motion for Partial Summary Judgment (both filed November 7, 2006). Plaintiff filed this first summary judgment motion exactly one week after the Non-Federal Defendants filed their Answers (Docs. Nos. 37 and 38, filed October 31, 2006) and the Federal Defendants filed their Motion to Dismiss (Doc. No. 39, filed October 31, 2006). No party has yet taken *any* discovery in this case, nor made *any* initial Rule 26 disclosures.  And the Court has not yet held its initial scheduling conference

under Rule 16; that initial conference is now scheduled to be held by telephone on January 23, 2007.

Moreover, in distinct contrast to plaintiff, who before filing this suit obtained reams of documents from the defendants through requests under the Kansas Open Records Act and the federal Freedom of Information Act, and thereby obtained a head start of many months in collecting facts to support its present claims, the Non-Federal Defendants have as yet directed no counterpart requests for information to plaintiff or to the Federal Defendants.

And most important of all, as further explained in the supporting Affidavit of defense counsel and foreshadowed in the Answers on file, the Non-Federal defendants already have information that tends to refute key factual bases for plaintiff's first motion.  Specifically, that information suggests that plaintiff is incorrect in asserting that Nemaha Brown promised to condemn land for the Plum Creek reservoir, that plaintiff relied on any such promise, that the federal defendants and Congress approved the 1994 agreement only because they understood Nemaha Brown to have made such a promise, or that no economically satisfactory alternative means of providing plaintiff with water exists, so only specific performance can provide plaintiff an adequate remedy for Nemaha Brown's ostensible promise-breaking.  To be sure, the Non-Federal Defendants cannot *now* present their contrary evidence; their information is inadmissible at the moment, because it is not in the form of an affidavit, deposition, or other format recognized under Rule 56.  But it is likely that the Non-Federal Defendants will be able to present the same factual information, but in an appropriate affidavit or deposition form admissible under Rule 56, if they are allowed to conduct discovery.  It would be inequitable in the extreme to grant

5

plaintiff summary judgment without affording the Non-Federal Defendants the opportunity for discovery that Rule 56(f) is intended to guarantee them.

### Plaintiff's Second Motion for Partial Summary Judgment

In its second motion plaintiff seeks an order declaring that, in the 1832 "Castor Hill" treaty establishing plaintiff's Kansas reservation, Congress intended to reserve to the United States, in trust for plaintiff's benefit, enough water from the Delaware River watershed "to satisfy the present [2006] and future municipal, domestic, agricultural, homeland, and hunting and fishing needs of the Tribe."  *See* Doc. No. 40, Plaintiff's Second Motion for Partial Summary Judgment, and Doc. No. 41, Memorandum in Support of Plaintiff's Second Motion for Partial Summary Judgment (both filed November 7, 2006).  As with plaintiff's first motion, filed the same day, plaintiff filed this second motion one week after the Non-Federal Defendants' Answers and the Federal Defendants' Motion to Dismiss, before any discovery or initial disclosures.

Plaintiff and the Federal Defendants likely possess information that undercuts plaintiff's implausible assertions that the 1832 Congress intended to reserve for plaintiff's benefits water rights sufficient for industrialization and for a large recreational lake created to attract non-Indians and enhance the profitability of plaintiff's newly constructed gambling casino.  Certainly the Non-Federal Defendants should be allowed to request such rebuttal information in discovery.  It is also likely, again as explained in defense counsel's supporting affidavit, that the Non-Federal Defendants will be able to establish a material factual question as to the accuracy of plaintiff's notions about Congress's 1832 intentions through historical and anthropological research, guided and evaluated by appropriate experts, about the water-relevant facts and circumstances existing

6

or reasonably foreseeable during the early 19th century . *Cf., e.g., In re General Adjudication of all Rights to use Water in the Big Horn River System*, 753 P.2d 76 (Wyo. 1988) (Congress in 1868 established the Wyoming Wind River Reservation for the Eastern Shoshone Tribe with the intention of creating a reservation for agricultural purposes; the water rights impliedly reserved for the tribe's benefit included only the surface water necessary to irrigate irrigable reservation land, and did not include water for fisheries, wildlife, groundwater, or other uses not part of the tribe's traditional lifestyle), *aff'd per curiam by an equally divided Court*, 492 U.S. 406 (1989).

Again, it would be seriously inequitable, and inconsistent with the spirit and purpose of Rule 56(f), to deny the Non-Federal Defendants the opportunity to conduct discovery or other investigation necessary to challenge the asserted factual basis for Plaintiff's Second Motion for Partial Summary Judgment.

### Conclusion

The purpose of Rule 56(f) is to give the parties to a lawsuit a reasonable opportunity to develop a complete factual record before the Court rules on a motion for summary judgment and to stymie the unfair tactic of filing premature summary judgment motions and winning them before the opposing party has time to uncover the relevant facts. The Court should therefore deny plaintiff's two motions for partial summary judgment (without prejudice to their later renewal), or continue proceedings on those motions until after the expiration of the discovery and expert deadlines that the Court sets in its forthcoming initial scheduling conference.

Respectfully submitted,

David M. Traster, KS #11062
Timothy B. Mustaine, KS #10758
Foulston Siefkin LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67202
(316) 267-6371
dtraster@foulston.com
tmustaine@foulston.com

David W. Davies, KS #13011
Office of the Attorney General
120 S.W. 10th Avenue, 2d Floor
Topeka, KS 66612-1597
(785) 296-2215
daviesd@ksag.org

J. Steven Massoni, KS #8343
Massoni Law Office LLC
4831 W. 6th St.
Lawrence, KS 66049
(785) 842-5842
jsm@massonilaw.com

*Attorneys for the Nemaha–Brown Defendants, the Conservation Commission Defendants, and the Conservation District Defendants*

By /s/ Timothy B. Mustaine
    Timothy B. Mustaine, KS #10758

8

**Certificate of Service**

I hereby certify that on January 5, 2006, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will send notice of electronic filing to the following:

    Amelia C. Holmes  (holmesameliac@yahoo.com)
    Damon K. Williams  (dkeone@yahoo.com)
    Kim Jerome Gottschalk  (jeronimo@narf.org)
    Steven Carl Moore  (smoore@narf.org)
    Walter R. Echo-Hawk  (wechohwk@narf.org)
    Daniel G. Steele   (danielsteele@usdoj.gov)
    Robin Barkett Moore  (robin.moore@usdoj.gov)

                       */s/ Timothy B. Mustaine*
                       Timothy B. Mustaine, KS #10758