Steven Carl Moore, Esq., Colorado Bar #009863
Walter R. Echo-Hawk, Esq., Colorado Bar #005216
K. Jerome Gottschalk, Esq., New Mexico Bar #3799
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296
smoore@narf.org


Damon Williams, Esq., Kansas Bar #20943
Amelia C. Holmes, Esq.  Kansas Bar #20346
Kickapoo Tribal Legal Department
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| _____ <br> ) <br> KICKAPOO TRIBE OF INDIANS OF THE ) <br> KICKAPOO RESERVATION IN KANSAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARLEN LANCASTER, et al. ) <br> ) <br> Defendant. ) <br> ) <br> _____) | No. 06-2248 CM-DJW |

**KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION
OF THE NON-FEDERAL DEFENDANTS**

**Introduction**

On January 5, 2007, non-federal defendants (Nemaha Brown defendants, Kansas

Conservation Commission defendants, and Conservation District defendants) filed a motion

pursuant to Rule 56(f), Fed. R. Civ. P., "for an order denying plaintiff's two partial summary judgment motions (without prejudice to later renewal), or continuing proceedings on those motions until after the expiration of the discovery and expert deadlines to be set by the Court it its forthcoming initial scheduling conference, now set for January 23, 2007."  Said motion is accompanied by an affidavit from counsel Timothy B. Mustaine (Mustaine Affidavit).  Plaintiff Kickapoo Tribe (Tribe) opposes the motion, and any suggested denial or delay of the Court's consideration of its motions for partial summary judgment and, for the reasons stated herein, requests that the non-federal defendants be ordered to respond to those motions *post haste*.

### Procedural Background

This lawsuit was filed by the Tribe seven months ago, on June 14, 2006.  The motions for partial summary judgment were filed two months ago, on November 7, 2006.  The responses to those motions were originally due to be filed on November 30, 2007.  The non-federal defendants' first motion for extension of time was filed on November 29, 2006, was not opposed by the Tribe at that time, with the expectation that during the additional 5 weeks time non-federal defendants would make some effort to commence discovery.  Rule 26(d), Fed. R. Civ. P., so permits this approach with the agreement of the parties.  As part of the non-federal defendants' request for extension of time they alluded to the fact that they had not yet conducted discovery. The Court granted that extension on November 29, 2006, extending the time for response to January 5, 2007, and rejecting the non-federal defendants' proposal that the deadline be stayed indefinitely pending the scheduling conference.  Subsequent orders issued by the Court relating to planning and scheduling under Rule 26, Fed. R. Civ. P., did not make any reference to or alter the January 5, 2007, deadline to respond to the motions for partial summary judgment.  *See* Doc. 58 and Doc. 59.

KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION
OF THE NON-FEDERAL DEFENDANTS

2

**Non-Federal Defendants Do Not Satisfy The Applicable Legal Standards
For The Granting Of Motions Under Rule 56(F)**

Non-federal defendants state in very general terms the correct standards for this Court to employ in the consideration of their motion, Motion at 3-4, but they have also omitted very important considerations which on balance militate in favor of the denial of their motion. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' Fed.Rule Civ.Proc. 1." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986). Summary judgment rules do not require that discovery be held before summary judgment may be granted, although trial court may postpone consideration of a summary judgment motion if the opposing party files a legitimate motion under Rule 56(f) because it needs more time for discovery. *Brown v. Chaffee*, 612 F.2d 497 (10th Cir. 1979). There is no requirement in Rule 56 that summary judgment not be entered until discovery is complete. *Marquez v. Cable One, Inc*., 463 F.3d 1118 (10th Cir. 2006); *Weir v. Anaconda Co*., 773 F.2d 1073 (10th Cir. 1985).

Rule 56(f), allowing court to stay or deny a summary judgment motion to permit further discovery, does not operate automatically. Its protections are invoked and can be applied <u>only</u> if a party satisfies certain requirements, including non-movant's submission of an affidavit, which <u>must</u> explain why facts precluding summary judgment cannot be presented. "This includes identifying the probable facts not available and what steps have been taken to obtain these facts. *See* 6 *Moore's Federal Practice* ¶ 56.24. In this circuit, the nonmovant also must explain 'how additional time will enable him to rebut movant's allegations of no genuine issue of fact.' *See Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 537 (10th Cir.1987); *Patty Precision,* 742 F.2d at

1264." *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992). *See also, Price ex rel. Price v. Western Resources, Inc.,* 232 F.3d 779 (10th Cir. 2000).

