IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS (also known as the KICKAPOO TRIBE IN KANSAS),<br><br>*Plaintiff,*<br><br>v.<br><br>BRUCE I. KNIGHT, in his official capacity as Chief, NATURAL RESOURCES CONSERVATION SERVICE, UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>*Defendants.* | Civil Action No. 06-2248-CM-DJW |

**THE NON-FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**

Plaintiff, the Kickapoo Tribe, has recently filed a request for oral argument on the non-federal defendants' motion under Fed. R. Civ. Proc. 56(f). Most of this ostensible oral argument motion actually addresses the merits of the fully-briefed Rule 56(f) motion, and appears tantamount to a surreply brief. In this Court, surreplies are not ordinarily permitted without prior leave, although a handful of cases have permitted surreplies filed by pro se plaintiffs to stand. *See, e.g., Afshar v. U.S. Dept. of State,* 2006 WL 2524152 (D. Kan. 2006). However, the non-federal defendants will resist the temptation to try to have the last word on

the merits of their motion, in hopes of ending what might otherwise be a long series of briefs on the Rule 56(f) issue.

The non-federal defendants do not oppose oral argument on their Rule 56(f) motion, although they doubt that the Court would likely find oral argument particularly helpful, much less necessary. But, while the non-federal defendants (unlike plaintiff, it would appear) see no need to rehash or shore up their Rule 56(f) arguments, they would like to apprise the Court of a few recent developments that have arisen in this case since the completion of the briefing on the motion. Defendants submit that these new developments might affect the Court's determination as to whether oral argument would be helpful, or might affect the Court's views of the Rule 56(f) motion itself.

1.   In a recent telephone status conference with all counsel, Magistrate Judge Waxse suggested that it might be appropriate to continue the initial scheduling conference to allow the District Judge to rule on pending motions, which principally include the federal defendants' motion to dismiss and the non-federal defendants Rule 56(f) motion. None of the participating counsel, including counsel for the Tribe, raised the slightest objection or reservation to Judge Waxse's suggestion, and Judge Waxse accordingly continued the initial scheduling conference in this case by nearly 100 days, until April 30, 2007. *See* Doc. No. 71, Minute Sheet of Telephone Conference, filed January 24, 2007.

2.   The non-federal defendants served extensive requests for production of documents and of electronically stored information on plaintiff pursuant to Fed. R. Civ. Proc. 34. (A copy of the requests served is attached hereto) This is

2

the only discovery that has thus far been served by any party to this case, so far as undersigned counsel is aware.

3.　Undersigned counsel for the non-federal defendants has since the aforementioned telephone conference among counsel approached Daniel Steele, counsel for the federal defendants, about obtaining discovery from the federal defendants.  Mr. Steele took the position on behalf of the federal defendants that those defendants should not be subjected to any discovery at all until their pending motion to dismiss has been ruled on; this position is consonant with the position the federal defendants have consistently taken in various documents filed herein and in discussions among counsel.  The non-federal defendants regard Mr. Steele's and the federal defendants' view that discovery against those defendants should be delayed until their motion to dismiss is resolved as very colorable, and infer that Judge Waxse is of a similar view.  Accordingly, the non-federal defendants have not attempted to pursue discovery from the federal defendants.  However, to the extent that now seems practicable, they are attempting to pursue the information they might receive in discovery from the federal defendants by other means, particularly including the discovery they have submitted to the Tribe.

    Respectfully submitted,

    David M. Traster, #11062
    Timothy B. Mustaine, #10758
    Foulston Siefkin LLP
    1551 N. Waterfront Parkway, Suite 100
    Wichita, KS 67206-4466
    (316) 296-6371
    dtraster@foulston.com
    tmustaine@foulston.com

Derenda J. Mitchell
Assistant Attorney General
Office of the Attorney General
Memorial Building, 3rd Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1597
(785) 296-2215
(785) 291-3767 (fax)
mitcheld@ksag.org

J. Steven Massoni, #08343
Massoni Law Office LLC
1533 El Dorado
Lawrence, KS 66047
(785) 312-7777
(785) 856-7837(fax)
jsm@massonilaw.com

*Attorneys for the Non-Federal Defendants*


By */s/ Timothy B. Mustaine*
   Timothy B. Mustaine, #10758

## Certificate of Service

I hereby certify that on February 8, 2007, a true and correct copy of the foregoing The Non-Federal Defendants' Response to Plaintiff's Request for Oral Argument was electronically filed via the Court's CM/ECF system, which will send notice of electronic filing to the following:

    Amelia C. Holmes  (holmesameliac@yahoo.com)
    Damon K. Williams  (dkeone@yahoo.com)
    Kim Jerome Gottschalk  (jeronimo@narf.org)
    Steven Carl Moore  (smoore@narf.org)
    Walter R. Echo-Hawk  (wechohwk@narf.org)
    Daniel G. Steele   (danielsteele@usdoj.gov)
    Robin Barkett Moore  (robin.moore@usdoj.gov)

     /s/ *Timothy B. Mustaine*
Timothy B. Mustaine, KS #10758