IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KICKAPOO TRIBE OF INDIANS OF THE )
KICKAPOO RESERVATION IN KANSAS, )
                                                                                      )
                    **Plaintiff,**          )
                                                                         )
v.                                                                      )
                                                                      )    No. 06-2248-CM

**BRUCE I. KNIGHT, JAMES E. CASON,** )
**DEXTER DAVIS, WAYNE HEINIGER,** )
**GLENN HENNINGAN, LEO WESSEL,** )
**RODNEY LIERZ, JIM RENYER, ROGER** )
**PLOEGER, DAVID ZEIT, RODNEY** )
**HEINEN, GREG FOLEY, BRAD** )
**SWEARINGEN, and TIMOTHY BURDICK,**)
                                                                     )
                  **Defendants.**    )
                                                           )

## MEMORANDUM AND ORDER

Plaintiff Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas brings this water rights action against federal and non-federal defendants. This case is before the court on the non-federal defendants' Rule 56(f) Motion (Doc. 61). Because the court finds that the non-federal defendants have met the requirements for relief to be granted under Rule 56(f) of the Federal Rules of Civil Procedure, the motion is granted.

**I.**     **Background**

Plaintiff filed this case on June 14, 2006. The non-federal defendants answered the complaint on October 31, 2006. On the same date, the federal defendants filed a motion to dismiss the claims against them. One week later, plaintiff filed two motions for partial summary judgment. These motions do not ask the court to resolve individual claims, but to resolve discrete issues. After the court granted one motion for extension of time to respond to plaintiff's motions, the non-federal

defendants filed the present motion on January 5, 2007.

At the time the present motion was filed, several discovery deadlines remained pending. The parties had not held a planning conference under Rule 26(f). The deadline for initial disclosures under Rule 26(a)(1) had not expired. During a status conference on April 30, 2007—which is after briefing on the present motion was completed—Magistrate Judge Waxse noted that "based on statements of counsel and the Court's review of the docket, it is not appropriate to schedule the case at this time."

In addition to the identified motions, the court also recognizes that there are other pending motions which are tangentially related to the present motion. Defendants filed a motion to stay the deadlines for responding to plaintiff's second motion for summary judgment. Plaintiff filed a motion for "expedited consideration of controlling questions of law relating to the interpretation and enforcement of the 1994 agreement to construct the Plum Creek Project." This topic is related to at least one of plaintiff's motions for partial summary judgment.

## II. Legal Standards

Under Fed. R. Civ. P. 56(f), the court may stay or deny a motion for summary judgment to allow further discovery if the nonmovant states by affidavit that he needs additional time to develop evidence to oppose the motion. *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). The decision whether to grant a Rule 56(f) motion lies within the sound discretion of the court. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1153–54 (10th Cir. 1993). The Rule provides as follows:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). The nonmovant must satisfy several requirements to gain Rule 56(f) relief. By affidavit, he must explain: (1) why facts precluding summary judgment are unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has taken to obtain such facts; and (4) how additional time will allow him to controvert facts. *Price*, 232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)). Despite the lack of a Rule 56(f) affidavit, however, the court may, in its sound discretion and in the interest of justice, grant the nonmovant additional time to provide needed evidence to oppose a motion for summary judgment. *Comm. for the First Amendment*, 962 F.2d at 1523 (citing 6 *Moore's Federal Practice* ¶ 56.24); *Morris-Eberhart v. J.G. Mathena & Assoc., Inc.*, 186 F.R.D. 619, 621 (D. Kan. 1999).

### III.   Discussion

Here, the non-federal defendants filed a Rule 56(f) affidavit. Timothy B. Mustaine, an attorney for defendants, states that "much of the information . . . originates with . . . persons who have expressed an unwillingness, or have not expressed a willingness, to provide the Non-Federal Defendants with appropriate affidavits, or whom the Non-Federal Defendants have not yet contacted." Mr. Mustaine questions several of the arguments asserted by plaintiff. He explains that facts necessary to provide responding arguments are currently unavailable because of plaintiff's quick timing in filing the motions for partial summary judgment and that many discovery deadlines remain pending or unscheduled. The affidavit also indicates that if the non-federal defendants were able to consult experts and conduct historical investigations, they would be better able to respond to plaintiff's motions for partial summary judgment.

While the court finds that the affidavit could benefit from greater specificity, it nonetheless satisfies the requirements of Rule 56(f). Additionally, the court finds that the affidavit serves its

purpose of "ensur[ing] that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." *Comm. for First Amendment*, 962 F.2d at 1522. Notably, a significant amount of historical discovery has not taken place, but the interpretation and significance of historical documents are central to the motions pending before the court. Rule 56(f) rests on the principle that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price* 232 F.3d at 783 (quotation omitted).

Plaintiff argues that based on the time span between when this case was filed, when the motions for partial summary judgment were filed, and today, defendants have had sufficient time to discover information necessary to respond to the motions. It appears that substantial portions of this time were spent in settlement negotiations. The court also rejects plaintiff's characterization of defendants' efforts as a "fishing expedition" when stages of discovery remain unscheduled.

Justice will be better served by granting defendants a limited amount of time to continue discovery on the issues raised by the partial motions for summary judgment. In the interest of justice, the court denies plaintiff's motions for partial summary judgment (Docs. 40, 42) without prejudice to later renewal. The court refers this case to the magistrate judge for scheduling and supervision of the necessary discovery.

Because the court denies the motions for partial summary judgment, the federal defendants' motion to stay the court's consideration of such motions (Doc. 50) is denied as moot. Similarly, plaintiff's motion for expedited consideration (Doc. 91), which builds upon several issues and arguments made in the motions for partial summary judgment, is also denied without prejudice.

**IT IS THEREFORE ORDERED** that defendants' "Rule 56(f) Motion" (Doc. 61) is granted.

**IT IS FURTHER ORDERED** that plaintiff's motions for partial summary judgment (Docs. 40, 42) are denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' "Motion to Stay the Court's Consideration of Plaintiff's Second Pending Motion for Partial Summary Judgment Concerning Water Rights Claims" (Doc. 50) is denied as moot.

**IT IS FURTHER ORDERED** that plaintiff's "Request for Expedited Consideration of Controlling Questions of Law Relating to the Interpretation and Enforcement of the 1994 Agreement to Construct the Plum Creek Project" (Doc. 91) is also denied without prejudice.

**IT IS FURTHER ORDERED** that this case is referred to the magistrate judge for scheduling and supervision of the necessary discovery.

Dated this 30th day of May 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**

**CARLOS MURGUIA**
**United States District Judge**