# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KICKAPOO TRIBE OF INDIANS OF THE** )<br>**KICKAPOO RESERVATION IN KANSAS,** )<br>    )<br>    **Plaintiff,** )<br>    )<br>**v.** )<br>    )<br>    )<br>**BRUCE I. KNIGHT, JAMES E. CASON,** )<br>**DEXTER DAVIS, WAYNE HEINIGER,** )<br>**GLENN HENNINGAN, LEO WESSEL,** )<br>**RODNEY LIERZ, JIM RENYER, ROGER** )<br>**PLOEGER, DAVID ZEIT, RODNEY** )<br>**HEINEN, GREG FOLEY, BRAD** )<br>**SWEARINGEN, and TIMOTHY BURDICK,**)<br>    )<br>    **Defendants.** )<br>_____) | **No. 06-2248-CM** |

## <u>ORDER</u>

Plaintiff Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas filed this water rights action against federal and non-federal defendants on June 14, 2006.  On October 31, 2006, the federal defendants filed a motion to dismiss for lack of jurisdiction.  (Doc. 39.)  Responsive pleadings were filed.  In early November, 2006, plaintiff filed two motions for partial summary judgment.  (Docs. 40, 42.)  On January 5, 2007, the non-federal defendants filed a Rule 56(f) motion.  On May 30, 2007, this court filed an order granting the non-federal defendants' motion for relief under Rule 56(f) and denying both of plaintiff's motions for partial summary judgment.

The minute entry for the next status conference, held August 7, 2007, indicates that the parties jointly requested a stay of the case pending their efforts to resolve the case by agreement. Per Judge Waxse's order, the case is stayed pending further order of the court.  (Doc. 103.)

Status conferences have been held more or less regularly and the parties continue to submit reports to Judge Waxse concerning the status of the negotiations.  These reports indicate that progress is being made toward settlement.  The case is still stayed.  And the motion to dismiss remains pending.

In February, 2010, Judge Waxse informally inquired whether—for administrative and case-management purposes—the parties would consider withdrawing the pending motion to dismiss without prejudice, and suggested that the court was considering denying the motion without prejudice.

The parties submitted detailed responses to this inquiry, and their positions are summarized as follows:

The federal defendants prefer to leave the motion pending; if not, then they would request the court administratively close the case for six months and then reinstate it if no settlement is achieved; or that the court order withdrawal of motion and reinstate it after 6 months if no settlement is achieved.  They argue the interests of judicial economy and parties' "scarce resources" support disallowing rebriefing.  They also note that, although they are using the opportunity to engage in settlement dialogue, they still believe court lacks jurisdiction over the claims.

The non-federal defendants have no objection to withdrawal of the motion, ruling on the motion, or leaving the motion pending.

The plaintiff tribe has no objection to, as an administrative matter, withdrawing or ordering withdrawal of the motion without prejudice, but object to the federal defendants' proposed alternatives.

The court has considered the parties' positions, including the interest the federal defendants

have in preserving this motion; it has considered the interests of the court, the parties, and the civil justice system at large in enforcing the stay to permit the parties to reach a settlement; and it has considered its own interest in managing its docket. The 4-year anniversary of the motion to dismiss will take place on October 31, 2010. The court concludes that the motion should be denied, as an administrative matter, without prejudice.

Having a 4-year old motion pending on the court's docket is unacceptable to the court. And the court does not believe that exercising its inherent authority in this manner will in any way create confusion, delay, or wasted resources. The briefs are long-outdated. As a practical matter, if negotiations failed and the court were to entertain the motion on its merits, the court would give the parties an opportunity to update and/or supplement their briefs—or require that they do so. Under the unique circumstances of this case, the interests in favor of denying the motion outweigh any interest in prolonging its active pendency on this court's docket.

This conclusion is underscored by the developments reported at the parties' most recent status conference. The September 14, 2010 minute entry indicates that plaintiff and the state defendants have reached an interim settlement agreement on condemnation issues in the case that will result in the dismissal of some of the parties. Discussions on water rights continue. The final settlement will take several months to complete and will require approval of Congress. The next status conference is set for December 10, 2010.

This recent activity indicates that progress is being made. The court is interested in facilitating the parties' just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1. The court does not believe its ruling will endanger the settlement negotiations. The denial is without prejudice as an administrative matter, and it does not constitute a judgment on the merits of the motion. The federal defendants are free to reassert their jurisdictional challenge at any time they

believe it becomes necessary to do so.  The case remains stayed to allow the parties the time they need to work toward settlement and communicate with Judge Waxse regarding their progress.

**IT IS THEREFORE ORDERED** that Federal Defendants' Motion to Dismiss (Doc. 39) is is denied without prejudice.  This ruling does not constitute a judgment on the merits of the motion.

**IT IS FURTHER ORDERED** that this case remains stayed, and remains referred to the magistrate judge.

Dated this <u>30th</u> day of September 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
