IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**ARLEN LANCASTER, et al.** )<br>)<br>Defendant. ) | No. 06-2248 CM-DJW |

**Stipulation for Dismissal Without Prejudice as to
Several Defendants Pursuant to Rule 4l (a)(1)(A)(ii)**

IT IS HEREBY STIPULATED and agreed by and between the undersigned attorneys for Plaintiff and the undersigned attorneys for Defendants, that:

1. The above-entitled action is dismissed without prejudice as to the following Defendants:

   Dave White, in his official capacity as Chief of the Natural Resources Conservation Service of the U.S. Department of Agriculture;

   Greg Foley, in his official capacity as the Executive Director of the Kansas State Conservation Commission (n/k/a Executive Director of the Division of Conservation of the Kansas Department of Agriculture), and the Kansas State Conservation Commission;

   The Brown County Conservation District and Brad Swearingen, as Chairperson of the Brown County Conservation District; and
   The Nemaha County Conservation District, Timothy J. Burdiek, as former Chairperson, and Michael E. Schmitz, as current Chairperson of the Nemaha County Conservation District.

1

2. Plaintiff's Complaint, Counts Two and Six, and only those Counts, shall be dismissed without prejudice. Plaintiff will file a First Amended Complaint to reflect the dismissal without prejudice of Counts Two and Six. The First Amended Complaint will add as a defendant, David Barfield, in his official capacity as Chief Engineer of the Division of Water Resources of the Kansas Department of Agriculture, for the limited purpose of seeking declaratory relief as to the existence and priority date of the Tribe's asserted water right.

3. Plaintiff's First Amended Complaint will make no changes to the allegations or the claims asserted against either the Nemaha Brown Watershed Joint District No. 7 or its Board Members (collectively the "Watershed District"), other than the dismissal of the claims that are the subject of this stipulation, without the express written consent of counsel for the Watershed District. Provided however, this stipulation is without prejudice to the Plaintiff's right to seek to amend its Complaint, or its First Amended Complaint, by separate motion.

4. The Plaintiff will ask the Court to continue the stay of the litigation, currently in place, against the remaining Federal Defendant, Michael Black, in his official capacity as head of the Bureau of Indian Affairs of the U.S. Department of the Interior, and to also stay the litigation against the newly named Defendant, David Barfield, in his official capacity as Chief Engineer of the Division of Water Resources of the Kansas Department of Agriculture. The purpose of the stay is to permit continued settlement negotiations on the Tribe's asserted water rights. The Watershed District does not object to a stay.

5. In the event the parties to be dismissed without prejudice are later rejoined to this litigation or related litigation, such parties have not waived their respective rights to conduct reasonable discovery, to file dispositive motions, and to assert any and all defenses, affirmative defenses, or affirmative claims; provided that the dismissed parties will not seek to re-litigate the issue of whether or not the Plan obligates the Watershed District to use its condemnation authority to obtain land rights for the flood retarding dams on the reservation or for the multi-purpose dam.

6. To avoid any prejudice to the parties to be dismissed without prejudice in the event such parties are later rejoined to this litigation or related litigation, the undersigned attorneys agree to the following conditions and agree that they will seek an appropriate order of dismissal without prejudice from the Court that will impose the following conditions: (a) parties to be dismissed without prejudice will not be bound by decisions or orders entered by the Court during any period when they were not parties to the litigation and did not have an opportunity to litigate the legal or factual issues decided; and (b) in the event they are rejoined or reinstated as parties in this or related litigation, the parties

to be dismissed without prejudice have not waived their respective rights to, and will not be limited in, or estopped from conducting, reasonable discovery, filing dispositive motions, and asserting any and all defenses, affirmative defenses, and affirmative claims; provided that the dismissed parties will not seek to re-litigate the issue of whether or not the Plan obligates the Watershed District to use its condemnation authority to obtain land rights for the flood retarding dams on the reservation or for the multi-purpose dam.

7. The parties who are being dismissed will cooperate with both the Watershed District and the Tribe regarding discovery on the remaining claims in the lawsuit.

