IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KICKAPOO TRIBE OF INDIANS OF THE
KICKAPOO RESERVATION IN  KANSAS
(also known as the KICKAPOO TRIBE IN
KANSAS),

                            *Plaintiff,*

v.

MICHAEL BLACK, in his official capacity as
Director, BUREAU OF INDIAN AFFAIRS,
UNITED STATES DEPARTMENT OF
INTERIOR, *et al.*,

                          *Defendants.*

Civil Action No. 06-2248-CM-DJW

**ANSWER TO FIRST AMENDED COMPLAINT BY DEFENDANTS
NEMAHA BROWN WATERSHED JOINT DISTRICT NO. 7, DEXTER
DAVIS, WAYNE HEINIGER, GLENN HENNIGAN, LEO WESSEL,
RODNEY LIERZ, JIM RENYER,  ROGER PLOEGER,
DAVID ZEIT, AND RODNEY HEINEN**

Defendants, Nemaha Brown Watershed Joint District No. 7 (the "Watershed District"),

Dexter Davis, Wayne Heiniger, Glenn Hennigan, Leo Wessel, Rodney Lierz, Jim Renyer, Roger

Ploeger, David Zeit, and Rodney Heinen, deny each and every allegation set out in the plaintiff's

First Amended Complaint except as otherwise admitted herein.   Further answering, these

defendants allege and state:

**Preliminary Matters**

The Tribe's First Amended Complaint (Doc. 154) was filed pursuant to the terms of a

Stipulation (Doc. 151) entered into by all parties.  Paragraph 1 of the Stipulation provides that

the Tribe would dismiss certain parties without prejudice.  Paragraph 2 provides that certain

claims would be dismissed without prejudice.  Paragraph 3 goes on to provide as follows:

3.   Plaintiff's First Amended Complaint will make no changes to the allegations or the claims asserted against either the Nemaha Brown Watershed Joint District No. 7 or its Board Members (collectively the "Watershed District"), other than the dismissal of the claims that are the subject of this stipulation, without the express written consent of counsel for the Watershed District.   Provided however, this stipulation is without prejudice to the Plaintiff's right to seek to amend its Complaint, or its First Amended Complaint, by separate motion.

Counsel for these defendants have not been asked to provide, and have not otherwise provided, the written consent contemplated by the above quoted Paragraph 3.   Moreover, the Tribe has not filed a Motion to Amend its Complaint (Doc. 1) as required by the above quoted Paragraph 3.

Further answering, these defendants assert that the Claims relating to expenditure of funds in Counts Two and Six of the Complaint (Doc. 1) were not specifically asserted against the Watershed District defendants.   Except as otherwise provided herein, the differences between the Complaint and the First Amended Complaint do not appear to be substantive, or can be construed as non-substantive changes.   Nevertheless, any allegations set out in the First Amended Complaint that alter, amend, or otherwise vary the Tribe's allegations or the claims as originally asserted in the Complaint violate the terms of the Stipulation and must be struck.

1.   These defendants do not have sufficient information to determine the truth of the allegations of the first five sentences of Paragraph 1 of the First Amended Complaint, and therefore deny them.   The allegations in the sixth sentence are admitted since water is vital to any community.   These defendants deny the allegations of the seventh sentence of Paragraph 1.

2.   These defendants admit that the allegations of the first and second sentences of Paragraph 2 of the First Amended Complaint describe some of plaintiff's contentions and some of plaintiff's requested relief, but deny that those contentions are true and deny that plaintiff is entitled to the requested relief.  These defendants deny the allegations of the third sentence of Paragraph 2.

3.   These defendants admit that the allegations in Paragraph 3 of the First Amended Complaint describe some of plaintiffs' contentions, but deny that those contentions are true and deny that plaintiff is entitled to the requested relief.  These defendants specifically deny that they made any "express promises" to the Tribe in the *1994 Watershed Plan and Environmental Impact Statement,* (the "1994 Watershed Plan").

4.   In response to Paragraph 4 of the First Amended Complaint, these defendants admit that the 1994 Watershed Plan was executed by the NRCS pursuant to the authority of Public Law 83-566, 16 U.S.C. §§ 1001-1008, ("PL-566"), in effect at the time the 1994 Watershed Plan was executed, and that the remainder of Paragraph 4 accurately summarizes many of the main components of the PL-566 program.

5.   These defendants admit that the allegations in Paragraph 5 of the First Amended Complaint describe some of plaintiffs' contentions, but deny that those contentions are true and deny that plaintiff is entitled to the requested relief.

6.   These defendants deny the allegations of Paragraph 6 of the First Amended Complaint.

7.    These defendants admit that the allegations of Paragraph 7 of the First Amended Complaint (including its eight subparagraphs a. - h.) describe some of plaintiff's contentions, some of plaintiff's requested relief, and some of the ostensible legal bases for plaintiff's claims, but deny that those contentions are true, deny that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1362, deny that plaintiff has stated legal bases for its claims or that such legal bases exist, and deny that plaintiff states a claim upon which relief can be granted.

