# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KICKAPOO TRIBE OF INDIANS OF THE
KICKAPOO RESERVATION IN KANSAS,

        Plaintiff,

v.                                 Civil Action No.06-2248-CM-DJW

MICHAEL BLACK, in his official capacity as Director,
BUREAU OF INDIAN AFFAIRS,
UNITED STATES DEPARTMENT OF INTERIOR,
et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Nemaha Brown Joint Watershed District No. 7's Motion to Compel (ECF No. 205). Defendant seeks an order from the Court compelling Plaintiffs to provide complete answers to Interrogatory Nos. 21, 22, 23, 24, 30, 31, and 32. Defendant also requests documents associated with these interrogatories. For the reasons set forth below, the Court grants Defendant's Motion to Compel as to Interrogatory Nos. 21, 22, 23, and 24 and related documents subject to the protections of a protective order. The Court also grants Defendant's Motion to Compel as to Interrogatory Nos. 30, 31, and 32 and related documents.

## I.  Background

The Plaintiff in this case is the Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas ("Tribe"). The Tribe initiated this action seeking declaratory relief, injunctive relief, compensatory damages, and specific performance in 2006. In 1994, the Tribe and the Nemaha Brown Joint Watershed District No. 7 ("District or Defendant") entered into a contractual

agreement ("1994 Agreement") whereby the Tribe was to acquire land at its own expense in order to build a dam project called the Plum Creek Project.[1] Relevant to this motion, the Tribe asserts that it fulfilled its obligations by rendering a good faith effort to acquire the necessary land, which effort ultimately failed.[2] Because the Tribe fulfilled its obligations, but failed to acquire all the necessary land, the Tribe alleges it became the duty of the District to use its power of eminent domain to condemn the land for the Tribe.[3]

The Defendant, on the other hand, disagrees that it had the duty to use its power of eminent domain if the Tribe failed to acquire the land on its own. The Defendant also seems to believe that even if it did have an obligation to use its power of eminent domain, that obligation was voided because the Tribe lacked the ability to actually purchase the land in question.[4]

The instant motion arises out of the Tribe's responses to the District's requests for answers to interrogatories. The District asks the Court to compel the Tribe to give answers and related documents to Interrogatory Nos. 21, 22, 23, 24, 30, 31, and 32. The District also seeks leave to depose any witnesses with knowledge of the facts contained in the responses to the interrogatories. For the reasons set forth below, the Court grants the District's motion as to Interrogatory Nos. 21, 22, 23, and 24 subject to a protective order to be negotiated by the parties. The Court also grants the District's motion as to Interrogatory Nos. 30, 31, and 32.

**II.    Analysis**

**A. Interrogatory Nos. 21, 22, 23, and 24**

---

[1] *See* Pl.'s Second Am. Compl. (ECF No. 199) at 13-14. *See also* Defs.' Mem. Supp. Mot. Compel (ECF No. 206) at 2.

[2] Pl.'s Resp. to Defs.' Mot. Compel (ECF No. 210) at 3-4.

[3] *Id.* at 4.

[4] *See* Defs.' Mem. Supp. Mot. Compel. (ECF. No. 206) at 3.

As an initial matter, it should be noted that the Tribe has not timely objected to these interrogatories. As the District points out, and the Tribe does not refute, the Tribe failed to offer objections to these discovery requests in its initial answers. The Tribe did, however, object to these interrogatories as seeking proprietary and confidential financial records.[5]

Instead of objecting in a traditional way (such as objecting to the information requested as irrelevant or overly broad), the Tribe argues the merits of its claim that it fulfilled its duty of a good faith effort to acquire the necessary property for the Plum Creek Project. Specifically, the Tribe argues that because it attempted to purchase the necessary property from various owners in good faith, it should not have to disclose the requested financial records.[6] This argument misses the point of the instant motion. It is not for this Court to decide whether the Tribe fulfilled its obligation under the 1994 Agreement. Further, the Tribe's argument that cash on hand is not necessary to prove it was ready, willing, and able to purchase the necessary property also misses the point and was waived.[7] Because the Tribe has not objected to the District's requests for discovery, the District's requests as to Interrogatory Nos. 21, 22, 23, and 24 are granted.

Even though the Tribe failed to offer legitimate and timely objections to these requests for discovery, this Court is unwilling to require a sovereign entity to disclose financial records it considers governmental in nature without the protections of a protective order. The Court may order the issuance of a protective order after a showing of good cause in order to protect a party

---

[5] Defs.' Mem. Supp. Mot. Compel (ECF No. 206) at 6. The Tribe also considered these records to be governmental in nature, and therefore confidential. Pl.'s Resp. to Defs.' Mot. Compel (ECF No. 210) at Ex. B, p. 2.

[6] Pl.'s Resp. to Defs.' Mot. Compel (ECF No. 210) at 4-5.

[7] *Moses v. Halstead*, 236 F.R.D. 667, 673 n. 15 (D. Kan. 2006).

from abuse, which includes intrusions on privacy interests.[8] "The issuance of protective orders lies within the discretion of the district court, and the Supreme Court has directed that judges should not hesitate to exercise appropriate control over the discovery process."[9]

The Court observes that, in its response to the instant motion, the Tribe conceded it is willing to negotiate a protective order in the event this Court granted the District's requests for discovery.[10] Moreover, the District has conceded that the parties have, for the most part, cooperated with each other.[11] In this context, the Court has no trouble believing that the parties will be able to negotiate a mutually beneficial protective order. Accordingly, the parties are hereby ordered to submit an agreed protective order for this Court's review within **ten (10) days**.[12] The Tribe is further ordered to supplement their answers to these interrogatories and produce responsive documents within **ten (10) days** of the filing of the agreed protective order.[13]

### B. Interrogatory Nos. 30, 31, and 32

Interrogatory Nos. 30, 31, and 32 seek information and documents itemizing the damages claimed by the Tribe from the District's alleged failure to perform its contractual obligation. Again, as an initial matter, the Court recognizes that the Tribe failed to object to these requests

---

[8] *In re Urethane Antitrust Litigation*, No. 04-1616, 2010 WL 4226214, at *2 (D. Kan. Oct. 21, 2010).

