Steven Carl Moore, Esq., Colorado Bar #9863
K. Jerome Gottschalk, Esq., New Mexico Bar #3799
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296
smoore@narf.org

Amelia C. Holmes, Esq. Kansas Bar #20346
Kickapoo Tribal Legal Department
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS,

Plaintiff,

v.

MICHAEL BLACK, et al.

Defendants.

No. 06-2248 CM-DJW

**PLAINTIFF KICKAPOO TRIBE'S MEMORADUM IN SUPPORT
OF MOTION TO STRIKE**

This is a motion to strike the four Affidavits attached to the District's Memorandum in Support of its Motion for Summary Judgment (hereafter "Memorandum") and statements made in the District's "Statement of Uncontroverted Facts" in the Memorandum. The four Affidavits of District Board President Dexter Davis, Board Members Leo Wessel and Glenn Hennigan, and

former Board Member Wayne Heiniger, contain inadmissible evidence and therefore should be stricken because they violate Fed. R. Civ. P. 56(e) and Kan. D. Rule 56.1. The District's 81 page "Statement of Uncontroverted Facts" includes numerous paragraphs replete with legal argument and conclusions that are not appropriate for that section of the District Memorandum, and are not supported directly by any facts in the record and therefore should be stricken because they violate Fed. R. Civ. P. 56(e), Kan. D. Rule 56.1 and Kan. D. Rule 7.1(e).

## I. The District submitted Affidavits and improper legal argument in its "Statement of Uncontroverted Facts" that should be stricken as violations of Fed. R. Civ. P. 56(e) and Kan. D. Rule 56.1.

This Court has established that motions to strike can be based on Fed. R. Civ. P. 56(e). *Beckman v. Frank,* 1990 WL 21222 at *2 (D. Kan. 1990) (holding Fed. R. Civ. P. 56(e), not Fed. R. Civ. P. 12(f), controls a motion to strike an affidavit that violates Fed. R. Civ. P. 56(e))[1]. In fact parties **must** move to strike an affidavit that violates Fed. R. Civ. P. 56(e). *Id.* (emphasis added) (citing *Noblett v. General Electric Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968), *cert. denied,* 393 U.S. 935 (1968)). Because the District's proffered Affidavits and "Statement of Uncontroverted Facts" blatantly violate Fed. R. Civ. P. 56(e) and Kan. D. Rule 56.1 they must be stricken from the record.

### a. The four affidavits submitted by the District contain inadmissible parole evidence and hearsay statements that should be stricken.

For affidavits to comply with Fed. R. Civ. P. 56(e) they must meet the requirements of Fed. R. Civ. P. 56(c)(4) which states the affidavit "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the

[1] Although this Court has held Fed. R. Civ. P. 12(f) only applies to 'pleadings as defined in FRCP 7(a), *see Lemmons v. Evcon Industries, Inc.*, 2011 WL 2790195 at *8 (D. Kan. 2011), at least one District Court has held that an entire "statement of fact" section in a partial motion for summary judgment could be stricken pursuant to Fed. R. Civ. P. 12(f), "because it contains numerous unsworn allegations unsupported by the record." *Fann v. City of Cleveland, Ohio*, 616 F.Supp. 305, 308 (D. Ohio 1985); *see also* 61A Am. Jur. 2d Pleading § 457.

affiant is competent to testify to the matters stated therein." *Id*. D. Kan. R. 56.1(d) also requires that affidavits contain admissible evidence. The majority of the statements contained in all four affidavits submitted by the District are inadmissible parole evidence and further some of the statements contain inadmissible hearsay.

"When a contract is complete, unambiguous, and free from uncertainty, parol evidence of prior or contemporaneous agreements or understandings tending to vary the terms of the contract evidenced by the writing is inadmissible." *Simon v. National Farmers Org., Inc.,* 250 Kan. 676, 679–80, 829 P.2d 884 (1992). Further, this Court has granted motions to strike affidavits that contain parol evidence when a contract is unambiguous on its face. *American Maplan Corp. v. Heilmayr*, 179 F.Supp.2d 1249, 1253 (D.Kan. 2002). The Affidavits of Davis, Hennigan, Heiniger and Wessel all proffer statements in which the Affiants claim they expressed concern about and/or disagreed with, the provision regarding eminent domain and in fact did not want the provision included, but this directly contradicts the text of the 1994 agreement and the presence of the "as needed" language in the document. (*See* Davis aff. ¶ 8-18, Hennigan aff. ¶ 7-15, Heiniger aff. ¶ 5-9, Wessel aff. ¶ 6-13). Since all relevant statements in these affidavits are offered to alter the express, and unambiguous terms of the contract the affidavits should be stricken entirely. (For argument regarding clarity and unambiguous language of the agreement see Sec. I. of Tribe's Response and Cross-Motion for Summary Judgment).

Further the Davis and Hennigan affidavits contain inadmissible hearsay testimony regarding statements supposedly made by Matt Sprick, SCS/NRCS representative. (*See* Davis aff. ¶ 9-15 and Hennigan aff. ¶ 8-11). Hearsay is an out-of-court statement offered for the truth of the matter asserted. 31A C.J.S. Evidence § 365. Hearsay is inadmissible unless an exception applies to admit it. *Id*. Both affiants claim that Sprick, made statements and assurances regarding

the District's obligation to use eminent domain and what would actually be required under the terms of the contract, but the District does not offer a direct statement from Sprick himself, in either an affidavit or other document. (See Davis aff. ¶ 9-15 and Hennigan aff. ¶ 8-11). Since the Affiants are not the speakers, statements regarding what Sprick said are hearsay and therefore are inadmissible. Further their assertions are directly contradicted by the 2003-2004 actions of the Board, at which time the Board never refused to use its condemnation power, and the minutes of its May 12, 1994 Special Meeting, at which time the Board unanimously approved entering into the 1994 Agreement, Watershed Plan and EIS. (Def. Exhibit 157). There is no indication in the meeting minutes that Sprick made any statements regarding the District's condemnation power, or any indication the District was opposed to the language in the Plan.

