Steven Carl Moore, Esq., Colorado Bar #9863
K. Jerome Gottschalk, Esq., New Mexico Bar #3799
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296
smoore@narf.org


Amelia C. Holmes, Esq.  Kansas Bar #20346
Kickapoo Tribal Legal Department
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

————————————————————————— )
                                                          )
KICKAPOO TRIBE OF INDIANS OF THE        )
KICKAPOO RESERVATION IN KANSAS,       )
                                                          )
        Plaintiff,                                   )
                                                          )          No. 06-2248 CM-DJW
                v.                                      )
                                                          )
MICHAEL BLACK, et al.                          )
                                                          )
        Defendants.                               )
————————————————————————— )


## KICKAPOO TRIBE'S REPLY TO THE NEMAHA BROWN WATERSHED DISTRICT"S
## RESPONSE TO THE TRIBE'S MOTION TO STRIKE

This Court should grant the Tribe's Motion to Strike. The District's four affidavits

contain inadmissible evidence in violation of D. Kan. R. 56.1 and Fed. R. Civ. P. 56(e), and the

District's statements of "uncontroverted facts" contain extensive legal argument which violate

the Court's rules against including legal argument in the facts section of the brief, as well as violating the Court's page limitation for briefs.

**I.      The District's Four Affidavits Do Not Comply With The Rules Because They Contain Inadmissible Evidence, And They Should Be Stricken Entirely.**

As a preliminary matter, the District claims that if this Court strikes their affidavits it should also strike Steve Cadue's Declaration. Unlike the District, the Tribe submitted a proper declaration based on the personal knowledge of Steve Cadue. Chairman Cadue's Declaration is not the "rambling and self-serving" document the District depicts. District Response to the Tribe's Motion to Strike (hereafter "Dist. Res.") at 2. Rather, his Declaration simply states his personal understanding and knowledge of events related to the Plum Creek Project. Further, ¶ 31 of the Declaration, referenced by the District, Dist. Res. at 2, merely refers to what Chairman Cadue knew about the parties' understandings, based on his own extensive interaction with the District Board. Chairman Cadue has been intimately involved in the Tribe's efforts to build the Plum Creek Project since the 1970s and has personal knowledge of all aspects of the matter before the Court.  The District's affidavits, on the other hand, include statements that purport to describe what the contract terms mean. More egregiously, the affidavits include out-of-court statements purportedly by SCS/NRCS employee Matt Sprick without any evidence to corroborate the quotes the District's affiants attribute to him.

The District also argues that its affidavits cannot be stricken because they only address the parties' intent when they entered the contract and do not attempt to alter the terms of the contract.  Dist. Res. at 3. The District claims that the affidavits prove that the Watershed Board did not want the eminent domain clause included in the contract, but this is parole evidence because the affiant's assertion directly contradicts the language of the contract itself. *Id*. at 2.

Further, in its original Memorandum in Support of its Motion for Summary Judgment, the District used the four affidavits in an attempt to prove what the parties agreed to. District Statement of Uncontroverted Facts ¶ 176-78. The District impermissibly attempts to use its affidavits to show what the District Board members understood the terms of the contract to be and what obligations those terms created. *Id.*  Under governing Kansas law, such statements are inadmissible to alter the express terms of an unambiguous contract. *Simon v. National Farmers Org. Inc.*, 250 Kan. 676, 679-80, 829 P.2d 884, 887-88 (1992)

However, assuming *arguendo* that the non-hearsay aspects of the affidavits only demonstrate the intent of the Board members, evidence of intent is also parole evidence and the District concedes that such evidence cannot be considered unless this Court finds that the contract is ambiguous. *See* Dist. Res. at 5-6 (*citing Souder v. Tri-County Refrigerator Co.*, 373 P.2d 155, 159-60 (Kan. 1962)). Therefore, if the contract is unambiguous, the affidavits must be stricken because they contain exclusively parole evidence. *See* Tribe's Memorandum in Support of Its Motion to Strike at 2-3 (*citing Am. Maplan Corp. v. Heilmayr*, 179 F.Supp.2d 1249, 1253 (D. Kan. 2002)).  Assuming *arguendo* that this Court finds the contract is ambiguous, and further that this Court does not strike the entire affidavits, this Court may only consider the evidence in the affidavits that help define the ambiguous terms of the contract, and not the inadmissible hearsay evidence.  *See* discussion, *infra*.

## II.    The Statements Of Matt Sprick Contained In The Davis And Heininger Affidavits Must Be Stricken Because They Are Offered For The Truth Of The Matter Asserted And Are Therefore Hearsay.

The Tribe applied the proper definition of hearsay to the District's affidavits, finding that Matt Sprick's purported statements were out-of-court statements offered for the truth of the matter asserted, Tribe's Mem. in Support of Its Motion to Strike at 3-4, because the District

offers them to prove that the 1994 Agreement never required the District to exercise eminent domain. *See e.g.* District Statement of Uncontroverted Facts ¶ 176-78. The District claims it merely offers Sprick's purported statement to show the effect it had on Board members' state-of-mind regarding the 1994 Agreement. District. Res. at 7. To support its claim, the District uses McCormick's on Evidence to define "effect on the listener," but then fails to apply that definition. Dist. Res. at 6-7. Instead the District merely concludes that writings offered as evidence of a contract are admissible. *Id.* Citations alone, without analysis, cannot address the real issue here, which is that the District offers these statements to show what the contract meant in terms of the District's obligation to use eminent domain as needed. *See e.g.* District Statement of Uncontroverted Facts ¶ 176-78.

