Steven Carl Moore, Esq., Colorado Bar #9863
K. Jerome Gottschalk, Esq., New Mexico Bar #3799
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296
smoore@narf.org


Amelia C. Holmes, Esq.  Kansas Bar #20346
Kickapoo Tribal Legal Department
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com


## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

_____
                                        )
KICKAPOO TRIBE OF INDIANS OF THE        )
KICKAPOO RESERVATION IN KANSAS,         )
                                        )
        Plaintiff,                      )
                                        )        No. 06-2248 CM-DJW
                v.                      )
                                        )
MICHAEL BLACK, et al.                   )
                                        )
        Defendants.                     )
_____)


## PLAINTIFF KICKAPOO TRIBE'S RESPONSE TO DEFENDANT NEMAHA BROWN WATERSHED DISTRICT'S MOTION TO STRIKE THE TRIBE'S CROSS-MOTION FOR SUMMARY JUDGMENT


**I.      Introduction.**

        The procedural history of this case is complex and unique. The Kickapoo Tribe ("Tribe")

and the Watershed District (hereinafter "the District") agreed to multiple discovery, expert

witness report, and dispositive motion deadlines over the last nine months as part of a Discovery Schedule, which this Court entered on August 21, 2012. (Doc. 217). At the time the District agreed to this schedule, it knew that it was running out of funds but decided not to exercise its taxing authority to raise funds for this litigation. The District remained silent until its coffers were empty in December 2012, and then filed a Motion to Stay Discovery, pending submission of a motion for summary judgment. (Doc. 244).  The District filed its Motion for Summary Judgment on January 16, 2013 (Doc. 247), and requested further stays of discovery deadlines until resolution of its Motion to Stay Discovery, all pending the Court's ruling on Summary Judgment. (Doc. 257).

Had the District been more transparent with the Tribe and this Court about its financial situation, the parties could have agreed in August of 2012, to a simultaneous summary judgment briefing schedule on the questions now before this Court. Instead, the District frustrated traditional notions of fairness and judicial efficiency by agreeing to a discovery schedule which required the Tribe to expend tens of thousands of dollars on expert reports - an expenditure that the District surreptitiously bypassed. The Tribe has long thought that this Court could resolve certain legal questions on summary judgment, having raised these issues in a partial motion for summary judgment in November of 2006 (Doc. 42), which the District opposed under Rule 56(f), and which the Court dismissed without prejudice (Docs. 54 and 98).

The Tribe filed a combined Response to the District's Motion for Summary Judgment and Cross-Motion for Summary Judgment to better frame the legal issues that can be resolved on summary judgment and to raise legal issues in its Cross-Motion that were not framed by the

District for resolution by this Court.[1] This Court should not strike the Tribe's Cross-Motion because it is procedurally appropriate and complies with D. Kan. R. 56. However, even if this Court were to find that the Cross-Motion does not strictly comply with D. Kan. R. 56, any violations are purely technical and this Court should consider the Cross-Motion in the interest of fairness and judicial efficiency. In addition the District has already in effect responded to the Tribe's Cross-Motion and judicial economy would be served by this Court proceeding to rule on the motions. In the alternative, this Court should allow the Tribe to re-file its Cross-Motion, so as to strictly comply with D. Kan. R. 56.

## II.   The Tribe Validly Filed Its Cross-Motion For Summary Judgment As A Combined Response And Cross-Motion For Summary Judgment.

As the District acknowledges, any party may file a Motion for Summary Judgment. CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2720 (2d ed. 1986); District Mem. in Supp. of Mot. to Strike the Tribe's Cross Mot. at 5 [hereinafter "District Mem."]. This rule often results in parties filing cross-motions for summary judgment on a set briefing schedule. *Id.* However, parties are not required to file cross-motions simultaneously, and a cross-motion can be filed after one party has filed a summary judgment motion. *See e.g., Cont'l Cas. Co. v. Multiservice Corp.*, No. 06–2256–CM, 2009 WL 1788421 at *2 (D.Kan. 2009) (combined response and cross-motion for summary judgment filed after a motion for summary judgment)  Kansas courts have acknowledged that combining a response and cross-motion is an acceptable way to structure such a pleading. *See, e.g., id.*; *In Re AC Rentals, Inc.*, No. WO–03–096, 2004 WL 1182254 at *2 (B.A.P. 10th Cir. 2004) (acknowledging a combined response and cross-motion); *Jameson v. Pack,* 815 F. Supp. 410,

---

[1] The Tribe's 42 U.S.C. §1981 claims cannot be decided until after the completion of pending discovery, presently before the Court on a motion to compel, and therefore those claims are not ripe for Summary Judgment.

