UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KICKAPOO TRIBE OF INDIANS OF THE KICKAPOO RESERVATION IN KANSAS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 06-CV-2248-CM-DJW |
| NEMAHA BROWN WATERSHED JOINT DISTRICT NO. 7, et al., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant's Motion to Stay Discovery (ECF No. 244). Defendant, Nemaha Brown Watershed Joint District No. 7, ("District") seeks a stay of discovery relating to Counts V and VI of Plaintiff's Second Amended Complaint (ECF No. 199) pending a ruling on its Motion for Summary Judgment (ECF No. 247). Because the District has established that a stay is appropriate, the Court concludes that the Motion should be granted.

**I. Background**

The District's pending Motion for Summary Judgment, in essence, argues that the District was not contractually obligated to condemn land for the benefit of the Plaintiff, Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas ("Tribe"). The District asserts that its Motion for Summary Judgment is likely to be granted, which would resolve all of the Tribe's claims against it, including Counts V and VI. Should this occur, the District states that the discovery at issue would no longer be necessary. Consequently, the District posits, both parties' interests would be served by staying discovery which will likely prove to be unnecessary and wasteful.

The District also argues in its Motion to Stay Discovery that it lacks the necessary resources to both defend the instant litigation and meet certain statutory duties such as maintaining existing floodwater retarding structures. It initially predicted that 2013 tax distributions would be insufficient to fund the current litigation, so the District placed a hold on all new watershed projects in an effort to divert money

1

to litigation costs. In its Reply (ECF No. 249), the District diligently updated the Court—instead of receiving $70,000 in revenue during 2013, the District will likely receive approximately $150,000. Nonetheless, it maintains that the financial burden of litigation remains too great.

The Tribe argues in its Response in Opposition (ECF No. 246) that staying discovery creates a hardship for the Tribe because it has retained a number of experts whom have prepared lengthy reports in preparation of litigation, which could have been avoided had the District moved for a stay of discovery earlier. The Tribe suggests that the District purposefully delayed disclosing its financial condition in order to "see the Tribe's hand," and that the District is "feign[ing]" a "financial crisis" to hide relevant discovery from the Tribe.[1] Second, the Tribe argues that the District's alleged financial burden is not as great as it claims considering its taxing authority under Kansas law. In doing so, the Tribe asserts that the District knew of pending litigation expenses and "intentionally chose to bury its collective head in the sand."[2] The theme of the Tribe's arguments is that the District continues to engage in "gamesmanship," which precludes it from a stay of discovery.

**II. Standards for Ruling on a Motion to Stay Discovery.**

Stemming from its authority over its docket, a court has broad discretion in determining whether to grant a motion to stay discovery.[3] Generally, discovery will not be stayed merely because there are dispositive motions pending.[4] The party seeking a stay must demonstrate "a clear case of hardship or

---

[1] *See* Pl.'s Resp. in Opp'n to Def.'s Mot. to Stay Disc. (ECF No. 199) at 7.

[2] *Id.* at 11.

[3] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Schwarz v. F.B.I.*, 161 F.3d 18 (10th Cir. 1998) ("This court will not overturn the district court's exercise of its broad discretion to manage the scope of discovery absent 'a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.' ") (unpublished table decision).

[4] *Mayberry v. E.P.A.*, 06-2575-CM-DJW, 2008 WL 104208 at *1 (D. Kan. Jan. 9, 2008); *Semsroth v. City of Wichita*, 06-2376 KHV-DJW, 2007 WL 2287814 at *1 (D. Kan. Aug. 7, 2007); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990).

inequity if even a fair possibility exists that the stay would damage another party."[5] A court in the District of Kansas, nonetheless, has the discretion to grant a stay where: "(1) the case is likely to be finally concluded via a dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; or (3) discovery on all issues posed by the complaint would be wasteful and burdensome."[6] Courts in this District generally do not favor stays when they are opposed because it impedes a party's right to judicial proceedings.[7] But this Court will stay discovery in the proper circumstances.[8] A court must allow a party opposing the stay of discovery "sufficient opportunity to develop a factual base for defending against a dispositive motion."[9]

**III. Discussion**

Here, the Court finds no merit in the Tribe's claim of "gamesmanship" on the part of the District. Rather, the proper focus is on whether the District has demonstrated at least one of the three bases articulated above that would weigh in favor of a stay.[10] First, as to the likelihood of the pending Motion for Summary Judgment fully concluding the case, the Court is unable to determine whether the Motion for Summary Judgment is likely to be successful. Further, even if the Motion is granted, the Court cannot determine whether this would resolve the Tribe's entire case against the District.

