# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KICKAPOO TRIBE OF INDIANS OF THE** )
**KICKAPOO RESERVATION IN KANSAS,** )
)
        **Plaintiff,** )
)
**v.** )
)   Case No. 06-2248-CM
)
**MICHAEL BLACK, et al.,** )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

On January 16, 2013, defendant Nemaha Brown Watershed Joint District No. 7 ("defendant") filed a motion for summary judgment (Doc. 247). Plaintiff Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas ("plaintiff") filed its response (Doc. 266) and defendant filed its reply (Doc. 276). On the same day plaintiff filed its response, it also filed a cross motion for summary judgment (Doc. 267). Plaintiff did not provide any statement of material facts or argument in support of its cross motion. Instead, plaintiff offered the facts and arguments in its response to defendant's motion for summary judgment in support of its cross motion. Plaintiff later filed a reply to its cross motion for summary judgment (Doc. 284), stating that defendant had made a "de facto" response to plaintiff's cross motion for summary judgment when defendant filed a reply to its own summary judgment motion.

This matter is before the court on two motions to strike, one filed by defendant to strike plaintiff's cross motion for summary judgment (Doc. 278) and one filed by plaintiff to strike four affidavits attached to defendant's memorandum in support of its motion for summary judgment and

-1-

statements made in defendant's statement of uncontroverted facts in the memorandum (Doc. 268). These motions are discussed in turn.

## Defendant's Motion to Strike (Doc. 278)

Defendant argues that plaintiff has not complied with Federal Rules of Civil Procedure 56(a), 56(c), 56(e), and Local Rule 56.1 in the formatting or substance of its cross motion. Defendant argues that many of plaintiff's responses to defendant's statement of uncontroverted facts do not contain any reference to any document from the record as required by Local Rule 56.1(b)(1) and that other assertions are unsupported by the record. Further, defendant argues that plaintiff's response/cross motion contains no distinct section in which it provides an asserted statement of uncontroverted facts in support of its cross motion, making it impossible to tell where plaintiff's alleged facts in response to defendant's motion end, and where the facts in support of plaintiff's cross motion begin.

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The standard is the same and each party must meet its burden when parties file cross motions for summary judgment. *Kan. Penn Gaming, LLC v. HV Properties of Kan., LLC*, 727 F. Supp. 2d 1100, 1104 (D. Kan. 2010). Under Local Rule 56.1(a), a party must include in its memorandum or brief in support of its motion for summary judgment a concise statement of material facts as to which the movant contends no genuine issue exists. These facts must be numbered and must cite to specific portions of the record. Local Rule 56.1(a).

The court agrees that plaintiff's unorthodox approach of combining its response to defendant's motion for summary judgment and its cross motion for summary judgment makes it extremely difficult for both defendant and the court to determine which facts and arguments support plaintiff's cross motion for summary judgment. The court also agrees that plaintiff's approach prevents defendant

from filing a cogent response to plaintiff's motion. Further, plaintiff fails to cite to specific portions of the record on a number of its responses attempting to controvert defendant's original statement of facts. It is not the duty of the court to search the record to find support for plaintiff's arguments. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("If the rule were otherwise, the workload of the district courts would be insurmountable and summary judgment would rarely be granted.").

Because of the above-described deficiencies, the court denies plaintiff's cross motion for summary judgment without prejudice. Plaintiff may refile a cross motion for summary judgment **on or before August 9, 2013, that complies with Federal Rule of Civil Procedure 56, Local Rule 56.1, and all other applicable rules.** A response and a reply may be filed within the time constraints contained in Local Rule 6.1(d).

Defendant's motion to strike also asks the court to strike certain portions of plaintiff's response to defendant's motion for summary judgment for failure to cite to the record as required by Federal Rule of Civil Procedure 56(c) and Local Rule 56.1. Plaintiff has also filed a motion to strike asking the court to strike certain arguments and statements made by defendant in its statement of uncontroverted facts for failure to cite to the record. The court will treat both situations the same—the court declines to strike the noncompliant portions and instead will simply disregard them. *See RMD, LLC v. Nitto Americas, Inc.*, No. 09-2056-JAR, 2012 WL 1033542, at *2 (D. Kan. Mar. 27, 2012) (noting that the court typically declines to strike a response to a motion for summary judgment that does not comply with Local Rule 56.1 or Rule 56(c) and instead disregards the portions that do not comply).

