UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KICKAPOO TRIBE OF INDIANS OF THE
KICKAPOO RESERVATION IN KANSAS,

        Plaintiff,

vs.

        Case No. 06-CV-2248-CM-DJW

NEMAHA BROWN WATERSHED JOINT
DISTRICT NO. 7, et al.,

        Defendants.

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Compel Defendant's Responses to Discovery (ECF No. 229). Plaintiff, Kickapoo Tribe of Indians of the Kickapoo Reservation in Kansas ("Tribe"), requests an order compelling Defendant, Nemaha Brown Watershed Joint District No. 7 ("District"), to produce documents responsive to the Tribe's Rule 34 Request for Production of Documents on Counts Five and Six of the Tribe's Second Amended Complaint and compelling the District to produce and permit inspection of all computers by technical forensic recovery experts as requested in the Tribe's Rule 34 Request for Inspection of Computers or Other Electronic Equipment. For the following reasons, the Court concludes that the Motion should be granted in part and denied in part.

**I.    Background**

In this matter, the Tribe filed its original Complaint against multiple defendants in 2006 seeking declaratory relief, injunctive relief, compensatory damages, and specific performance regarding its water rights as to the Upper Delaware River and Tributaries Watershed in Kansas. The Tribe's original claims against the District are based on the 1994 Watershed Agreement, which the Tribe alleges obligated the District to exercise its eminent domain power to condemn

lands.[1]  The Tribe would then purchase the condemned lands to build a dam and reservoir called the Plum Creek Project.[2]

From February of 2007 through January of 2012, prior to the service of the discovery requests at issue here, the Tribe served five separate requests for production of documents and ESI on the District and/or its Board members.[3]  The District and/or its Board members served responses and supplemental responses to all of these discovery requests from March of 2007 through April of 2012.[4]  No motions to compel discovery were filed by the Tribe as to any of these discovery responses.  As a result, by failing to timely move to compel under D. Kan. Rule 37.1(b), the Tribe waived its objections to the discovery responses served by the District and/or its Board members through April of 2012.

On June 22, 2012, the Tribe filed its Second Amended Complaint (ECF No. 199), adding Counts 5 and 6 to its action.  In Count 5, the Tribe alleges the District violated the Tribe's constitutional rights.[5]  Specifically, the Tribe contends that the "adoption of illegal policy under color of state law" by the District has impaired the Tribe's contract rights in violation of Article 1 § 10 of the U.S. Constitution.[6]  Count 6 alleges violation of the Tribe's rights under 42 U.S.C. § 1981 by the District's adoption of an "illegal and discriminatory policy motivated by racial animus under color of state law" which impairs the Tribe's rights to make and enforce contracts and to enjoy the benefits of a contractual relationship.[7]

---

[1] Second Am. Compl. (ECF No. 199) at 13-14; Def.'s Mem. Supp. (ECF No. 206) at 2.
[2] *Id*.
[3] Notices of Service (ECF Nos. 77, 84, 87, 96, and 156).
[4] Notices of Service (ECF Nos. 81, 90, 92, 95, 99, 165, 177, and 179).
[5] Second Am. Compl. (ECF No. 199) at 43.
[6] *Id*.
[7] *Id.* at 43- 44.

At the time the Tribe filed its Second Amended Complaint, the deadline for the completion of all discovery was June 30, 2012.[8] Thereafter, on August 22, 2012, on the Tribe's motion, the Court extended the deadline for discovery "on issues relating to the two new counts" to March 29, 2013.[9] As a result, discovery was extended as to the new Counts 5 and 6, but remained closed on issues related to all other claims as of the original deadline of June 30, 2012.

On August 6, 2012, the Tribe served on the District its Rule 34 Request for Production of Documents on Counts Five and Six of the Tribe's Second Amended Complaint, as well as its Rule 34 Request for Inspection of Computers or Other Electronic Equipment Containing Electronically Stored Information on Counts Five and Six of the Tribe's Second Amended Complaint.[10] The District served its responses to those requests via email on September 10, 2012.[11] This was followed by the exchange of letters between the parties on September 14, September 20, and October 5, 2012 in an effort to resolve their disputes pursuant to D. Kan. Rule 37.2.[12] The Tribe asserts that the District's responses do not comply with the Federal Rules of Civil Procedure, and asks the Court to overrule the District's objections. The Tribe alleges that the District has not produced all responsive documents, despite the District's assertions to the contrary. Thus, the Tribe requests an order compelling the District to produce documents responsive to Requests for Production ("RFPs") 131-145 and 147-149. The Tribe also seeks an order compelling the District to produce and permit the inspection by technical forensic recovery experts of all computers or other electronic equipment containing ESI.