Legal counsel for non-federal defendants have not met the operative standard in the Tenth Circuit. As in *Committee for the First Amendment, id.,* "little explanation appears as to why [the non-federal defendants] could not provide affidavits of unnamed parties," other than counsel Mustaine's very vague testimony that "much of the information … originates with, or is reflected in unauthenticated documents originating with, persons who have expressed an unwillingness, or who have not expressed a willingness, to provide the Non-Federal Defendants with appropriate affidavits, or whom Non-Federal Defendants have not yet contacted." Mustaine Affidavit at ¶ 9. Mr. Mustaine's testimony only tells the Court that of the potential witnesses they have contacted, those witnesses are either unwilling or uncertain as to whether they are willing to provide affidavit testimony. It also tells the Court that perhaps other potential witnesses have not yet been contacted.[1]

Given that this lawsuit was filed <u>seven</u> months ago, and the Tribe's summary judgment motions were filed over <u>two</u> months ago, these speculative assertions by the non-federal defendants concerning their ability to rebut the Tribe's facts are insufficient to stay the orderly disposition of the pending summary judgment motions. Defendants <u>knew</u> seven months ago from reading the Complaint that the issue of their condemnation obligation was a centerpiece of this litigation, and yet in seven months of investigation these vague assertions appear to be the

---

[1] There are, of course, substantial problems with the use of parol evidence to attempt to refute the documentary evidence and legal arguments proffered by the Tribe in support of its First Partial Motion for Summary Judgment. "Under the parol evidence rule, a party may not rely on evidence of prior or contemporaneous verbal statements to contradict the terms of a written agreement. *See Flight Concepts Ltd. Partnership v. Boeing Co.,* 38 F.3d 1152, 1157 (10th Cir. 1994)." *Ramada Franchise Systems, Inc. v. Tresprop, Ltd.* 188 F.R.D. 610, 613 (D.Kan. 1999).

**KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION**
**OF THE NON-FEDERAL DEFENDANTS**

4

best that the non-federal defendants have to offer the Court.  How long should they be given to attempt to gin up evidence to rebut the Tribe?

A party opposing summary judgment must do more than simply allege that further discovery is necessary; the party must demonstrate <u>precisely</u> how additional discovery will lead to a genuine issue of material fact.  *Lockaby v. Young*, 42 Fed.Appx. 313 (10th Cir. 2002). "Merely stating that more discovery is needed or that affidavits by unnamed parties [will rebut movants' assertions of undisputed facts] is no more availing than unspecific references to yet-to-be discovered evidence."  *See Lewis v. City of Ft. Collins,* 903 F.2d 752, 758-59 (10th Cir.1990)."  *Committee for First Amendment, supra,* 962 F.2d at 1523.  *Burke v. Utah Transit Authority and Local 382*, 462 F.3d 1253 (10th Cir. 2006)(refusal to grant additional discovery prior to consideration of summary judgment motion was appropriate given party's failure to list additional discovery with any specificity or describe what such discovery would likely unearth).

It is <u>not</u> error for this Court to deny the Rule 56(f) motion for additional discovery in opposition to summary judgment motion where the non-federal defendants have had ample opportunity to discover all facts necessary to their claims – and within their access or control -- during the seven month pendency of the case.  *Flores v. U.S. Repeating Arms Co., Inc*., 19 Fed.Appx. 795 (10th Cir. 2001).  Non-federal defendants have not begun to explain with specificity how additional time would help them rebut the Tribe's allegations, and exactly what steps      they      would      follow      to      lead      to      admissible      factual      evidence.