8. The acquiescence by the Watershed District in this Stipulation for Dismissal is specifically without prejudice to any defense or affirmative claim that they may assert in the litigation, and shall not be construed as a waiver of such a claim or defense. The dismissed parties are not believed to be necessary parties to the resolution of the remaining issues in dispute in the litigation. Nevertheless, the Watershed District may assert any defense or affirmative claim even in the absence of the dismissed parties and even if such claim or defense requires the presence of a dismissed party.

9. The Plaintiff Tribe and the Watershed District, along with others, are sponsors of the 1994 Upper Delaware and Tributaries Watershed Plan ("Plan"), but the Tribe and the Watershed District disagree about whether the Watershed District agreed to use the Watershed District's condemnation authority, if necessary, to secure the land rights needed for installation of the multi-purpose project, which would straddle the western boundary of the Kickapoo Reservation, and the floodwater retarding dams on the Kickapoo Reservation. Notwithstanding this disagreement, which remains a live issue before the Court, the parties stipulate that: (a) this stipulation is not intended to alter or amend the terms of the Plan; (b) the Plan is not currently binding upon the Natural Resources Conservation Service ("NRCS") of the U.S. Department of Agriculture; and (c) the NRCS and the sponsors are not obligated to perform any of the component parts of the Plan, or other provisions set out in Public Law 83-566, 16 U.S.C. §§ 1001-1008 and implementing regulations, if at all, until all such land rights defined in the Plan are obtained and the necessary federal, state, and local appropriations are available.

10. This stipulation and dismissal of Defendants and causes of action without prejudice shall be without the assignment of costs or attorney fees to any party.

Respectfully submitted this \_\_\_\_ day of November, 2011.

/s/ Steven C. Moore
_____
Steven Carl Moore, Pro Hac Vice
K. Jerome Gottschalk, Pro Hac Vice
NATIVE AMERICAN RIGHTS FUND
1506 Broadway
Boulder, Colorado 80302-6296


/s/ Amelia C. Holmes
_____
Amelia C. Holmes
Kickapoo Tribal Legal Department
KICKAPOO TRIBE IN KANSAS
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439

Attorneys of Record for the Kickapoo Tribe in Kansas


/s/ Christopher M. Grunewald
_____
Christopher M. Grunewald, KS SC # 23216
Assistant Attorney General
Office of the Attorney General
Memorial Bldg. 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597

Attorney of Record for the Kansas State Conservation Commission and the Kansas Department of Agriculture


/s/ David M. Traster
_____
David M. Traster KS SC # 11062
Jay Fowler  KS. SC # 10727
Timothy B. Mustaine KS #10758

4

FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466

Attorneys of Record for the Nemaha Brown
Joint Watershed District #7


/s/ J. Steven Massoni

_____
J. Steven Massoni KS SC # 08343
MASSONI LAW OFFICE, LLC
1533 El Dorado
Lawrence, KS 66047

Attorney of Record for the Brown County
Conservation District and the Nemaha
County Conservation District


/s/ Daniel G. Steele

_____
Daniel G. Steele
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station
Post Office Box 663
Washington, D.C.  20044-0663

Attorney of Record for all Federal
Defendants

## CERTIFICATE OF SERVICE

Copies of the foregoing **Stipulation for Dismissal Without Prejudice as to Several Defendants Pursuant to Rule 4l (a)(1)(A)(ii)** were sent electronically to the following counsel of record:

Jay F. Fowler  jfowler@foulston.com

J. Steven Massoni  jsm@massonilaw.com

Robin Barkett Moore  robin.moore@usdoj.gov

David M. Traster   dtraster@foulston.com, pballinger@foulston.com

Timothy B. Mustaine   tmustaine@foulston.com, lclark@foulston.com

Kim Jerome Gottschalk  jeronimo@narf.org

Steven Carl Moore  smoore@narf.org

Daniel G. Steele  daniel.steele@usdoj.gov

Christopher M. Grunewald  chris.grunewald@ksag.org

Dated this ___ day of November, 2011

_____
Amelia C. Holmes
Counsel of Record for the Kickapoo Tribe