8.    These defendants admit that the allegations of Paragraph 8 of the First Amended Complaint describe some of plaintiff's contentions, but deny those contentions to the extent that they state or imply that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2).

9.    These defendants admit that the allegations of Paragraph 9 of the First Amended Complaint describe some of plaintiff's contentions, but deny those contentions to the extent that they state or imply that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367.

10.    These defendants admit that plaintiff sent numerous letters to the Bureau of Indian Affairs and the Office of the Solicitor at various times seeking help from the United States with regard to water supplies and that the Tribe received letters from Mr. Cason and Mr. Wells as described in Paragraph 10 of the First Amended Complaint.  These defendants deny that either letter "denied" the Tribe's request for assistance.  Instead, the letter from Mr. Cason stated that the BIA had no available resources with which it was able to assist the Tribe.  The letter from Mr. Wells stated that the BIA "has worked with the Tribe extensively during this last year to aid

in finding a solution. Unfortunately, our collective efforts have not been successful." Said letter did not deny the Tribe's request for assistance; instead it stated that the BIA had exhausted all of its potential resources for assisting the Tribe.

11. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 11 of the First Amended Complaint and therefore deny the same.

12. These defendants admit the allegations of Paragraph 12 of the First Amended Complaint.

13. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 13 of the First Amended Complaint and therefore deny the same.

14. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 14 of the First Amended Complaint and therefore deny the same.

15. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 15 of the First Amended Complaint and therefore deny the same.

16. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 16 of the First Amended Complaint and therefore deny the same.

17. These defendants admit that the United States, as Trustee for the Tribe, is entitled to a federal reserved water right pursuant to *Winters v. United States*, 207 U.S. 564 (1908) and its progeny. The remaining allegations in Paragraph 17 of the First Amended Complaint are denied.

18. These defendants state that the treaties and statutes referenced in Paragraph 18 of the First Amended Complaint speak for themselves, and deny that plaintiff has fairly or accurately summarized the federal government's obligations to plaintiff under those treaties and statutes or other law.

19.  Answering Paragraph 19 of plaintiff's First Amended Complaint, these defendants admit that the United States, as Trustee for the Tribe, is entitled to a federal reserved water right pursuant to *Winters v. United States*, *supra*, and its progeny, but deny that plaintiff has fairly or accurately summarized the federal government's obligations to plaintiff under those cases.

20.  The allegations of Paragraph 20 of the First Amended Complaint are denied.

21.  These defendants admit that the BIA provided approximately $150,000 for feasibility studies, as described in Paragraph 21 of the First Amended Complaint, but these defendants do not have sufficient information to determine the truth of the other allegations of Paragraph 21, and therefore deny the same.

22.  These defendants deny the allegations of Paragraph 22 of the First Amended Complaint.

23.  These defendants admit the allegations of Paragraph 23 of the First Amended Complaint.

24.  Answering Paragraph 24 of plaintiff's First Amended Complaint, these defendants deny that there is any specific authority requiring Mr. Barfield or the Kansas Department of Agriculture, Division of Water Resources ("DWR") to recognize, respect, or enforce federally reserved water rights, especially to the extent that the United States has not made a claim for such rights or otherwise established the existence or the characteristics of any such right.  They further deny that Mr. Barfield or DWR have any affirmative duties to the Tribe under federal law.

25.  These defendants are not aware of any affirmative steps taken by Mr. Barfield, his predecessors, or DWR to recognize, respect, or enforce any *Winters* Doctrine water rights on the Kickapoo Reservation as asserted in Paragraph 25 of the First Amended Complaint.  However,

these defendants do not have sufficient information to determine that no such steps have ever been taken and therefore deny the allegations of Paragraph 25.   Further answering, these defendants deny that Mr. Barfield, his predecessors, or DWR have any duty to take such steps.

26.   These defendants admit that the allegations of Paragraph 26 of the First Amended Complaint describe some of plaintiff's contentions and some of plaintiff's requested relief, but deny that plaintiff is entitled to the requested relief.   To the extent any of the requested relief is available, it is available to the United States as Trustee for the Tribe rather than to the Tribe itself.

27.   These defendants admit that the Watershed District was established under the laws of the State of Kansas for various specified purposes, but deny that plaintiff has fairly or accurately summarized the cited statutes in Paragraph 27 of the First Amended Complaint, state that the cited statutes speak for themselves, deny the other allegations of Paragraph 27, and, in particular, deny that the Watershed District entered into a partnership, formal or otherwise, with plaintiff.

28.   These defendants admit that plaintiff and the Watershed District, but not the individual board members, signed the 1994 Watershed Plan, but deny the other allegations of Paragraph 28 of the First Amended Complaint.   Further answering, these defendants deny that the Watershed District promised, expressly or otherwise, to exercise the power of eminent domain to condemn lands for the Plum Creek project or any other lands on the Reservation.