[9] *Id.* at *3 (internal quotations omitted).

[10] Pl.'s Resp. to Defs.' Mot. Compel (ECF No. 210) at 6-7.

[11] Defs.' Mem. Supp. Mot. Compel (ECF No. 206) at 7.

[12] The parties should review this Court's guidelines on agreed protective orders to assure compliance with local rules. The guidelines are available in the Guidelines option under the Rules drop-down menu at http://www.ksd.uscourts.gov/.

[13] Because the Tribe did not oppose the District's request to depose any witnesses with knowledge of the facts produced, the District shall have **fifteen (15) days** after the supplementation of answers and production of documents responsive to these requests for production to depose those witnesses the District deems necessary.

for discovery in a traditional matter. Instead, the Tribe asks the Court to stay discovery relating to the damages associated with Count Four, citing Rule 26(c) of the Federal Rules of Civil Procedure.[14] The Tribe argues that the Court's final ruling on the matter of the District's liability under the 1994 Agreement is a "gateway" issue to damages. As such, the Tribe states that the Court should stay discovery on damages because, to summarize, it will promote judicial economy.

The District, however, argues that Rule 26(c) governs only protective orders, and not stays of discovery. Contrary to the District's interpretation, Rule 26(c) does in fact govern stays of discovery.[15] Stays or limitations of discovery are within the discretion of the Court.[16] In general, the pendency of a dispositive motion is not sufficient to stay discovery.[17] The Tribe correctly states that in this district, discovery may be stayed pending a dispositive motion where: "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[18] The moving party has the burden of clearly showing a compelling reason for the stay.[19]

In this case, the Tribe argues that the ruling on the District's liability under the 1994 Agreement will have the effect of a dispositive motion.  On the other hand, the District argues

---

[14] Pl.'s Resp. to Defs.' Mot. Compel (ECF No. 210) at 7-9.

[15] *Dickman v. Department of Transp.*, No. 11-2523-JTM-GLR, 2012 WL 940779 at *1 (D. Kan. Mar. 20, 2012).

[16] *Id.*

[17] *Id.*

[18] *Id.* (internal quotations omitted).

[19] *Id.*

that damages are a required element to prove a breach of contract claim.[20]  The District is correct in its interpretation of the law.[21]  In light of this, reviewing the factors used in this District for staying discovery, the Court finds that the factors weigh in favor of not staying discovery. First, the Court finds that at this stage in the litigation, it is just as likely as not that the case will be "finally concluded as a result of the ruling" on the District's liability under the 1994 Agreement. Second, because damages are an essential element to a breach of contract claim, the information sought by the District during discovery[22] on this issue will certainly affect its outcome. Third, allowing discovery to continue on the Count Four damages issues will not be wasteful and burdensome since damages are an essential element to prove a breach of contract.

Because damages are an essential element of the Tribe's breach of contract claim, and given that the Tribe failed to demonstrate the three factors relating to a stay of discovery, the Court finds that the Tribe did not carry its burden of clearly showing a compelling reason to stay discovery. Further, because the Tribe failed to raise any other objections, the District's motion to compel as to Interrogatory Nos. 30, 31, and 32 is granted. The Tribe shall have **twenty (20) days** to supplement its answers to these interrogatories and provide responsive documents as requested therein.[23]

---

[20] Defs.' Reply to Motion to Compel (ECF No. 213) at 13 (citing *Weatherby v. Burlington Northern and Santa Fe Railway Co.*, 209 F. Supp. 2d 1155, 1163 (D. Kan. 2002)).

[21] *Weatherby v. Burlington Northern and Santa Fe Railway, Co.*, 209 F. Supp. 2d 1155 (D. Kan. 2002).

[22] Discovery is incomplete because the Court has vacated the original Scheduling Order (ECF No. 212).

[23] Because the Tribe did not oppose the District's request to depose any witnesses with knowledge of the facts produced, the District shall have **thirty (30) days** after the supplementation of answers and production of documents responsive to these requests for production to depose those witnesses the District deems necessary.

**IT IS THEREFORE ORDERED** that the District's Motion to Compel (ECF No. 205) is granted subject to an agreed protective order as to Interrogatory Nos. 21, 22, 23 and 24, and granted as to Interrogatory Nos. 30, 31, and 32.

**IT IS FURTHER ORDERED** that the parties shall, within **ten (10) days** of the filing of this Order, submit to the Court an agreed protective order, subject to compliance with the District of Kansas Local Rules for protective orders.

**IT IS FURTHER ORDERED** that the Tribe, within **ten (10) days** of the filing of the protective order, shall supplement its answers and produce responsive documents to Interrogatory Nos. 21, 22, 23, and 24. The District shall have **thirty (30) days** from the date of filing of the supplemental answers and responsive documents to depose any witnesses to the facts therein it deems necessary.

**IT IS FURTHER ORDERED** that the Tribe, within **twenty (20) days** of the filing of this Order, shall supplement its answers and produce responsive documents to Interrogatory Nos. 30, 31, and 32. The District shall have **thirty (30) days** from the date of filing of the supplemental answers and responsive documents to depose any witnesses to the facts therein it deems necessary.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 15th day of August, 2012.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:     All counsel