**b. The District's "Statement of Uncontroverted Facts" contains legal arguments and general statements not backed by the required factual support that should be stricken.**

Fed. R. Civ. P. 56(e) requires that if a "party fails to properly support an assertion of fact … as required by Rule 56(c)" the Court may among other things, "issue any other appropriate order." Such an order can include striking the offending document or portions of a document.[2] *See Beckman* at *2. Fed. R. Civ. P. 56(c) requires, in relevant part, "a party asserting that a fact cannot be…genuinely disputed must support the assertion by: citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

[2] The Tribe recognizes it is asking for a "drastic remedy" in requesting the Court strike entire portions of the District's Memorandum. See *RMD, LLC v. Nitto Americas, Inc.*, 2012 WL 1033542, at *2, (D. Kan. 2012) (slip copy). However, when "this Court typically declines to strike a response to a motion for summary judgment or a supporting affidavit that does not comply with D. Kan. Rule 56.1 or Rule 56(c), [it] instead simply disregards those portions of the response or affidavit that do not comply." In this case that approach would be unfair because the District has used its "statement of uncontroverted facts" to contravene the Court's word and page limits without asking for leave of the Court. (*See* argument II.)

affidavits or declarations, [etc..].” Further, D. Kan. R. 56.1(a) requires a “**concise** statement of material facts” and each fact must refer particularly to the record. (emphasis added). This court has held that a 73-page statement of facts in response to a 23-page statement of facts was not “concise.” *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.* 1991 WL 151074, at *2 (D.Kan. 1991). Further, finding it a violation of Rule 56 for a party to expend “substantial time and effort to make this court's burden to discern the uncontroverted facts anything but an easy one.” *Id.*

The District’s statement is anything but concise, its statement of fact spans 81 pages and includes over 300 paragraphs. Of these 300, at least 24 paragraphs contain nothing but legal argument and legal conclusions presented as “statements of fact.”[3] For example, paragraph 24 cites a case and ¶¶ 53 and 54 don’t cite to anything in the record but are merely legal counsel’s interpretation of statutes. (*See* District Br. at 15 and 23). But most egregious are whole statements that are not supported by any references to documents or other support at all. (See ex. ¶¶ 188, 189, 195,201, 205, and 206). This legal argumentation is not supported by the record and therefore violates both Fed. R. Civ. P. 56(e) and D. Kan. R. 56.1.

## II. Superfluous legal argument in the District’s “statement of uncontroverted facts” should also be stricken because the District has used such statements to avoid the Court’s 30 page brief requirement.

D. Kan. Rule 7.1 requires “the arguments and authorities section of briefs or memoranda must not exceed 30 pages absent a court order.” And while the District’s section labeled “Argument” meets this requirement, if you added in all the legal argument from the District’s “Statement of Uncontroverted Facts” it would add multiple pages to their arguments section. The

[3] The Tribe has indicated all paragraphs it believes should be stricken from the District’s “statement of uncontroverted facts” in the text of the Tribe’s contrary statement of uncontroverted facts.

District had to use such an end run for its extensive legal arguments because it neither requested nor received permission from the Court to file an extended brief. This tactic has unfairly forced the Tribe to respond to each of these extra arguments in the 30 pages allowed for its own argument section.

Further, this Court has established it will not accept uncontroverted facts as true when it's clear, "the zeal of advocacy may have colored a party's perception of the evidence." *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 1991 WL 151074, at *2 (D.Kan. 1991) (citing *Comeau v. Rupp,* No. 86–1531, at *4 (D.Kan. 1988)).

> Statements of uncontroverted facts are just that—facts. They are not assumptions or arguable conclusions. For a factual inference to be uncontroverted, it must be the only reasonable inference to be drawn from the circumstances. Where the circumstances yield competing reasonable inferences or where other relevant circumstances support competing reasonable inferences, an uncontroverted fact is probably not present. *Id*.

Therefore, as the legal arguments and "arguable conclusions" of the District do not constitute uncontroverted facts, and they should be stricken from the fact section.

WHEREFORE, Plaintiff prays that the Court grant the relief requested.

Respectfully submitted this 1st day of March, 2013.

/s/ Steven Carl Moore

Steven Carl Moore, Esq.
K. Jerome Gottschalk, Esq.
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296

/s/ Amelia C. Holmes

Amelia C. Holmes, Esq.
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439

Attorneys for the Kickapoo Tribe in Kansas

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of March, 2013, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to the following:

***Attorneys for Plaintiff:***
Steven C. Moore smoore@narf.org
Kim J. Gottschalk jeronimo@narf.org
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

***Attorneys for Defendant, Michael Black:***
Daniel G. Steele daniel.steele@usdoj.gov
U.S. Department of Justice
P. O. Box 663
Washington, DC 20044-0663
and
Robin Barkett Moore robin.moore@usdoj.gov
Office of the United States Attorney
301 N. Main Street, Suite 1200
Wichita, KS 67202-4812

***Attorney for Defendant, David Barfield:***
Christopher M. Grunewald chris.grunewald@ksag.org
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597

***Attorneys for Defendant Nemaha Brown Watershed Joint District #7:***
David M. Traster dtraster@foulston.com
Jay Fowler jfowler@foulston.com
Timothy B. Mustaine tmustaine@foulston.com
Daniel Bullard dbullard@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: 316-291-9725
Fax: 866-347-3138

/s/ *Amelia C. Holmes*
Amelia C. Holmes, Esq.
Kansas Bar #20346