In short, the District offered Sprick's alleged statement to prove the truth of the matter asserted. The District offers Sprick's alleged statement as evidence of the meaning of the terms the parties agreed to. *See e.g.* District Statement of Uncontroverted Facts ¶ 176-78. That is inadmissible hearsay.

Furthermore, there is no way to verify the truthfulness of Board members' "recollection" of Sprick's purported statement, because there is no independent corroborating evidence that Matt Sprick made this statement and, as the Tribe pointed out, there is in fact evidence that he would not have made such a statement. *See* Tribe's Mem. in Support of Its Motion to Strike at 4. Plus, Sprick's alleged statement is contradicted by emails and letters written by both Sprick and his supervisor, Harold Klaege. *See* Def. Ex. 213 221, 222. Even if, as the District argues, this Court only considers the out of-court statement as evidence of the effect it had on Davis and Heiniger, the statement cannot possibly be good evidence of what the Board members reasonably believed, because there is no independent evidence Sprick made such a statement, and

4

conversations Sprick had with the Tribe and the District prior to the 1994 Agreement being signed tend to contradict Sprick's purported statement. Tribe's Mem. in Support of Its Motion to Strike at 4(*citing* District Ex. 157). *See also* District Ex. 73 at 3, and 112. Finally the District could not reasonably rely on a non-attorney's opinion of the legal effect of a contract.

Therefore, this Court should find that Matt Sprick's purported statement is hearsay, because the District offered the statement for the truth of the matter asserted, and cannot be considered as evidence of what the parties agreed to or understood the terms to require. This Court should further find that Sprick's purported statement may not be considered for any other non-hearsay purpose as it is unreliable, and is controverted by other evidence in the record. *See Cox v. U.S.D. 255*, 428 F.Supp.2d 1171, 1176 (D. Kan. 2004) (finding summary judgment should be based on reliable evidence).

### III.   All Legal Argument In The District's Facts Sections Must Be Stricken In Order To Comply With The Rules And To Prevent The District From Abusing This Court's Page Limitations To Its Advantage.

The District included extensive legal argument in its original statement of facts, and although the District claims to cure these errors in its newest statement of facts, a brief reading of the District's submission uncovers blatant abuses of this Court's rules. The District has used its new statement of facts – in its current form expanded from the initial 80 pages to *well over 250 pages* – to continue its legal argumentation in contravention of this Court's rule respecting page limitations. *See e.g.* District Reply Statement of Uncontroverted Facts ¶¶ 23, 54, 69e, 97. This Court has repeatedly held that such legal argument in the facts section of a brief is unacceptable and should be stricken, or at the very least disregarded. *E.g., Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F.Supp.2d 1290, 1304 (D. Kan. 2007); *Mid-Continent Cabinetry, Inc. v. George Koch Sons, Inc*. No. 87–1248–C, 1991 WL 151074, at *2 (D.Kan. July 11, 1991).

The District's tactic of elaborating on its legal arguments in the statement of "uncontroverted" facts outside the 30-pages allotted for its briefs, forced the Tribe to respond in kind in its own statement of facts in order to comply with D. Kan. R. 56.1(b).  And now, in its most recent statement of uncontroverted facts, the District has piled further legal argument onto its prior violation creating more work for both the Tribe and this Court.

The District correctly states that this a complex case, with a lengthy history, District Res. at 8, but rather than distill those complex facts down to a manageable set of uncontroverted facts so the Tribe and Court could better understand the issues raised on summary judgment, the District chose to cloud the issues and expound on its legal arguments in its statement of facts. This is a simple end run around the page limitation, and the complexity of this case is no excuse as evidenced by the clear concise statement of facts the Tribe now places before this Court. *See* Tribe's Reply to the Watershed District's *De Facto* Response to the Tribe's Cross-Motion for Summary Judgment, Statement of Uncontroverted Facts, at 2-18.  The District's actions were unfair and in explicit violation of this Court's Rules, and therefore this Court should strike the District's entire legal argument in the facts section or at the very least disregard it.

### IV.    Conclusion

For the above stated reasons the Court should grant the Tribe's motion to strike.

Respectfully submitted this 10th day of May, 2013.

/s/ *Steven Carl Moore*_____
Steven Carl Moore, Esq.
K. Jerome Gottschalk, Esq.
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296

smoore@narf.org
jeronimo@narf.org

s/ *Amelia C. Holmes*
Amelia C. Holmes, Esq.
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com

*Attorneys for the Kickapoo Tribe in Kansas*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2013, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to the following:

*Attorneys for Plaintiff:*
Steven C. Moore smoore@narf.org
Kim J. Gottschalk jeronimo@narf.org
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

*Attorneys for Defendant, Michael Black:*
Daniel G. Steele daniel.steele@usdoj.gov
U.S. Department of Justice
P. O. Box 663
Washington, DC 20044-0663
and
Robin Barkett Moore robin.moore@usdoj.gov
Office of the United States Attorney
301 N. Main Street, Suite 1200
Wichita, KS 67202-4812

*Attorney for Defendant, David Barfield:*
Christopher M. Grunewald chris.grunewald@ksag.org
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597

*Attorneys for Defendant Nemaha Brown Watershed Joint District #7:*
David M. Traster dtraster@foulston.com
Jay Fowler jfowler@foulston.com
Timothy B. Mustaine tmustaine@foulston.com
Daniel Bullard dbullard@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: 316-291-9725
Fax: 866-347-3138

/s/ *Amelia C. Holmes*
Amelia C. Holmes, Esq.
Kansas Bar #20346