412 (D.Kan. 1993). The Tribe has every right to cross-move for summary judgment in its favor, and it did so in order to frame the legal issues more clearly and comprehensively than the District did in its Motion for Summary Judgment.

### III.    The Tribe's Cross-Motion Meets The Requirements of D. Kan. R. 56.

The Tribe's Cross-Motion for Summary Judgment contains all of the elements that D. Kan. R. 56 requires. The District claims that the Tribe's statement of uncontroverted facts is insufficient because not every numbered statement of fact contains a citation as required by D. Kan. R. 56, and because the Tribe is required by D. Kan. R. 56.1 to submit a separate statement of uncontroverted facts to support its cross-motion. District Mem. at 4-6. These assertions simply are not correct. Each of the Tribe's statements of fact contains a citation or a reference to a document in the record, and D. Kan. R. 56.1 does not require the Tribe to submit a separate copy of its statement of facts for purposes of its cross-motion.

As an initial matter, the District's argument is misleading because many of the numbered paragraphs the District claims are un-cited paragraphs, (District Mem. at ¶5), reference the District's corresponding numbered statement, and merely contain further clarification regarding particular documents and fact statements the Tribe is not controverting. *See e.g.*, ¶¶ 72, 114, 118, 122-23, 128, 134, 168-69, 182, 187 and 207. Federal courts acknowledge that a response must only contain direct citations to the record when the party disagrees with a purported fact. *Barnes v. Nw. Iowa Health Ctr.*, 238 F.Supp.2d 1053, 1093 (N.D. Iowa 2002). Therefore, the Tribe's statements of fact meet the requirements of the rule, and certainly reference the documents with enough specificity to satisfy the purpose of D. Kan R. 56.

The Tribe's other numbered paragraphs, specifically those highlighted by the District, may lack citations to specific exhibits, but they reference documents that are easily found in the

4

record, or specifically reference legal arguments made in the District's own statement of uncontroverted facts. *E.g.* ¶¶ 90, 143-50, 163, 165, and 302. Further, the District includes multiple statements of "fact" that purport to state the Tribe's argument, but completely mischaracterize the Tribe's position, while citing to the Tribe's complaint. This tactic forced the Tribe to restate the correct construction of its argument, but the Tribe felt no need to cite its own complaint again when doing so. *E.g.* ¶¶ 86, 115. The Tribe felt it important to state its position regarding all these facts, because of this Court's Rule that facts which the non-moving party does not controvert can be considered admitted for purposes of summary judgment. *Fisher v. Univ. of Kansas Fac. Op.*, No. 10–4102–DJW, 2011 WL 5868349 at *1 (D.Kan. 2011). This Rule exists because, as the District points out, the Court is not responsible for "scour[ing] the record" for evidentiary support for parties' arguments. District Mem. at 4 (citing A*dler v. Walmart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998)).  However the Tribe's citations and references to the record indicate the documents that the Tribe relies upon, and would not require the Court to scour the record to find support for the statements. Any arguable deficiencies on the Tribe's part are merely technical and should not foreclose this Court from considering the Tribe's Cross-Motion.

In addition, the District's complaint overlooks the fact that the Tribe's fact summary synthesizes the Tribe's prior eighty pages of uncontroverted facts, which contain extensive, detailed citations to the record and do meet the requirements of D. Kan. R. 56. The Tribe does not represent the summary alone as its statement of uncontroverted facts, and is confident that when read in context as a summary of the eighty-page statement of uncontroverted facts, it only aids in the review of the memorandum as a whole. Alternatively, even if this Court finds the summary of uncontroverted facts technically insufficient, the conclusory statement of

uncontroverted facts submitted with the Tribe's Reply to the Watershed District's *De Facto* Response to the Tribe's Cross-Motion for Summary Judgment does contain the appropriate citations under D. Kan R. 56.  Further, the District argues that the Tribe should be required to submit a separate statement of uncontroverted facts, in spite of the fact that the Tribe's response to the District's statement of uncontroverted facts contains all the facts the Tribe relies on for its Cross-Motion. District Mem. at 5. The District cites a Montana Bankruptcy case requiring a "separate statement of uncontroverted facts." District Mem. at 7. However, the Montana Bankruptcy Court based its decision on the local Montana bankruptcy court rules, which specifically require a "separate statement". Bankr. D. Mont. R. 7056-1(a)(1), *see also In re Jarvar*, 422 B.R. 242, 247 (Bankr. D. Mont. 2009). The Kansas District Court Rules do not include language requiring a separate statement, and no published decision exists where Kansas courts did require such a separate statement.