---

[5] *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citing *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000)); *Hachmeister v. Kline*, 12-3263-SAC, 2013 WL 1092875 at *1 (D. Kan. Feb. 20, 2013).

[6] *Fleming v. Commerce Bank, NA*, 08-2226-CM-DJW, 2008 WL 4758606 at *1 (D. Kan. Oct. 27, 2008); *Mayberry v. E.P.A.*, 06-2575-CM-DJW, 2008 WL 104208 at *1 (D. Kan. Jan. 9, 2008).

[7] *Yeahquo v. City of Lawrence*, 07-4097-RDR, 2007 WL 3046538 at *1 (D. Kan. Oct. 17, 2007).

[8] *Roadbuilders Mach. Supply Co., Inc. v. Sennebogen, Inc.*, 11-2681-KHV, 2012 WL 1253265 at *3 (D. Kan. Apr. 13, 2012); *Howse v. Atkinson*, 04-2341-GTV-DJW, 2005 WL 994572 at *2 (D. Kan. Apr. 27, 2005); *Dahl v. City of Overland Park*, 02-2036-JAR, 2002 WL 1634805 at *1 (D. Kan. July 8, 2002); *Collins v. Johnson Cnty., Kan.*, 01-2227-JWL, 2001 WL 1155295 at *1 (D. Kan. Aug. 14, 2001).

[9] *Kutilek*, 132 F.R.D. at 298.

[10] *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080.

As to the second factor, the Court finds that the discovery at issue does not affect the ruling on the Motion for Summary Judgment. At this point, the parties have fully briefed the Motion, since the Tribe has filed its Response (ECF No. 266) and the District has filed its Reply (ECF No. 276). As a result, staying further discovery as to Counts V and VI would not affect the resolution of the Motion for Summary Judgment. Stated another way, granting a stay would not preclude the Tribe's ability to defend against the Motion for Summary Judgment.

The Court also finds that additional discovery would likely be wasteful and burdensome. At heart, the District argues that this litigation, ongoing for nearly seven years, is simply too expensive to warrant further discovery until its Motion for Summary Judgment is resolved. The Court is aware of the high cost of litigation, and even considering the District's increased projected tax revenues, agrees that the particular circumstances here warrant a stay of discovery.

The Court does not find a fair possibility that a temporary stay of discovery will damage the Tribe. The Tribe makes one argument regarding the potential for damage caused by a stay—that it has spent considerable resources retaining experts as to the issue of damages, and the District delayed moving for a stay until late in the discovery process. The Court does not see how a stay would so damage the Tribe. The Motion for Summary Judgment was timely filed, prior to the dispositive motion deadline of May 3, 2013, and the Motion for Stay is based primarily on the Motion for Summary Judgment. If a stay is granted and the Motion for Summary Judgment does not resolve all of the Tribe's claims against the District, then the case will resume and the Tribe's efforts to retain experts regarding damages may still have utility. Conversely, if the Motion for Summary Judgment resolves the entire case in favor of the District, then the Tribe's efforts as to damages will no longer have use, regardless of whether a stay is granted or not.

In sum, the Court finds that the District has met its burden of showing that two of the three factors to be considered favor granting a stay of discovery. First, the discovery at issue will not affect the pending Motion for Summary Judgment. In addition, the potential burden and wastefulness of further discovery, in light of the pending Motion for Summary Judgment, weighs in favor of a stay. The Court

4

also does not find the possibility of damage to the Tribe due to a stay. Accordingly, the District's Motion to Stay Discovery should be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Discovery (ECF No. 244) is hereby granted. All discovery in this action is stayed until Defendant's Motion for Summary Judgment (ECF No. 247) is resolved.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of July, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