For these reasons, the court denies defendant's motion to strike. Plaintiff's cross motion for summary judgment is denied without prejudice. In addition, the court will disregard any portions of

plaintiff's response to defendant's motion for summary judgment that do not comply with Local Rule 56.1 or Rule 56(c).

**Plaintiff's Motion to Strike (Doc. 268)**

Plaintiff moves to strike the four affidavits attached to defendant's memorandum in support of its motion for summary judgment and statements made in the "statement of uncontroverted facts" section of defendant's memorandum. Plaintiff argues that the court should strike the affidavits because they: (1) contain inadmissible parol evidence, and (2) contain hearsay statements.

In this case, both parties agree that the Watershed Plan ("Plan") is unambiguous, although each asserts that the Plan stands for opposite results. It is the province of the court to determine whether the Plan is ambiguous. *See Claytor v. Computer Assocs. Int'l, Inc.*, 262 F. Supp. 2d 1188, 1196 (D. Kan. 2003). Both parties agree that if the court determines that the Plan is unambiguous, then the court must ascertain the parties' intent from the four corners of the document, without reference to extrinsic or parol evidence. *See Simon v. Nat'l Farmers Org., Inc.*, 829 P.2d 884, 887–88 (Kan. 1992). However, if the court determines that the Plan is ambiguous, parol evidence is admissible to ascertain the intent of the parties. *Souder v. Tri-County Refrigeration Co.*, 373 P.2d 155, 159–60 (Kan. 1962). Thus, if the court determines that the Plan is ambiguous, the court may then consider the affidavits.

Plaintiff also argues that two of the affidavits contain hearsay statements and are thus inadmissible. Defendant contends that the statements are nonhearsay because they are not offered for the truth of the matter asserted, and that the statements are only offered to show the state of mind of the affiants. The court need not rule whether the affidavits contain hearsay statements at this time. If the court determines that the Plan is ambiguous, and thus considers the affidavits, it will not consider any hearsay statements in the affidavits—if they exist.

Finally, plaintiff's motion asks the court to strike portions of defendant's statement of uncontroverted facts in its memorandum because they include legal argument and conclusions and are not supported by the record. In defendant's response, it states that it has withdrawn several of the disputed facts in its reply brief. As to the remaining disputed facts, the court will treat this situation just as it did above—the court declines to strike the noncompliant portions and instead will simply disregard them. *See RMD*, 2012 WL 1033542, at *2.[1]

For these reasons, the court denies plaintiff's motion to strike. If the court determines that the Plan is ambiguous, the court will consider the admissible portions of the affidavits submitted by defendant in support of its motion for summary judgment. The court will disregard any portions of defendant's statement of uncontroverted facts that do not comply with Local Rule 56.1 or Rule 56(c).

As a final note, the court is disappointed with the behavior of the parties in this case. Finger pointing and gamesmanship have no place in federal court. In addition, the court notes that plaintiff's response to defendant's motion to strike contains several citations to cases that do not stand for the stated proposition. And plaintiff's filing of a reply to defendant's "de facto" response was not well-taken by the court. This case just celebrated its seven-year anniversary on the court's docket. Instead of aiding the court in the just, speedy, and inexpensive resolution of this case, the parties have unnecessarily prolonged a decision from this court by requiring it to expend time, effort, and resources to address the issues described above. Had plaintiff filed a cross motion for summary judgment that complied with federal and local rules, and had both parties properly cited to the record in their respective briefs, the court likely would not have had to address the motions to strike or set a new

---

[1] The court does not agree with plaintiff's argument that this is unfair because defendant has used its statement of uncontroverted facts to contravene the court's page limitation without leave of court. Instead, both parties have acknowledged the complex factual background of this case, and both parties have filed lengthy briefs containing background information and facts to assist the court in understanding this complex background. There is no evidence that defendant has used its statement of uncontroverted facts section to contravene the court's page limitations.

briefing schedule for plaintiff's cross motion. Both parties are reminded of their duty to strictly adhere to both the federal and local rules and to treat each other and this court with respect. The court will tolerate nothing less.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 278) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Cross Motion for Summary Judgment (Doc. 267) is denied without prejudice. Plaintiff may refile a cross motion for summary judgment **on or before August 9, 2013, that complies with Federal Rule of Civil Procedure 56, Local Rule 56.1, and all other applicable rules.** A response and a reply may be filed within the time constraints contained in Local Rule 6.1(d).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Memorandum in Support of Motion (Doc. 268) is denied.

Dated this 26th day of July, 2013, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**