---

[8] Sched. Order (ECF No. 153) at 4.
[9] Sched. Order (ECF No. 217) at 3.
[10] Notice of Service (ECF No. 215).
[11] Notice of Service (ECF No. 222).
[12] Pl.'s Mem. Supp. (ECF No. 230) at 2, 26.

## II. The District's Global Objections to the Tribe's Discovery Requests

In its Response to the Motion to Compel, the District reasserts four objections as to all or most of the RFPs at issue. First, the District objects that it "cannot compel former members of the Board of Directors, former staff, or former employees to produce documents that are in their possession but that are not in the possession of the Watershed District itself."[13] Second, the District objects that the present RFPs are duplicative of the Tribe's discovery requests as to Counts 1-4 of the Tribe's original complaint, for which discovery is closed. Third, the District objects that the RFPs are "broadly worded and could include communications between attorneys and clients and attorney work product."[14] Lastly, the District asserts that all documents have already been produced. The Court shall address these four objections as follows as to all RFPs to which they are raised.

### A. Objection as to Former Board Members, Staff, and Employees

The District objects to RFPs 131-137, 139-140, 141, 142, 143-145, 147, and 148-149 on the basis that it "cannot compel former members of the Board of Directors, former staff, or former employees to produce documents that are in their possession but that are not in the possession of the Watershed District itself."[15] The District argues that it does not have the duty or ability to compel production of documents from persons no longer associated with the District that are not parties to this action. The District believes that this is an attempt to shift the burden of discovery as to third parties from the Tribe to the District. The Tribe asserts that the Kansas Government Records Preservation Act (GRPA)[16] obligates the District to maintain records

---

[13] Def.'s Resp. Req. Produc. Docs. (ECF No. 237-1) at 2.
[14] *Id.* at 3.
[15] *Id.* at 2.
[16] K.S.A. §§ 45-401--45-414 (2012).

4

produced by its employees. The Tribe also asserts that the Kansas Open Records Act (KORA)[17] obligates the District to make its records available to the public. Further, the Tribe argues that if the District failed to meet these obligations, then it must take steps to obtain the documents that it failed to maintain and make available.

The Court rejects the Tribe's argument. The relevant question here is not whether the District has a duty under GRPA and/or KORA to retrieve responsive documents that may be in the possession of former Board members, staff, or employees. Rather, the relevant question is whether the District has "possession, custody, or control" of the documents requested by the Tribe under Fed. R. Civ. P. 34(a)(1). Documents are deemed to be within the possession, custody or control under Rule 34 "if the party has actual possession, custody or control or has the legal right to obtain the documents on demand."[18]

The party seeking the production of documents bears the burden of proving that the opposing party has the control required under Rule 34.[19] Here, the Court finds the Tribe has not met its burden of proving the District has the necessary control of the documents requested. The Tribe has not shown that the District has the legal right to obtain the documents requested on demand from former District Board members, staff, or employees. Neither GRPA nor KORA contain any provision granting government agencies, such as the District, the authority to retrieve documents not in their possession, custody or control. Also, the Tribe has cited no authority holding that GRPA or KORA obligate a government agency to retrieve items that are not in their possession, custody or control pursuant to a request for production under Rule 34. The fact that Kansas state law requires the District to maintain certain records and make those

---

[17] K.S.A. §§ 45-215--45-223 (2012).
[18] *Wardrip v. Hart*, 934 F. Supp. 1282, 1286 (D. Kan. 1996)(citing *Nat'l Union Fire Ins. Co., P.A. v. Midland Bancor*, 159 F.R.D. 562, 566 (D. Kan. 1992)).
[19] *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 653 (D. Kan. 2004)(citing *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970)).

records available to the public does not render the District's objection that it does not have the requisite possession, custody, or control invalid. Furthermore, the Court notes that the District states that it is attempting to respond to the Tribe's RFPs by asking its former Board members, staff, and employees to voluntarily produce any responsive items they may have in their possession. The District's objection that it cannot compel former members of its Board of Directors, former staff, or former employees to produce documents that are in their possession but are not in the possession of the District itself is therefore sustained.