This is also <u>not</u> a situation where the facts essential for the non-federal defendants to rebut the Tribe's motions are within the exclusive control of the Tribe.  Indeed, <u>none</u> of the facts that the non-federal defendants presumably are attempting to rely on are within the control, particularly the exclusive control, of the Tribe.  Apparently those facts are within the control of

**KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION**
**OF THE NON-FEDERAL DEFENDANTS**

5

alleged "witnesses" who are unwilling to testify.  The general principle is that summary judgment should be refused where nonmoving party has not had the opportunity to discover information that is essential to his opposition because it is within movant's <u>exclusive</u> control. *Price ex rel. Price v. Western Resources, Inc.*, *supra*, 232 F.3d at 779.  That situation clearly does not apply here.

Counsel for non-federal defendants have made no specific showing of what additional discovery is really warranted under the circumstances.  All material and relevant documents relating to the <u>first</u> motion for partial summary judgment – relating to the condemnation obligation of the Nemaha Brown Watershed Joint District No. 7 -- are either in the possession of counsel for non-federal defendants, or their clients, or have been produced by the Tribe in support of said motion.[2]  Counsel for non-federal defendants and their paralegal have presumably had access to all of their clients' records since soon after June 14, 2006, the date of the filing of this action.  If they had uncovered admissible documentary evidence to rebut the Tribe's claims they most assuredly would have offered it by now.  For that reason, the non-federal defendants' contention that the Tribe has had a several month head start on the non-federal defendants makes no sense.  Motion at p.5.  If anything, the opposite is true, since the non-federal defendants have been in possession of all documentary evidence relating to the development of the UDT Watershed since the creation of the Nemaha Brown Watershed District in the 1940s, as well as all documents relating to the 1994 Agreement the Tribe seeks to enforce.  They should not be given more time to continue their fishing expedition.

As for facts relating to the Tribe's second motion for summary judgment – the *Winters*

rights motion – the non-defendants' position supporting its Rule 56(f) motion is equally egregious.  All material and relevant historical documents the Tribe has been able to discover were either produced by the Tribe in support of the motion, or are public documents easily searchable and retrievable from either the Federal Archives or the Kansas State Archives in Topeka.  These documents most certainly could have been secured by the non-federal defendants from these sources in the seven months since the lawsuit was filed, or even in the two months since the summary judgment motions were filed.  And, as with the first motion for summary judgment, none of the facts essential to the second motion are within the control of the Tribe.  Surprisingly, Mr. Mustaine's testimony concedes that the non-federal defendants have not even begun to conduct an examination of the historical record, or other factual matters they think may be relevant to attempting to rebut the Tribe's claims.  Mr. Mustaine concedes that they have not yet even "consulted with or ascertained the identities of qualified and available … experts able to assist them in rebutting the Tribe's motion."  Mustaine Affidavit at ¶ 8.

Knowing that, in addition to the condemnation question, the question of the Tribe's rights under the *Winters* doctrine were likewise to be a centerpiece of this litigation, it is unusual, to say the least, and indefensible, that counsel for non-federal defendants have made no effort to retain experts or to even make their own personal visit to the Federal or Kansas Archives to examine, for instance, the collection of historical papers of William Clark or other similar contemporaneous writings regarding the 1832 Treaty of Castor Hill,, upon which the Tribe has relied in support of its second motion for summary judgment.  Counsel for the Tribe was able to travel from Colorado to Topeka, Kansas, in order to do so.  *See* Affidavits of Walter R. Echo-

---

[2]  If the non-federal defendants had asked the Tribe or the federal defendants to agree to commence discovery prior to the Rule 26(f) conference, the Tribe most assuredly would have agreed.  Such an agreement is permitted.  Rule

hawk and Steven C. Moore in Support of Tribe's Second Motion for Summary Judgment. Instead, Mr. Mustaine, Affidavit at ¶¶ 5, 6, apparently relies exclusively on his own personal opinions that Congress did not intend in 1832 to reserved sufficient water for the purposes claimed by the Tribe in its second motion for partial summary judgment.[3]