29.   The allegations set out in Paragraph 29 of the First Amended Complaint are in violation of Paragraph 2 of the Stipulation (Doc. 151) in that they impermissibly resurrect Counts Two and Six of the Complaint (Doc 1), which have been dismissed.   Further answering, these defendants admit that the Watershed District participated in various Federal and State programs in order to carry out its duties and functions as authorized by law.   However, these

defendants deny that the 1994 Watershed Plan is a contract between the Watershed District and the Tribe, that the Watershed District has any affirmative obligations to the Tribe under the 1994 Watershed Plan or otherwise, that the Watershed District made promises to the Tribe or that it violated any such promises, and that its actions in any way "violated the terms and conditions," if any, of the 1994 Watershed Plan.

30. The following language in Paragraph 30 of the First Amended Complaint (Doc. 154) was not included in the corresponding Paragraph 28 of the Complaint (Doc. 1): "and their individual and collective actions to oppose the implementation of the 1994 Agreement are" and is in violation of the Stipulation (Doc. 151) to the extent that it attempts to assert any post-Complaint allegations or claims. Further answering, these defendants admit the allegations of the first sentence of Paragraph 30 of the First Amended Complaint and admit that the allegations of the second sentence of Paragraph 30 describe some of plaintiff's contentions, but deny that those contentions are true.

31. These defendants admit that the 1994 Watershed Plan was signed by the Tribe, the Watershed District, and numerous other parties at about the time stated in Paragraph 31 of the First Amended Complaint; that the 1994 Watershed Plan was approved by the United States Congress; and that both the Tribe and the Watershed District, together with the Atchison County Conservation District, the Brown County Conservation District, the Jackson County Conservation District, the Nemaha County Conservation District, and the Kansas Department of Wildlife and Parks are "sponsors" of the 1994 Watershed Plan.

32. These defendants state that the 1994 Watershed Plan speaks for itself, and deny that plaintiff has fairly or accurately summarized its provisions in Paragraph 32 of the First Amended Complaint. Specifically, and without limitation, the Watershed District did not agree to fund all or any part of the Tribe's planned multi-purpose structure or the three smaller flood retention structures on the Reservation. Likewise, the Tribe did not agree to fund any portion of the smaller flood retention structures that were planned for areas outside the Reservation boundaries.

33. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 33 of the First Amended Complaint and therefore deny the same.

34. These defendants assert that the *Winters* and *Arizona* cases speak for themselves, and deny that plaintiff has fairly or accurately summarized those specified cases, or other unspecified cases and sources of law, in the first and second sentences of Paragraph 34 of the First Amended Complaint. These defendants admit that the *Winters* rights that were reserved by the United States, not the Tribe, are likely to be very senior water rights on the Upper Delaware River and its tributaries, but may not be the most senior water rights. These defendants deny the allegations of the last two sentences of Paragraph 34.

35. These defendants deny the allegations of Paragraph 35 of the First Amended Complaint and assert that by virtue of the dismissal of Counts Two and Six of the Complaint (Doc 1), these allegations are superfluous and unnecessary or, in the alternative, that they violate the terms of the Stipulation (Doc. 151) as previously stated.

36. These defendants admit the allegations of the second sentence of Paragraph 36 of the First Amended Complaint, but deny the allegations of the first and third sentences of Paragraph 36.

37. These defendants admit that the Plum Creek project was designed to provide water storage, soil erosion, flood control, and water and fisheries-based recreation, but deny the remaining allegations of Paragraph 37 of the First Amended Complaint.

38. These defendants deny the allegations of Paragraph 38 of the First Amended Complaint.

39. These defendants deny the allegations of Paragraph 39 of the First Amended Complaint.

40. These defendants generally admit the allegations of Paragraph 40 of the First Amended Complaint, but state in addition that the described measures have also benefited plaintiff and other Indian landowners within the Watershed District.

41. These defendants admit that plaintiff has, at various times since 1983, worked toward future construction of a reservoir on the plaintiff's Reservation, but deny the other allegations of Paragraph 41 of the First Amended Complaint.

42. These defendants deny the allegations of the first sentence of Paragraph 42 of the First Amended Complaint and admit the allegations of the second sentence of Paragraph 42.

43. These defendants deny the allegations of Paragraph 43 of the First Amended Complaint.

44. These defendants deny the allegations of Paragraph 44 of the First Amended Complaint.

45. These defendants deny the allegations of Paragraph 45 of the First Amended Complaint.

46. These defendants admit the allegations of the first sentence of Paragraph 46 of the First Amended Complaint, but do not have sufficient information to determine the truth of the allegations of the second sentence and therefore deny the same.

47. These defendants admit the allegations of the first four sentences of Paragraph 47 of the First Amended Complaint, but deny the allegations of the fifth sentence of Paragraph 47.