In order to clarify its interpretation of the documentary evidence, the Tribe chose to respond to each of the District's statements of fact, rather than create a separate statement of facts for its Cross-Motion. The Tribe included all the facts it believes are uncontroverted in its response to the District's statement; submitting a duplicate of those facts would undermine judicial economy. "The purpose of summary judgment is to encourage judicial economy and to prevent unnecessary litigation." *Bichelmeyer Meats v. Atl. Ins. Co.*, 30 Kan. App. 2d 458, 463, 42 P.3d 1191, 1195 (2001); *see also Fisher*, 2011 WL 5868349 at *4 (stating summary judgment is "designed to secure the just, speedy and inexpensive determination of every action"). Kansas Courts frown on taking actions that are contrary to this principle. *E.g., Bichelmeyer Meats,* 30 Kan. App. 2d at 463. To further the goal of judicial economy, District Courts have great

"discretion in interpreting and applying local rules." *Delange v. Dutra Const. Co.*, Inc., 183 F.3d 916, 919 (9th Cir. 1999).

A statement of facts submitted with a cross-motion for summary judgment is generally sufficient to satisfy the requirement for a response to the other parties' statement of uncontroverted facts as long as all the arguments and factual disputes are clear. *E.g., Toy v. United States*, 263 F. Supp. 2d 1, 5 (D.D.C. 2002) (memorandum in support of cross-motion for summary judgment made the disputed issues clear); *United States v. Envicon Dev. Corp.*, 153 F. Supp. 2d 114, 118 (D. Conn. 2001) (statement of facts submitted with cross-motion was sufficient to meet requirements for opposition statement of facts). The Tribe's response to the District's statement of uncontroverted facts covers all the facts and arguments at issue. If the Tribe did produce a separate statement it would be a virtual reproduction of its response, without reference to the District's facts. When parties make virtually identical arguments in a cross-motion and response, this Court should not require two identical statements of fact. *See In re County of Orange*, 31 F. Supp. 2d 768, 786 (C.D. Cal. 1998). In a complex case like this, requiring a separate statement of fact supporting the Tribe's cross motion would only result in duplication of hundreds of pages of briefing for both sides, and, unnecessary confusion for this Court, its' staff, and the parties.

Likewise, the Tribe's arguments supporting its Cross-Motion are essentially the same as its arguments in response to the District's motion. It would be duplicative and wasteful to require the Tribe to reproduce an exact copy of its argument. *City of Waltham v. U.S. Postal Service*, 11 F.3d 235, 242-43 (1st Cir. 1993) (district court has authority to interpret its own local rules in nontechnical ways to avoid "non-sensical" results). Further, requiring the District to duplicate arguments already made in its reply does not contribute to judicial economy. Such a rigid

application of the Local Rules would result in two sets of identical documents, extra time and effort on the part of all parties, and needless effort and documentary review for this Court.

The District also asserts that this is merely the Tribe's attempt to get the "last word" and accuses the Tribe of pursuing this avenue on multiple occasions. District Mem, at 7.[2] The District's current position is a problem of its own making. Had the District given the Tribe the opportunity in August of 2012 to agree to a simultaneous summary judgment schedule on the contract and related questions, a joint briefing schedule could have been set and both parties could have simultaneously presented their arguments. Instead, the District chose to unilaterally file its motion for summary judgment. The Tribe had every right under the Rules to file its cross motion for summary judgment in order to frame the issues more clearly and comprehensively.

## IV. Alternatively, If This Court Finds That Specific Requirements Of D. Kan. R. 56 Are Not Met, Those Are Purely Technical Violations That This Court Can Disregard And/Or Order The Tribe To Remedy, Without Prejudice To The District.

Any arguable failure of the Tribe to satisfy the local rules was merely technical, because the Tribe has presented all of the uncontested facts and arguments it intends to present. *Amundsen v. Jones*, 533 F.3d 1192, 1197-98 (10th Cir. 2008) (a district court has discretion to accept plaintiff's version of the facts even when plaintiff did not provide a clear statement of fact with citations to the record). This Court has stricken responses to statements of uncontroverted facts, but not for minor deficiencies. *Dempsey v. City of Baldwin City, Kan.*, 333 F.Supp.2d 1055, 1059 (D.Kan. 2004) (allowing the plaintiff's own statement of facts to stand, even though the statement did not directly respond to the defendant's statement of facts, to the extent the plaintiff's statements fairly matched the defendant's facts).

---

[2] The District complains of the Tribe, on two occasions, filing surreply briefs, yet the Tribe was put in that position because the District raised entirely new issues in reply briefs.  *See* (Doc. 173) and (Doc. 252).  In neither instance did the Court deny the Tribe's motions to file surreply briefs.