### B. Objection as Duplicative

The District also objects to RFPs 131-137, 147, and 148-149 as needlessly duplicative. The District argues that these RFPs are identical to the Tribe's previous discovery requests made regarding Counts 1-4 of the original Complaint. The Tribe asserts that the RFPs properly seek information on the new Counts 5-6.

Fed. R. Civ. P. 26(b)(2)(C) places limits on discovery when "the discovery sought is unreasonably cumulative or duplicative."[20] As the party resisting the discovery based on such an assertion, the District has the burden to show facts justifying its objection.[21] Here, the District asserts the RFPs are not related to Counts 5-6 as added by the Second Amended Complaint, but instead are related to Counts 1-4, which were in the original Complaint and were the subject of the Tribe's earlier discovery requests. The District further asserts it has already produced all responsive documents pursuant to the Tribe's previous discovery requests as to Counts 1-4.

The District has failed to show how RFPs 131-137, 147, and 148-149 are unreasonably cumulative or duplicative. Without the specific prior discovery requests which the District

---

[20] Fed. R. Civ. P. 26(b)(2)(C)(i).
[21] *P.S. & C.S. v. Farm, Inc.*, No. 07-CV-2210-JWL, 2009 U.S. Dist. LEXIS 30290, at *19 (D. Kan. Apr. 6, 2009)(citing *Spieker v. Quest Cherokee, LLC*, No. 07-1225-EFM, 2008 U.S. Dist. LEXIS 88103 at *12 (D. Kan. Oct. 30, 2008)).

believes the present RFPs duplicate, the Court cannot determine whether the present RFPs are, in fact, unreasonably duplicative of prior discovery requests. The District's objection to the RFPs as unreasonably duplicative is therefore overruled. The Court will not require the District to reproduce documents already produced to the Tribe in this matter, as such a *reproduction* would be unnecessarily duplicative. The District shall produce any new or additional responsive documents in its possession, custody, or control as yet unproduced which are not privileged or protected, but may refer to its previous responses to the Tribe's earlier discovery requests regarding documents already produced, so as to respond comprehensively to the present RFPs.

    **C.    Objection that RFPs Could Include Attorney-Client Privileged Communications and Attorney Work Product**

The District objects to RFPs 131-137, 138, 139, 143-145, and 148-149 on the basis that they are "broadly worded and could include communications between attorneys and clients and attorney work product."[22] The Tribe argues that this objection is insufficient, as a detailed privilege log is required to show the documents are either privileged or protected. In its Response to the Motion, the District states that it was not asserting a privilege as to new responsive documents withheld, but rather reserving its right to assert the privilege in the future, should any new responsive privileged documents be discovered.

The party resisting discovery bears the burden of establishing all the essential elements of the asserted privileges to the individual documents it has withheld under a claim of privilege.[23] Pursuant to Fed. R. Civ. P. 26(b)(5)(A), a party claiming that documents are either privileged or protected as trial-preparation material must do so expressly and must describe the

---

[22] Def.'s Resp. Req. Produc. Docs. (ECF No. 237-1) at 3-5.
[23] *Peat Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984); *Nat'l Union Fire Ins. Co. v. Midland Bancor, Inc.*, 159 F.R.D. 562, 567 (D. Kan. 1994).

documents in a manner that allows the court "to assess the claim."[24] This District has held that "if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived."[25]

Here, the District did not produce any privilege log. In its Response, it asserts that it objected to the RFPs as possibly including attorney-client privileged communications not because it was claiming privilege as to new documents it had reviewed and withheld from production, but rather because it was merely reserving its right to assert privilege if it discovered responsive but privileged documents in the future. By "new" documents, it appears the District means documents created or discovered subsequent to the District's responses served from 2007 through April of 2012 to the Tribe's previous discovery requests. Thus, to the extent that the District has located "new" documents but is withholding those documents as privileged or protected, the District must produce a privilege log listing all responsive documents withheld as either attorney-client privileged or attorney work product. The privilege log should include all "new" responsive documents in the possession, custody, or control of the District that were reviewed but withheld as privileged or protected as of September 10, 2012, the date the District served its responses and objections, and were not previously addressed by the District in its previous responses to the Tribe's earlier discovery.