Non-federal defendants correctly state, Motion at 3-4, that Rule 56(f) motions should <u>not</u> be granted where there is evidence of bad faith, dilatory conduct, or futility. *See, e.g., Celotex Corp. v. Catrett, supra,* 477 U.S. at 322; *Committee for the First Amendment, supra,* 962 F.2d at 1522 (Rule 56(f) motions should be "liberally treated" unless they are "dilatory or lacking in merit"); *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260 (10th Cir. 1984). Rule 56(f) motions should be denied, or discovery significantly circumscribed, in instances where there is evidence of a party on a fishing expedition for fact issues, or the facts at issue are known by or available to the party opposing summary judgment, or unreasonable delays in or other abuses of the discovery process. 47 A.L.R. Fed. 206 (2006). The Tribe is not alleging any bad faith on the part of legal counsel for non-federal defendants,[4] but there is sufficient evidence – in Mr. Mustaine's own words and argument – for the Court to conclude that the motion is being interposed purely to give these parties additional time to commence discovery of its own records or other evidence already available to it that should have been undertaken months ago.

In closing, the granting to non-federal defendants of any additional time to conduct discovery before responding to the pending motions for partial summary judgment is patently unfair to the Tribe, and an abuse of the judicial process. The Tribe is faced with the annual grave

---

26(d), Fed. R. Civ. P.

[3] Mr. Mustaine's comments regarding the Tribe's legitimate business enterprise, which happens to be the largest employer in Brown County, are gratuitous, display an enormous lack of accuracy, prejudice and bias, and should be stricken from the record in this case. Affidavit at ¶ 6. They lack foundation and are not relevant to the legal issues before the Court.

**KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION**
**OF THE NON-FEDERAL DEFENDANTS**

threat of water shortages and thus the disposition of the pending motions for partial summary

judgment is its most immediate priority in this litigation.  Despite having had the Tribe's motions

for partial summary judgment for over two months, the non-federal defendants are just now

getting around to asking the Court for additional time to conduct discovery.  But most if not all

of the evidence federal defendants are searching for is either within their control, or readily

accessible through public sources, or is evidence that they could have generated through the

hiring of experts over the past seven months.  That they chose to delay and are now in this

inexplicable situation is not the fault of the Tribe; this is a problem entirely of their own making.

They have not met the standards of the Tenth Circuit for the granting of a Rule 56(f) motion; at

most they offer through testimony of legal counsel unspecific references to yet-to-be discovered

evidence, or the speculation of affidavits provided by unnamed (and unwilling) parties.  These

reasons lack sufficient merit.

For the foregoing reasons, the Tribe respectfully requests that the non-federal defendants'

Rule 56(f) motion be denied, and that they be ordered to file responses to the pending motions

for partial summary judgment *post haste*.

Dated this 8th day of January, 2007.

/s/ Steven Carl Moore

_____

Steven Carl Moore, Esq.
K. Jerome Gottschalk, Esq.
Walter R. Echo-Hawk, Esq.
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296

/s/ Damon Williams

---

[4]  Undersigned counsel also has been awarded "AV Peer Review Ratings" from Martindale Hubbell.

**KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION**
**OF THE NON-FEDERAL DEFENDANTS**

_____

Damon Williams, Esq.
Amelia C. Holmes, Esq.
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439

Attorneys for the Kickapoo Tribe in Kansas

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on the 8th day of January, 2007, the foregoing **KICKAPOO TRIBE'S OPPOSITION TO RULE 56(f) MOTION OF THE NON-FEDERAL DEFENDANTS** was filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Damon K. Williams | dkeone@yahoo.com |
| Kim Jerome Gottschalk | jeronimo@narf.org |
| Steven Carl Moore | smoore@narf.org |
| Walter R. Echo-Hawk | wechohwk@narf.org |
| Daniel G. Steele | daniel.steele@usdoj.gov |
| Robin Barkett Moore | robin.moore@usdoj.gov |
| David W. Davies | daviesd@ksag.org |
| David M. Traster | dtraster@foulston.com |
| Jay F. Fowler | jfowler@foulston.com |
| Timothy B. Mustaine | tmustaine@foulston.com |
| J. Steven Massoni | jsm@massonilaw.com |

/s/  Amelia C. Holmes

_____

Amelia C. Holmes
Kickapoo Tribal Legal Department
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com