48. These defendants admit that in 2003 there was a drought, that the Delaware River and its tributaries were without flow during some periods, and that plaintiff trucked water to the Reservation. These defendants deny that any upstream impoundments they developed caused or contributed to the plaintiff's problems that year or in any other year. These defendants do not have sufficient information to determine the truth of the other allegations of Paragraph 48 of the First Amended Complaint and therefore deny the same.

49. These defendants admit that water resources are generally greater in the Great Lakes region than in Northeast Kansas, but deny the other allegations of Paragraph 49 of the First Amended Complaint.

50. These defendants deny the allegations of Paragraph 50 of the First Amended Complaint.

51. These defendants admit the allegations of the first sentence of Paragraph 51 of the First Amended Complaint and admit that plaintiff operates a school, but do not have sufficient information to determine the truth of the other allegations of Paragraph 51, and therefore deny the same.

52. These defendants admit that the Tribe engages in some fire protection activities but do not have sufficient information to determine the truth of the other allegations of Paragraph 52 of the First Amended Complaint and therefore deny the same.

53.  These defendants admit the allegations of Paragraph 53 of the First Amended Complaint.

54.  These defendants admit that under some circumstances the United States may have an obligation to protect federal reserved water rights, but deny that the United States has such an obligation under the facts of this case, deny that plaintiff has fairly or accurately summarized any such rights, and deny the other allegations of Paragraph 54 of the First Amended Complaint.

55.  These defendants admit the allegations of the first and fourth sentences of Paragraph 55 of the First Amended Complaint, admit that plaintiff obtained approximately $150,000 from the BIA for watershed planning, deny the allegations of the second, third, and sixth sentences of Paragraph 55, and do not have sufficient information to determine the truth of the other allegations of Paragraph 55, and therefore deny the same.

56.  These defendants admit the allegations of Paragraph 56 of the First Amended Complaint.

57.  These defendants admit the allegations of Paragraph 57 of the First Amended Complaint.

58.  These defendants state that the minutes cited in the first sentence of Paragraph 58 of the First Amended Complaint speak for themselves and deny that plaintiff has fairly or accurately summarized those minutes; defendants deny the allegations of the second sentence of Paragraph 58.  These defendants specifically assert that the Watershed District and the Tribe always understood and agreed that the Tribe had the sole obligation to acquire any and all land rights for the planned Plum Creek reservoir.

59.  These defendants admit the allegations of Paragraph 59 of the First Amended Complaint.

60. These defendants admit that the 1994 Watershed Plan was signed by the sponsors referred to above and the NRCS during the period alleged in Paragraph 60 of the First Amended Complaint, state that the 1994 Watershed Plan speaks for itself, and deny that plaintiff has fairly or accurately summarized the terms of the 1994 Watershed Plan.

61. These defendants admit that the 1994 Watershed Plan was signed, state that the 1994 Watershed Plan speaks for itself, and deny that plaintiff has fairly or accurately summarized the 1994 Watershed Plan in Paragraph 61 of the First Amended Complaint.

62. These defendants deny the allegations of Paragraph 62 of the First Amended Complaint.

63. These defendants admit the allegations of the first and third sentences of Paragraph 63 of the First Amended Complaint to the extent that they describe the planned characteristics and funding of the Plum Creek reservoir, but deny those allegations to the extent that they state or imply that the Plum Creek reservoir now exists or has been funded; these defendants deny the allegations of the second sentence of Paragraph 63.

64. These defendants admit the allegations of Paragraph 64 of the First Amended Complaint.

65. These defendants deny the allegations of Paragraph 65 of the First Amended Complaint.  It does not appear that the notice was actually placed in the Federal Register as alleged.

66. These defendants state that the 1994 Watershed Plan speaks for itself, and deny that plaintiff has fairly or accurately summarized that document in Paragraph 66 of the First Amended Complaint.  In particular, these defendants assert that the Tribe's emphasis on the term "purchase" in Paragraph 66 of the First Amended Complaint is misleading because the 1994

Watershed Plan does not use this term in relationship to acquisition of land rights for the planned reservoirs.  For example, Paragraph 1, p. iv., of the 1994 Watershed Plan states that the Tribe will "acquire" the necessary land rights.  The EIS portion of the 1994 Watershed Plan states that the "The Tribe will furnish legal services and obtain all land rights needed for installation of the floodwater retarding dams on their reservation and the multipurpose dam."  1994 Watershed Plan, p. 51.  These defendants deny that they are obligated to condemn lands for the Plum Creek project, and state that those lands are to be acquired by and paid for by plaintiff (with some federal assistance), not the Watershed District.

67.  These defendants deny the allegations of Paragraph 67 of the First Amended Complaint.

68.  These defendants deny that the allegations of Paragraph 68 of the First Amended Complaint fairly or accurately summarize the Permit referred to in Paragraph 68 and deny the allegations of Paragraph 68 to the extent that they state or imply that the Watershed District has been opposed to the development of the Plum Creek project or intended not to carry out activities covered by the described permit, but otherwise admit the allegations of Paragraph 68.