This Court has stricken whole statements of fact for egregious violations of the Rule, such as when a party did not attempt to reply specifically to the movant's statement of uncontroverted facts, and instead presented a narrative with references occasionally interspersed. *Ransdell v. Continental Cas. Co.,* 2004 WL 1846218 at *1 (D.Kan. 2004). This Court has stricken statements of fact that contain "scandalous accusations which are irrelevant and not supported by record evidence." *Bolden v. City of Topeka*, 318 F.Supp.2d 1076, 1080 (D.Kan. 2004). This Court also struck large portions of a response to a statement of uncontroverted facts that was "cluttered with improper attorney argument and commentary as well as legal conclusions, none of which are 'facts.'" *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp*., 500 F.Supp.2d 1290, 1304 (D. Kan. 2007). The Tribe's response to the District's statement of uncontroverted facts, as well as any arguable technical failure to submit a duplicate statement of its facts and argument, do not rise to the level of these more severe violations, and therefore this Court should not strike it.

Federal courts have also recognized that a mere technical violation of the local rules is not prejudicial to the other party and should be ignored. *Barta v. Sears, Roebuck and Co.,* 307 F. Supp. 2d 773, 780 (E.D. Va. 2004) (stating the non-movant made it clear in its argument which facts it opposed.). Other courts have found that similar violations must be corrected and that parties should be allowed to correct such violations as long as no prejudice will result. *Ostroski v. Town of Southold*, 443 F. Supp. 2d 325, 332 (E.D.N.Y. 2006).

**V.     The District Has Already Responded to the Tribe's Cross-Motion.**

In responding to the Tribe's Response to the District's Motion for Summary Judgment, the District addressed all of the issues raised in the Tribe's Cross-Motion and the Tribe's Reply here is justifiably viewed as a reply to the District's response, thus putting all matters at issue for

summary judgment before this Court. This approach furthers judicial economy as the District has already responded to the issues raised in the Tribe's Cross-Motion for Summary Judgment.

## VI.    Conclusion.

The Tribe respectfully requests that this Court consider the Tribe's statement of facts and arguments sufficient to meet the standard for a cross-motion for summary judgment, or allow the Tribe to re-file its statement of uncontroverted facts and argument.[3] The Tribe further requests that this Court either treat the District's Summary Judgment Reply as the District's Response to the Tribe's Cross-Motion for Summary Judgment, or provide the District with a very limited period of time to respond to the Tribe's Cross-Motion, as it has already had many weeks to review and respond to the Tribe's arguments.  The Tribe would then file its reply.

Respectfully submitted this 10th day of May, 2013.


/s/ *Steven Carl Moore*_____
Steven Carl Moore, Esq.
K. Jerome Gottschalk, Esq.
**NATIVE AMERICAN RIGHTS FUND**
1506 Broadway
Boulder, Colorado 80302-6296
smoore@narf.org
jeronimo@narf.org

s/ *Amelia C. Holmes*_____
Amelia C. Holmes, Esq.
**KICKAPOO TRIBE IN KANSAS**
Post Office Box 110
1107 Goldfinch Road
Horton, Kansas 66439
holmesameliac@yahoo.com

*Attorneys for the Kickapoo Tribe in Kansas*

---

[3] As per the Court's Order dated April 11, 2013 (Doc. 274), the deadline for dispositive motions, originally set for May 3, 2013, has been indefinitely postponed.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2013, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to the following:

***Attorneys for Plaintiff:***
Steven C. Moore smoore@narf.org
Kim J. Gottschalk jeronimo@narf.org
Native American Rights Fund
1506 Broadway
Boulder, CO 80302

***Attorneys for Defendant, Michael Black:***
Daniel G. Steele daniel.steele@usdoj.gov
U.S. Department of Justice
P. O. Box 663
Washington, DC 20044-0663
and
Robin Barkett Moore robin.moore@usdoj.gov
Office of the United States Attorney
301 N. Main Street, Suite 1200
Wichita, KS 67202-4812

***Attorney for Defendant, David Barfield:***
Christopher M. Grunewald chris.grunewald@ksag.org
Office of the Attorney General
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612-1597

***Attorneys for Defendant Nemaha Brown Watershed Joint District #7:***
David M. Traster dtraster@foulston.com
Jay Fowler jfowler@foulston.com
Timothy B. Mustaine tmustaine@foulston.com
Daniel Bullard dbullard@foulston.com
FOULSTON SIEFKIN LLP
1551 N. Waterfront Parkway, Suite 100
Wichita, Kansas 67206-4466
Telephone: 316-291-9725
Fax: 866-347-3138

/s/ *Amelia C. Holmes*
Amelia C. Holmes, Esq.
Kansas Bar #20346

11