D. **Assertion that All Documents Have Been Produced**

The District states in response to RFPs 131-137, 138, and 143-145 that "all documents . . . in the possession of the Watershed District or its current Board Members have already been produced."[26] Ordinarily, "a response that a party has no additional responsive documents

---

[24] Fed. R. Civ. P. 26(b)(5)(A).
[25] *In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005)(citing *Emplrs. Reinsurance Corp. v. Clarendon Nat'l Ins. Co.*, 213 F.R.D. 422, 428 (D. Kan. 2003)).
[26] Def.'s Resp. Req. Produc. Docs. (ECF No. 237-1) at 3.

suggests judicial involvement is unnecessary."[27] The Tribe argues, however, that the District has not produced all responsive documents. In support, the Tribe points to documents produced by a third party that the Tribe claims the District should have produced. Specifically, it refers to documents produced by the Kansas Farm Bureau (KFB) in response to a Rule 45 subpoena. The Tribe asserts that these subpoenaed documents include copies of four email strands between KFB staff and the District's board members or their family members, as well as portions of the KFB's privilege log dated April 4, 2012, which lists several e-mails and notes of telephone calls with the District's board members. Further, the Tribe states that the District did not produce these documents in response to the current RFPs, nor has the District provided a privilege log covering said documents.

The District argues that, contrary to the Tribe's claim that it has not produced all responsive documents, the KFB documents do not show that the District has failed to produce or withheld any responsive documents. First, the District explains that the four email strands attached to the Tribe's Motion are neither to nor from a District Board member, Rodney Lierz, but instead are either to or from his wife, Linda Lierz, who is not a Board member, staff, or employee of the District. The District also explains that some, but not all, of the documents from 2006 or earlier in the KFB privilege log were emails to or from Board member Lierz's wife, and as such, were not produced in the District's Rule 26 disclosures. Further, the District explains that the five log entries from 2011 addressed to or from the email address "rllierz@rainbowtel.net" were all emails either to or from Board member Lierz's wife. Lastly, the District asserts that Roger Ploeger, the only other Board member referred to in the KFB privilege log, has already produced all responsive KFB documents in his possession.

---

[27] *Shoemake v. McCormick*, No. 10-2514-RDR, 2011 U.S. Dist. LEXIS 131736, at *5 (D. Kan. Nov. 15, 2011).

The Court finds that the four email strands attached to the Tribe's Motion are either to or from the personal email account of Linda Lierz, not Board member Rodney Lierz. As a result, the email strands are not responsive to the Tribe's RFPs. As for the KFB privilege log, the Tribe has provided eleven pages of the log containing forty-six entries dated from 2003 to 2012, which refer to documents, electronic documents, and emails involving either Roger Ploeger or either Rodney or Linda Lierz. The Tribe has not identified which specific items in the log it believes are responsive to the current RFPs but were not produced. It does state that "documents relevant to this point are highlighted thereon,"[28] but no such highlighting is visible. The District again explains that the relevant items in the log related to the "rllierz@rainbowtel.net" email address were determined to be emails either to or from Linda Lierz, and as a result were not produced as they were non-responsive. The Court accepts this explanation that the emails at issue were from Linda Lierz and not Board member Rodney Lierz, which explains why they were not produced. The District further states that all relevant items in the possession of Roger Ploeger have been obtained and will be produced if responsive. This Court finds that this is consistent with the entries in the log related to Mr. Ploeger, the bulk of which appear to be "Irvin handwritten notes memorializing conversation with Roger Ploeger."[29] As these are KFB attorney Irvin's handwritten notes of his conversations with Mr. Ploeger, the Court does not see how Mr. Ploeger would have these notes in his possession for production. The Court therefore finds that none of the documents subpoenaed from third parties offered by the Tribe refute the District's assertion that all documents have been produced.