69.  These defendants admit the allegations of the first sentence of Paragraph 69 of the First Amended Complaint, but deny the allegations of the second sentence of Paragraph 69.

70.  These defendants deny the allegations of Paragraph 70 of the First Amended Complaint.

71.  These defendants do not have sufficient information to determine the truth of the allegations of the first sentence of Paragraph 71 of the First Amended Complaint, and therefore deny those allegations; these defendants deny the allegations of the second sentence of Paragraph 71.

72. These defendants deny the allegations of Paragraph 72 of the First Amended Complaint.

73. These defendants admit the allegations of Paragraph 73 of the First Amended Complaint.

74. These defendants admit that on or about the date stated in Paragraph 74 of the First Amended Complaint plaintiff met with members of the Watershed District Board and that various means of obtaining land rights for the Plum Creek project were discussed; these defendants deny that the Watershed District has any contractual commitment or obligation to condemn land for the Plum Creek project and deny that the Watershed District Board members expressed no reluctance to condemn land for the project.

75. These defendants admit the allegations of the first sentence of Paragraph 75 of the First Amended Complaint, and admit that the Tribe obtained appraisals and made offers to purchase land for the Plum Creek project, but these defendants do not have sufficient information to determine the truth of the other allegations of Paragraph 75, and therefore deny the same.

76. These defendants are aware that the Tribe has purchased some land, but do not have enough information to determine the truth of the rest of the allegations of Paragraph 76 of the First Amended Complaint and therefore deny the same.

77. These defendants deny the allegations of Paragraph 77 of the First Amended Complaint.

78. These defendants admit the allegations of the first two sentences of Paragraph 78 of the First Amended Complaint, but deny the allegations of the third sentence of Paragraph 78.

79.  These defendants admit the allegations of Paragraph 79 of the First Amended Complaint.

80.  These defendants deny the allegations of Paragraph 80 of the First Amended Complaint.

81.  These defendants state that the letter described in Paragraph 81 of the First Amended Complaint speaks for itself, deny that plaintiff has fairly or accurately summarized the letter, and deny that the defendant Watershed District's Board has obligations to condemn property for the Plum Creek project; these defendants do not have enough information to determine the truth of plaintiff's allegations that all letters of offer made to fee land owners were attached to the letter described in Paragraph 81, and therefore deny those allegations.

82.  These defendants deny the allegations of the first, second, and fifth sentences of Paragraph 82 of the First Amended Complaint, but admit the allegations of the third and fourth sentences of Paragraph 82.  Further answering, these defendants state that the 1994 Watershed Plan may have been modified.

83.  These defendants deny the allegations of Paragraph 83 of the First Amended Complaint.

84.  These defendants are generally aware that such requests have been made and denied, but do not have enough information to determine the truth of the allegations of Paragraph 84 of the First Amended Complaint, and therefore deny the same.

85.  These defendants admit that since 1994 the Watershed District has been involved in the planning and development of some flood retention dam projects under state and federal cost-share programs, many of which benefit the Tribe while others have no impact on the Tribe, but deny the other allegations of Paragraph 85 of the First Amended Complaint.

86. These defendants state that the written reports and minutes referred to in Paragraph 86 of the First Amended Complaint speak for themselves and deny that plaintiff has fairly or accurately summarized those reports and minutes; these defendants do not have enough information to determine the truth of the other allegations of Paragraph 86 and therefore deny the same.

87. These defendants admit the allegations of the first two sentences of Paragraph 87 of the First Amended Complaint, but deny the allegations of the third sentence of Paragraph 87.

88. These defendants deny the allegations of Paragraph 88 of the First Amended Complaint.

89. These defendants do not have sufficient information to determine the truth of the allegations of Paragraph 89 of the First Amended Complaint and therefore deny the same. Further answering, the allegations of Paragraphs 89-99 of the First Amended Complaint, as well as other allegations, are superfluous and unnecessary or, in the alternative, that they violate the terms of the Stipulation (Doc. 151) as previously stated.

90. These defendants admit that EQIP funds have been used to pay for improvements upriver from the Kickapoo reservation, but deny the other allegations of Paragraph 90 of the First Amended Complaint.

91. These defendants do not have enough information to determine the truth of the allegations of Paragraph 91 of the First Amended Complaint and therefore deny them, except that these defendants admit that NRCS uses the term "ponds" to refer to some water impoundments that it funds.

92. These defendants do not have enough information to determine the truth of the allegations of Paragraph 92 of the First Amended Complaint and therefore deny the same.

17

93. These defendants do not have enough information to determine the truth of the allegations of Paragraph 93 of the First Amended Complaint and therefore deny the same.

94. These defendants admit the allegations of Paragraph 94 of the First Amended Complaint.

95. These defendants deny the allegations of Paragraph 95 of the First Amended Complaint.

96. These defendants deny the allegations of Paragraph 96 of the First Amended Complaint to the extent that they imply, through use of the word "ostensibly," that KSCC has not administered federal and state programs to improve water quality, reduce soil erosion, conserve water and reduce flood potential, but these defendants otherwise admit the allegations of Paragraph 96.