---

[28] Pl's Mot. To Compel (ECF No. 230) at 11.
[29] *Id*. at 48-52.

### III. The District's Objections as to Specific RFPs

As to RFPs 138, 139-140, 141, and 142, the District raises a specific objection to each RFP, which the Court shall address as follows:

#### A. RFP 138: Objection as Beyond the Scope of Allowed Discovery

RFP 138 seeks documents "relating in any manner to the testimony of the possible witnesses identified in the District's Preliminary Witness and Exhibit Disclosures, filed on May 30, 2012."[30] The District objects to this RFP as beyond the scope of allowed discovery, arguing that it seeks documents related to Counts 1-4 and not Counts 5-6. The Tribe responds that the RFP seeks information related to Counts 5-6 and not 1-4.

The Court finds that the District's objection should be sustained. RFP 138 seeks documents specifically related to the testimony of witnesses identified by the District in its Preliminary Witness and Exhibit Disclosures as of May 30, 2012. On that date, the Tribe's Second Amended Complaint adding Counts 5-6 had not yet been filed. Thus, the District's identified witnesses and their testimony as of May 30, 2012 were relevant to Counts 1-4 only. Further, discovery as to Counts 1-4 closed on June 30, 2012. As a result this RFP falls outside the scope of discovery as extended for Counts 5-6 only. The Court concludes that the Motion to Compel should therefore be denied as to RFP 138.

#### B. RFPs 139-140: Objection as to Characterization of Public Comments as Testimony

RFP 139 seeks documents "relating to the decision of the District Board to hold the Board's March 22, 2011 public meeting at which public testimony was taken on the proposed Interim Settlement Agreement."[31] RFP No. 140 seeks documents "relating to the decision of the

---

[30] Def.'s Resp. Req. Produc. Docs. (ECF No. 237-1) at 5.
[31] Id. at 7.

District Board to have law enforcement present at the Board's March 22, 2011 public meeting at which public testimony was taken on the proposed Interim Settlement Agreement."[32]

The District objects to both RFPs' characterization of the public comments made at the public meeting as "testimony" to the extent that this term implies that the public comments were made under oath. In its Motion, the Tribe responds that it used the term "testimony" as a synonym for public comment and was not implying that any comments were made under oath. Based on the Tribe's clarification, the Court finds that the term "testimony" as used in RFPs 139 and 140 does not mean that any public comments at issue were made under oath. The District's objection is therefore sustained as to the meaning of the word "testimony" as used in RFPs 139 and 140.

### C. RFP 141: Assertion that the District is Unaware of Its Decisions to Have Law Enforcement Present at Board Meetings

The Tribe's RFP 141 requests that the District produce documents "relating to the decision of the District Board to have law enforcement at any of the Board's meetings between January 2003 and the present date."[33] To this RFP, the District states that it is unaware of any such decisions. The Tribe responds that the District's statement that it is unaware of any such decisions is non-responsive and not made in good faith.

The Court finds that the District's assertion that it is unaware of any decisions to have law enforcement present at Board meetings is non-responsive. The Court notes that the District now states in its Response that no such materials have been located but that it will revisit this RFP with its Board members in search of responsive materials. As a result, the Court concludes that as to responsive documents in its possession, custody, or control, the Motion should be granted as to RFP 141.

---

[32] *Id*. at 9.
[33] *Id*. at 10.

D. **RFP 142: Objection to Use of the Word "Quell"**

The Tribe's RFP 142 requests that the District produce documents "relating to Mr. Domina's attempt to 'quell' any racially motivated comments at the outset of the March 22, 2011 public meeting."[34] The District objects to the RFP's "characterization of Mr. Domina's comments as an attempt to quell any racially motivated comments" and also questions why the word is in quotation marks in the RFP. The Tribe asserts that the District previously used the word "quell" in this context in its Brief in Opposition to the Tribe's Motion to File its Second Amended Complaint, and the Tribe is using the word in the same manner.

The District further states that there are no documents responsive to this RFP, and the Tribe did not address this assertion in its Motion. As a result, the Court finds that it need not address the District's objection to the use of the word quell, as there are no responsive documents in any event.