97. These defendants admit the allegations of the second and fourth sentences of Paragraph 97 of the First Amended Complaint, deny the allegations of the first and fifth sentences of that paragraph, and do not have enough information to determine the truth of the allegations of the third sentence of Paragraph 97 and therefore deny the same.

98. These defendants do not have enough information to determine the truth of the allegations of Paragraph 98 of the First Amended Complaint and therefore deny the same.

99. These defendants do not have enough information to determine the truth of the allegations of Paragraph 99 of the First Amended Complaint that plaintiff has not inspected all relevant KSCC records, and therefore deny those allegations; defendants admit that dams and impoundments, land terraces, and the like have been built with the assistance of KSCC funding since 1991, but deny that such structures have harmed the plaintiff and deny the other allegations of Paragraph 99.

100.  These defendants admit the allegations of Paragraph 100 of the First Amended Complaint.

101.  These defendants state that the minutes of the meeting described in Paragraph 101 of the First Amended Complaint speak for themselves, and deny that plaintiff has fairly or accurately summarized the events of that meeting.

102.  These defendants do not have enough information to determine the truth of the allegations of Paragraph 102 of the First Amended Complaint and therefore deny the same.

103.  These defendants deny the allegations of Paragraph 103 of the First Amended Complaint.

104.  These defendants state that the minutes of the meeting described in Paragraph 104 of the First Amended Complaint speak for themselves, deny that plaintiff has fairly or accurately summarized the events of that meeting, and deny that the events constitute an "example" of the facts alleged in Paragraphs 102 and 103 of the First Amended Complaint.

105.  These defendants state that the five-year plan described in the first two sentences of Paragraph 105 of the First Amended Complaint speaks for itself and deny that plaintiff has fairly or accurately summarized that plan; these defendants do not have enough information to determine the truth of the allegations of the third and fourth sentences of Paragraph 105 and therefore deny the same.

106.  These defendants admit that the five-year plan mentions site 28-10B and that the site involves land in which David Eisenbise had an interest; state that the minutes and five-year plan described in Paragraph 106 speak for themselves and deny that plaintiff has fairly or accurately described that plan or minutes; these defendants do not have enough information to determine the truth of the other allegations of Paragraph 106 and therefore deny the same.

107. These defendants admit that Rick Meggison built some EQIP ponds on his property, state that the minutes described in Paragraph 107 of the First Amended Complaint speak for themselves, and deny that plaintiff has accurately quoted those minutes or has accurately summarized them or the events they describe; these defendants deny the other allegations of Paragraph 107.

108. These defendants state that the records described in Paragraph 108 of the First Amended Complaint speak for themselves; these defendants deny that plaintiff has fairly or accurately summarized those records and deny the allegations of Paragraph 108 to the extent that they state that the Watershed District was an "active partner" in 53 dam projects and to the extent that those allegations state or imply that the defendant  Watershed District has acted contrary to or in derogation of the provisions of the 1994 Watershed Plan.

109. These defendants deny the allegations of Paragraph 109 of the First Amended Complaint, particularly to the extent that they state or imply that the Watershed District has acted contrary to or in derogation of the 1994 Watershed Plan and to the extent they state or imply that the Watershed District and its Board members have acted "behind the scenes" rather than openly and publicly.

110. Answering Paragraph 110 of the First Amended Complaint, these defendants incorporate all of their above responses to Paragraphs 1-109.

111. These defendants admit that plaintiff has rights often described as *Winters* rights, but deny that plaintiff has fairly or accurately described the nature or extent of those rights in Paragraph 111 of the First Amended Complaint. Further answering, if true, the allegations of Paragraph 111 impose no obligations or duties on these defendants.

112.  These defendants admit that the United States has rights, often described as *Winters* rights, but deny that plaintiff has fairly or accurately described the nature or extent of those rights in Paragraph 112 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 112 impose no obligations or duties on these defendants.

113.  These defendants admit that the United States has rights, often described as *Winters* rights, but deny that plaintiff has fairly or accurately described the nature or extent of those rights in Paragraph 113 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 113 impose no obligations or duties on these defendants.

114.  These defendants deny the allegations of Paragraph 114 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 114 impose no obligations or duties on these defendants.

115.  These defendants deny the allegations of Paragraph 115 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 115 impose no obligations or duties on these defendants.

116.  These defendants deny the allegations of Paragraph 116 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 116 impose no obligations or duties on these defendants.

117.  These defendants admit that Paragraph 117 of the First Amended Complaint describes some of plaintiff's contentions and describes some of the relief plaintiff seeks, but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.  Further answering, if true, the allegations of Paragraph 117 impose no obligations or duties on these defendants.

118.  Answering Paragraph 118 of the First Amended Complaint, these defendants incorporate all of their above responses to Paragraphs 1-117.

119.  These defendants deny the allegations of Paragraph 119 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 119 impose no obligations or duties on these defendants.