IV. **The Request for Inspection of Computers**

The Tribe has also moved the Court to order forensic mirror imaging of computers and other electronic devices personally owned by current and former District Board members, employees, and staff. More specifically, the Tribe requests all personal notes, emails, text messages, meeting records, phone logs, documents, and all other materials of any kind requested in RFPs 131-145 and 147-149 or related to the 1994 Watershed Agreement, the Plum Creek Project, eminent domain, and the Tribe or its members, in native electronic format and available for copying from computer hard drives, including computers owned personally, from the District, its current or former Board members, and its current and former staff and/or employees. The Tribe believes that this relief is necessary, arguing that the District's previous responses to

---

[34] *Id*. at 11.

earlier discovery are incomplete and inconsistent, suggesting that responsive materials are being withheld.

The District responds that it has already obtained and produced forensic mirror images of the hard drives of the two computers owned by the District. The District argues that the forensic mirror imaging of computers personally owned by current and former District Board members, employees, and staff would constitute a significant invasion of privacy unlikely to result in the discovery of responsive or relevant items. Also, the District argues that the request lacks proportionality between the burden to the District and the benefit to be gained by the Tribe.

In its Reply, the Tribe argues that the privacy concerns can be addressed through search protocol and, if necessary, protective orders. Further, the Tribe states the request is not disproportionate or unduly burdensome and the potential benefit to the Tribe is large.

Rule 34(a) allows a party to request that another party "produce and permit the requesting party . . . to inspect, copy, test, or sample . . . electronically stored information."[35] The advisory committee notes to the 2006 amendment to Rule 34(a) state that inspection of a responding party's hard drive is not routine, but might be justified in some circumstances:

> Inspection or testing of certain types of electronically stored information or of a responding party's electronic information system may raise issues of confidentiality or privacy. The addition of testing and sampling to Rule 34(a) with regard to documents and electronically stored information is not meant to create a routine right of direct access to a party's electronic information system, although such access might be justified in some circumstances. Courts should guard against undue intrusiveness resulting from inspecting or testing such systems.[36]

---

[35] Fed. R. Civ. P. 34(a)(1)(A).
[36] Fed. R. Civ. P. 34(a) advisory committee notes to 2006 amendment.

14

This District has previously allowed the forensic imaging of computer hard drives during civil discovery.[37] In none of these cases, however, did the court allow the inspection of the personally owned computers of employees of the responding party. In addition, in each of these cases, the court found very specific circumstances to justify the inspection. In *Graceland*, the court did not actually order mirror imaging, but instead ordered a limited inspection of specifically identified work computers owned by the responding party that were used to create a specific document, for the limited purpose of determining the exact creation date of the document.[38] In *Monarch*, a wrongful disclosure case, the court ordered mirror imaging of a specific computer owned but discarded by the defendant, which contained confidential medical information and formed the basis for the plaintiffs' claims.[39] In *Balboa*, a copyright infringement case, the court ordered mirror imaging of all of the computers owned by the defendants, finding that the computers were at the heart of the plaintiff's claims that the defendants illegally downloaded copyrighted material, and that both defendants were engaged in the business at issue and used their computers for specifically-identified business purposes.[40] In *Jacobson*, an employment discrimination case, the court ordered the mirror imaging of the work computer of plaintiff's immediate supervisor, as he was the main decision-maker in plaintiff's termination and his work computer was not initially searched for documents responsive to earlier discovery requests.[41] A similar situation was presented in *Robinson*, another employment case,

---

[37] *See White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2009 U.S. Dist. LEXIS 22068, at *25-26 (D. Kan., Mar. 18, 2009); *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 648 (D. Kan. 2007); *Balboa Threadworks, Inc. v. Stucky*, No. 05-1157-JTM-DWB, 2006 U.S. Dist. LEXIS 29265, at *12 (D. Kan., Mar. 24, 2006); *Jacobson v. Starbucks Coffee Co.*, No. 05-1338-JTM, 2006 U.S. Dist. LEXIS 98174, at *21-22 (D. Kan. Oct. 31, 2006); *Robinson v. City of Arkansas City*, No. 10-1431-JAR-GLR, 2012 U.S. Dist. LEXIS 23806, at *64; (D. Kan. Feb. 24, 2012).
[38] *Graceland*, 2009 U.S. Dist. LEXIS 22068, at *25-26.
[39] *Monarch*, 239 F.R.D. at 643.
[40] *Balboa*, 2006 U.S. Dist. LEXIS 29265, at *12.
[41] *Jacobson*, 2006 U.S. Dist. LEXIS 98174, at *5.