120.  These defendants deny the allegations of Paragraph 120 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 120 impose no obligations or duties on these defendants.

121.  These defendants deny the allegations of Paragraph 121 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 121 impose no obligations or duties on these defendants.

122.  These defendants deny the allegations of Paragraph 122 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 122 impose no obligations or duties on these defendants.

123.  These defendants deny the allegations of Paragraph 123 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 123 impose no obligations or duties on these defendants.

124.  These defendants deny the allegations of Paragraph 124 of the First Amended Complaint.  Further answering, if true, the allegations of Paragraph 124 impose no obligations or duties on these defendants.

125.  These defendants admit that Paragraph 125 of the First Amended Complaint describes some of plaintiff's contentions and describes some of the relief plaintiff seeks, but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.  Further answering, if true, the allegations of Paragraph 125 impose no obligations or duties on these defendants.

126.  Answering Paragraph 126 of the First Amended Complaint, these defendants incorporate all of their above responses to Paragraphs 1-125.

127.  These defendants deny the allegations of Paragraph 127 of the First Amended Complaint.

128.  These defendants do not have enough information to determine the truth of the allegations of Paragraph 128 of the First Amended Complaint and therefore deny the same.

129.  These defendants admit the allegations of the first sentence of Paragraph 129 of the First Amended Complaint, but deny the allegations of the second sentence of Paragraph 129.

130.  These defendants deny the allegations of the first sentence of Paragraph 130 of the First Amended Complaint; these defendants do not have enough information to determine the truth of the allegations of the second sentence of Paragraph 130, and therefore deny the same.

131.  These defendants deny the allegations of Paragraph 131 of the First Amended Complaint.

132.  Answering Paragraph 132 of plaintiff's First Amended Complaint, these defendants deny that they or any of them have any duty to the plaintiff, that if there is a duty, that there has been any failure to perform it, and that the plaintiff is entitled to damages or equitable relief from these defendants or any of them on any theory.

133. These defendants admit that Paragraph 133 of the First Amended Complaint describes some of plaintiff's contentions and describes some of the relief plaintiff seeks, but deny that the contentions are true or that plaintiff is entitled to any of the relief sought.

134. Answering Paragraph 134 of the First Amended Complaint, these defendants incorporate all of their above responses to Paragraphs 1-133.

135. These defendants state that the 1994 Watershed Plan speaks for itself and deny that plaintiff has fairly or accurately summarized the same in Paragraph 135 of the First Amended Complaint.

136. These defendants deny the allegations of Paragraph 136 of the First Amended Complaint.

137. These defendants deny the allegations of Paragraph 137 of the First Amended Complaint.

**Defenses**

1. The Watershed District and its individual Board members assert that the 1994 Watershed Plan is not a contract at all but merely a planning document. It does not require the Watershed District to institute condemnation proceedings on behalf of the Tribe. Instead, by its plain terms, the Tribe has represented that it has eminent domain authority and has agreed to exercise that authority to acquire any and all land rights that are needed for projects on the Tribe's Reservation. More importantly, it creates no obligation on the part of the Watershed District to acquire land rights on the Reservation or for the "multipurpose site" or for the other floodwater dams that were planned for the Reservation. The Watershed District and its Board members specifically deny that they or any of them are in breach of the 1994 Watershed Plan or any other agreement or that they have any duty to the Tribe.

2.    These defendants further assert that because government officials are immune from personal liability for official conduct when the action at issue was a legislative function, and because each and every action of the Watershed District has been a legislative function, the Tribe's claims against the individual Board Members should be dismissed.

3.    In addition, the Watershed District and its Board members specifically DENY that:

a.    any common-law principle, statute, agreement, or other circumstance imposes any fiduciary or other duty on them in favor of the Tribe or its members;

b.    they have violated any specific trust-creating statute or regulation;

c.    any of the federal statutes cited by the Tribe impose any fiduciary or other duty on them;

d.    they have no duty to uphold, or to act consistently with, the United States' general trust obligation;

e.    they have violated any applicable federal common or statutory law in any respect;

f.    they have an affirmative obligation to fulfill all of the promises, if any, made by other parties to the 1994 Watershed Plan, as the Tribe appears to assert;

g.    they have breached or violated any alleged promises in the 1994 Watershed Plan;

h.    they have failed to perform any contractual duty owed to the Tribe;

i.    they have acted in any way that is unlawful or in violation of any legal or contractual duty or obligation, if any, owed to the Tribe;

j.    the Tribe is entitled to specific performance, injunctive relief, or any other relief requested; and that

k.   the actions of the individual members of the Board of Directors are ultra vires, wrongful, or otherwise actionable.

4.   The Watershed District and its Board Members specifically assert that:

a.   the 1994 Watershed Plan creates no obligation on the part of the Watershed District or its Board members to the Tribe;

b.   the Watershed District's obligations, if any, are dependent upon the prior occurrence of several other events that have not yet occurred, rendering the Tribe's breach of contract claims premature and unripe.

c.   to the extent the 1994 Watershed Plan is otherwise binding, it was the act of a former Board, which had no authority to bind future Boards or Board members to take discretionary actions.

d.   any duty these defendants owe to the Tribe, the existence of which are denied, has been or should be discharged by other federal, state, or local governmental entities' compliance with laws and regulations of general application, including but not limited to those related to soil and water conservation and flood prevention.

e.   the Court lacks subject matter jurisdiction;

f.   the Tribe has failed to state a claim against them upon which relief can be granted;

g.   the Tribe lacks standing;

h.   the Watershed District is not a party to the treaties cited by the Tribe;

i.   the terms of the contract alleged to exist among the parties violates the Kansas Cash Basis Law and the Kansas Budget Law and would require them to do other things they are not authorized by law to do;

j.   to the extent that the 1994 Watershed Plan obligates the Watershed District to exercise eminent domain power to acquire property for the Tribe, it is unenforceable under the Reserved Powers Doctrine;

k.   the Tribe has failed to exhaust available and adequate administrative remedies;

l.   The Tribe's claims are barred under the doctrines of estoppel, quasi-estoppel, waiver, judicial estoppel, and under similar equitable doctrines;

m.   the Tribe's claims are barred by applicable statutes of limitations and are barred under the doctrine of laches or similar doctrines requiring that claims be timely raised;

n.   the alleged contract obligations have been discharged by the prior significant breaches of the alleged contract by the Tribe and/or by the non-fulfillment of contractual conditions precedent to these defendants' alleged contractual obligations;

o.   the Tribe has failed to join necessary parties to this action, including various individual private landowners, and members of its Tribe;

p.   these defendants are entitled to absolute legislative immunity and to qualified immunity;

q.   the Tribe's claims are barred by sovereign and statutory immunity, including but not limited to immunity under the Kansas Tort Claims Act and the Eleventh Amendment to the United States Constitution;

r.   none of the various state and federal statutes cited by the Tribe provide for private causes of action or for substantive relief;

s.   any damages or injuries the Tribe has sustained were caused by the Tribe or others whose fault should be compared; and that

t.    the terms of the contract alleged to exist among the parties would require defendants to do other things they are not authorized by law to do; the contract is accordingly void.

5.    The alleged contract is also void because it was fraudulently induced by intentional misrepresentations to the people who were then officers and Board members of the Watershed District.    These intentional misrepresentations were made by Matt Sprick, District Soil Conservationist for NRCS or its predecessor, SCS, and were to the effect that the Watershed District would not be required to condemn land for the Plum Creek project under the alleged contract, then under consideration, and that individual Board members would be free to vote their conscience as to whether any such land would be condemned in the future.    These intentional misrepresentations were made in order to overcome the Watershed District Board members' concerns about the alleged contract, and the Watershed District Board would not have authorized or agreed to the alleged contract had it disbelieved Sprick's statements.

6.    The Watershed District and its Board members specifically reserve any other defenses as may appear in the pleadings and upon further discovery.

WHEREFORE, these defendants pray that plaintiff take nothing in this civil action, that plaintiff be denied any relief whatsoever against these defendants, that these defendants recover their costs herein, and that the Court grant these defendants such additional relief as the Court may deem just and equitable.

Respectfully submitted,


_s/David M. Traster_____
David M. Traster, KS #11062
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: 316-291-9725
Fax: 866-347-3138
dtraster@foulston.com
*Attorneys for Nemaha Brown Watershed Joint
District No. 7, Dexter Davis, Wayne Heiniger,
Glenn Hennigan, Leo Wessel, Rodney Lierz,
Jim Renyer, Roger Ploeger, David Zeit, and
Rodney Heinen*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of January, 2012, I presented the foregoing to the

Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of

electronic filing to the following:

*Attorneys for Plaintiff:*

Steven C. Moore                          smoore@narf.org
Kim J. Gottschalk                        jeronimo@narf.org
Native American Rights Fund
1506 Broadway
Boulder, CO 80302


Steven A. Campbell                       steve.campbell@ktik-nsn.gov
Ilse L. Smith                            ilse.smith@ktik-nsn.gov
Amelia C. Holmes                         holmesameliac@yahoo.com
Kickapoo Tribe Legal Dept.
P. O. Box 110
1107 Goldfinch Road
Horton, KS 66439

*Attorneys for Defendant, Michael Black:*

Daniel G. Steele                           daniel.steele@usdoj.gov
U.S. Department of Justice
P. O. Box 663
Washington, DC 20044-0663

and

Robin Barkett Moore                        robin.moore@usdoj.gov
Office of the United States Attorney
301 N. Main Street, Suite 1200
Wichita, KS 67202-4812


*Attorney for Defendant, David Barfield:*

Christopher M. Grunewald          chris.grunewald@ksag.org
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597



                                   *s/David M. Traster*
                                   David M. Traster, KS #11062