wherein the court ordered mirror imaging of two work computers that were used by plaintiff's supervisor but were not searched for responsive documents pursuant to a discovery request.[42]

Here, the Court finds that Plaintiff has not shown circumstances sufficient to justify the forensic mirror imaging of computers personally owned by current and former District Board members, employees, and staff. First, as to the personally-owned computers of former District Board members, employees, and staff, as discussed previously in Section II(A), the District does not have possession, custody or control of the computers and electronic equipment of its former Board members, employees, and staff. As a result, the District cannot be compelled to produce these items for inspection under Rule 34. Further, as to the personally-owned computers of current Board members, employees, and staff, the Court finds the same, that the District does not have possession, custody, or control of these items. In addition, the Tribe has not shown beyond speculation that any personally-owned computers of current Board members, employees, and staff were used by those persons for District business. Per the discussion in Section II(D), the Court does not find that the third-party discovery presented by the Tribe shows that any personal computers were used for District business.

In addition, the Court has significant concerns regarding the intrusiveness of the request and the privacy rights of the individuals to be affected. In contrast to the circumstances set forth in the prior cases in which forensic imaging was permitted in this District, in this case the Tribe has made a broad, non-specific request to inspect all personally-owned computers of all current and former Board members, staff and employees of the District. Although the Tribe argues that the third-party discovery it presented suggests that there may be responsive materials as yet undisclosed on the personally-owned computers, as discussed previously, the Court finds otherwise. Absent circumstances rising above the Tribe's speculation, the Court does not find

---

[42] *Robinson*, 2012 U.S. Dist. LEXIS 23806, at *59-65.

justification for the Tribe's broad, non-specific request to inspect that outweigh the privacy concerns of the individuals affected. The Court must therefore deny the request for forensic mirror imaging of computers and other electronic devices personally owned by current and former District Board members, employees, and staff.

**V.     Expenses**

Pursuant to Fed. R. Civ. P. 37(a)(5)(C), when a motion to compel is granted in part and denied in part, "the court … may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Neither party has requested an award of expenses, and under the circumstances, the Court concludes that it is appropriate for the parties to bear their own expenses related to the Motion.

**IT IS THEREFORE ORDERED** that the Tribe's Motion to Compel Defendant's Responses to Discovery (ECF No. 229) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that, as to RFPs 131-137, 147, and 148-149, the District is ordered to produce any and all responsive items in its possession, custody, or control that were withheld as duplicative. If an item has already been produced to the Tribe pursuant to a prior discovery request, however, the District may refer to their previous response to the Tribe's earlier discovery request. Due to the stay of discovery entered on July 23, 2013, the District's responses are due within thirty days after the District's Motion for Summary Judgement (ECF No. 247) is resolved.

**IT IS FURTHER ORDERED** that, as to RFPs 131-137, 139, 143-145, and 148-149, the District must produce a privilege log listing all responsive documents withheld as either attorney-client privileged or attorney work product. The privilege log should include all "new" responsive documents in the possession, custody, or control of the District that were reviewed

but withheld as privileged or protected as of September 10, 2012, the date the District served its responses and objections, and were not previously addressed by the District in its previous responses to the Tribe's earlier discovery. Due to the stay of discovery entered on July 23, 2013, the District's responses are due within thirty days after the District's Motion for Summary Judgement (ECF No. 247) is resolved.

**IT IS FURTHER ORDERED** that, as to RFP 141, the District is ordered to produce any and all responsive items in its possession, custody, or control. Due to the stay of discovery entered on July 23, 2013, the District's response is due within thirty days after the District's Motion for Summary Judgement (ECF No. 247) is resolved.

**IT IS FURTHER ORDERED** that all remaining relief requested in the Motion to Compel Defendant's Responses to Discovery (ECF No. 229) is denied.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses related to the Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 23rd day of September, 2013.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge
